```
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
```

*Counsel for Lead Plaintiffs*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Master Case No.: 3:20-cv-05949-VC |
| | <u>CLASS ACTION</u> |
| | Hon. Vince Chhabria |
| This Document Relates to:<br>　　ALL ACTIONS | **JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Orders dated December 15, 2020 (ECF No. 79), May 19, 2021 (ECF No. 134), and December 8, 2021 (ECF No. 180), counsel for the parties met and conferred on January 5, 2022 and thereafter and now respectfully submit this Joint Rule 26(f) Report and [Proposed] Case Management Plan.

## I.   JURISDICTION AND VENUE

On August 9, 2021, Lead Plaintiffs filed their Corrected First Amended Consolidated Class Action Complaint (ECF No. 149) ("FAC") asserting claims arising under Section 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), 78t(a), and 78t-1 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5). The FAC alleges that this Court has subject matter jurisdiction over this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331. The FAC further alleges that venue is proper in this District pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) and (c). At all relevant times, Vaxart, Inc. ("Vaxart") was headquartered and conducted business in this District at 385 Oyster Point Boulevard, Suite 9A, South San Francisco, California 94080. In addition, the FAC alleges that many of the acts charged herein, including the alleged preparation and dissemination of allegedly materially false and misleading information, substantially occurred in this District. All Defendants have been served with the FAC.

## II.   FACTS

**A.   Plaintiffs' Allegations**

Lead Plaintiffs Wei Huang and Langdon Elliot ("Plaintiffs") allege that Vaxart and individual defendants Steven J. Boyd ("Boyd"), Keith Maher ("Maher"), Cezar Andrei Floroiu ("Floroiu"), Wouter W. Latour ("Latour"), Robert A. Yedid ("Yedid"), Todd C. Davis ("Davis"), Michael J. Finney ("Finney"), and Sean N. Tucker ("Tucker") (collectively, the "Individual Defendants," and together with Vaxart, the "Defendants") knowingly made false and misleading statements to investors to artificially inflate Vaxart's common stock price and extract hundreds of millions of dollars from ordinary Vaxart shareholders. Plaintiffs purport to bring claims on behalf of a putative class of Vaxart shareholders (the "Class").

**B.     Defendants' Response**

Defendants deny any wrongdoing and dispute Plaintiffs' allegations, including that any of the allegations give rise to any claim against the Defendants.

### III.     LEGAL ISSUES

The principal legal issues currently in dispute between Plaintiffs and Defendants include:

- whether certain public statements allegedly made by Vaxart and the Individual Defendants during the Class Period were materially false or misleading or omitted material facts necessary to make the statements not misleading;

- whether Vaxart and the Individual Defendants made the alleged statements and/or omissions with scienter;

- whether Plaintiffs and members of the Class reasonably relied on the alleged statements and/or omissions;

- whether the alleged statements and/or omissions caused losses to Plaintiffs and members of the Class;

- whether the Individual Defendants "made" the alleged statements and/or omissions;

- whether the Individual Defendants acted as controlling persons of Vaxart for purposes of Section 20(a) of the Exchange Act;

- whether Plaintiffs and members of the Class sustained damages caused by the alleged statements and/or omissions, and, if so, the proper measure of damages; and

- whether this action should be certified as a class action pursuant to Fed. R. Civ. P. 23, and the composition of the certified class.

### IV.     MOTIONS

**A.     Pending Motions**

There are no pending motions at this time.

**B.     Anticipated Motions**

Plaintiffs intend to file a motion for class certification. Depending on what facts are uncovered during fact and expert discovery, Plaintiffs and Defendants may file motions for summary judgment, which may also involve *Daubert* motions.

### V. AMENDMENT OF PLEADINGS

In the Court's December 22, 2021 Order granting in part and denying in part Defendants' motions to dismiss, the Court gave Plaintiffs 21 days to add "additional facts suggesting that Armistice can be held liable for the misstatements identified in this order or that Armistice engaged in an actionable scheme to manipulate Vaxart's stock price." Additionally, the Court ruled that "if the plaintiffs conclude that they do not currently have additional facts that would allow them to state a claim against Armistice, and if such facts are later revealed through discovery as to the Vaxart defendants, the plaintiffs may seek leave to add Armistice as a defendant." Thereafter, Plaintiffs informed Defendants that they did not intend to amend at this point and reserved the right to amend should additional facts be revealed through discovery.

The parties agree Plaintiffs may seek to amend the pleadings to re-allege Armistice's liability under the Exchange Act § 20(a) and/or 20A at any time prior to the amendment cutoff noted immediately below and may also seek to allege such 20A claims against Steven J. Boyd and Keith Maher during the same period, given that, according to Plaintiffs, they would be doing so within that section's five-year statute of limitations. *See* 15 U.S. Code § 78t–1(b)(4).

At this time, neither party expects persons or entities other than those referenced above in this section to be added as parties, and neither party expects claims or defenses to be voluntarily dismissed. After a reasonable time for discovery, the parties may add or drop parties, claims, or defenses.

Plaintiffs believe the appropriate deadline for seeking leave to amend the complaint should be two weeks after the close of discovery. Defendants believe the appropriate deadline should be the same as the deadline for motions on class certification.

### VI. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Further, the parties confirm that they met and conferred on May 10, 2021 and thereafter pursuant to Fed. R. Civ. P. 26(f) regarding the reasonable and proportionate steps they have taken to preserve evidence relevant to the issues reasonably evident in this action.

The parties have complied, and will continue to comply, with the provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") related to evidence preservation, 15 U.S.C.

§ 78u-4(b)(3)(C)(i).

## VII. DISCLOSURES

The parties will stipulate to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) by February 25, 2022.

## VIII. DISCOVERY

**A. Discovery Taken to Date**

No discovery has been taken to date.

**B. Scope of Anticipate Discovery**

Plaintiffs anticipate that the scope of discovery will include document requests, interrogatories, requests for admission, and depositions.

**C. Limitations or Modifications to Discovery Rules**

The parties do not yet know whether any modifications are necessary but reserve the right to request modifications, including an increase to the number of permitted depositions, as discovery proceeds.

**D. Stipulated E-Discovery Order**

Plaintiffs are drafting a Stipulated E-Discovery Order, which they will send to Defendants. The parties agree to meet and confer in good faith concerning a stipulated e-discovery order.

**E. Proposed Discovery Plan**

The parties agree, with exceptions noted, to the discovery plan set forth in the schedule in Section XVI below.

**F. Identified Discovery Disputes**

There are no discovery disputes at this time. Initial discovery requests have not yet been exchanged.

## IX. CLASS ACTIONS

**A.** Plaintiffs contend that this action is maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**B.** Plaintiffs bring this action on behalf of Plaintiffs and the Class, which Plaintiffs contend consists of all persons and entities that purchased or otherwise acquired Vaxart common stock between

1  June 15, 2020 and August 19, 2020, inclusive, and that were damaged thereby. Excluded from the
2  Class are Defendants; the officers and directors of the Company, at all relevant times; members of
3  their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in
4  which any of the Defendants have or had a controlling interest.

5        **C.**    Plaintiffs contend that they are entitled to maintain this action as a class action pursuant
6  to Fed. R. Civ. P. 23(a) and (b)(3) based on the following facts:

7       •    Plaintiffs believe that the members of the Class are so numerous that joinder of
8  all members is impractical, if not impossible. Plaintiffs believe that the Class consists
9  of thousands of members and that these members are geographically dispersed.

10       •    Plaintiffs contend that there are questions of law and fact common to all
11  members of the Class, including without limitation: (i) whether the statements made by
12  Defendants to the investing public during the Class Period were false or misleading or
13  omitted material facts necessary to make the statements not misleading; (ii) whether the
14  alleged false or misleading statements made by Defendants were material; and (iii)
15  whether Defendants made the alleged false or misleading statements with scienter.

16       •    Plaintiffs contend that their claims are typical of the claims of the Class because
17  all members of the Class were similarly affected by Defendants' wrongful conduct.

18       •    Plaintiffs contend that they are adequate representatives of the Class because
19  Plaintiffs' claims are typical of those of the Class, and Plaintiffs have the same interest
20  in the litigation of the case as the other Class members. Plaintiffs are committed to the
21  vigorous prosecution of this case and have retained competent counsel that is
22  experienced in litigating large, complex class actions of this nature.

23       •    Plaintiffs contend questions of law and fact that are common to all Class
24  members predominate over questions affecting only individual members. In particular,
25  Plaintiffs believe that they will establish that Vaxart stock traded in an efficient market
26  during the Class Period, enabling the Class to invoke the fraud-on-the-market
27  presumption of reliance. Plaintiffs contend that a presumption of reliance is also
28

JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - 5
Master Case No.: 3:20-cv-05949-VC

available for Defendants' material omissions in accordance with Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128 (1972).

- Plaintiffs believe that a class action is superior to other means of deciding this controversy. Should separate actions be brought by each member of the Class, Plaintiffs contend that the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.

**D.** At this time, Defendants deny that this lawsuit should proceed as a class action and reserve their right to oppose any motion for class certification accordingly. Defendants also dispute Plaintiffs' alleged class period. In light of the Court's December 22, 2021 Order, Defendants contend that the class period should, at a minimum, be limited to June 25, 2020 to July 25, 2020. Plaintiffs believe that is an issue to be reserved for class certification.

## X. RELATED CASES

There is only one related securities fraud class action: *Chan v. Vaxart et al.* Case No. 3.21-cv-00163. This Court stayed that case pursuant to the stipulation of the parties in that case on March 12, 2021. There are also two derivative lawsuits that are not related but may be relevant:

- *Ennis, et al. v. Latour, et al.*, San Mateo Superior Court Case No. 20-CIV-03253; and
- *In re Vaxart, Inc. Stockholder Litigation*, Delaware Chancery Court Consol. C.A. No. 2020-0767 (PAF).

## XI. RELIEF

Plaintiffs seek monetary damages for themselves and the Class as set forth in the FAC. The amount of damages sought will be calculated by an expert and disclosed consistent with the requirements of Fed. R. Civ. P. 26. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004) ("'[P]roof of damages in securities cases is always difficult and invariably requires expert testimony[.]'") (citation omitted).

Defendants deny that Plaintiffs are entitled to any of their requested relief. At this time, Defendants have not brought any counterclaims and do not seek any relief.

## XII. SETTLEMENT AND ADR

The parties have met and conferred regarding available ADR processes, as required by ADR LR 3-5. The parties believe private mediation will be the most helpful to the parties' settlement efforts. The parties agree to begin their mediation efforts in April 2022 and have begun discussions regarding who will mediate and what information need be exchanged before the parties can negotiate a resolution.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to having a Magistrate Judge conduct all further proceedings.

## XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiffs believe it is premature at this time, before the commencement of any discovery, to identify any issues that can be narrowed by agreement.

Defendants believe that the issues in this case have already been narrowed by the Court's December 21, 2021 Order in that (i) the only alleged statements and/or omissions at issue involve Vaxart's press releases dated June 25, 2020 and June 26, 2020; (ii) the only relevant alleged corrective disclosure is the New York Times article on July 25, 2020, and the Department of Health and Human Services's subsequent tweet; and (iii) the only remaining claims are pursuant to Rule 10b-5(b) and Section 20(a).

## XVI. EXPEDITED TRIAL PROCEDURE

Due to the complex nature of this case, the parties do not believe that the case can be handled on the expedited basis with streamlined procedure set forth in General Order No. 64.

## XVII. SCHEDULING

| EVENT | DATE |
|---|---|
| Initial Disclosures | February 25, 2022 |
| *Initial Requests for Production of Documents | February 25, 2022 |
| Answer | February 2, 2022 |

JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - 7
Master Case No.: 3:20-cv-05949-VC

| | |
|---|---|
| Confidentiality Order and ESI Protocol Submitted to the Court for Approval by | February 18, 2022 |
| *Mediation | April 2022 |
| Class Certification Motion (including expert reports, if any) | August 15, 2022 |
| Class Certification Opposition (including expert reports, if any) | October 15, 2022 |
| Class Certification Reply (including supporting rebuttal expert reports, if any) | November 15, 2022 |
| Class Certification Hearing | December 1, 2022, or alternate date set by the Court |
| *Substantial Completion of Document Discovery | August 1, 2022 |
| *Fact Discovery Cut-Off | January 31, 2023 |
| Final Day to Seek Leave to Amend Pleadings | Defendants: August 15, 2022<br>Plaintiffs: February 13, 2023 |
| *Merits Expert Designations and Reports (if any) | March 10, 2023 |
| *Rebuttal Expert Reports (if any) | April 10, 2023 |
| *Expert Discovery Cut-Off | June 23, 2023 |
| Summary Judgment and Daubert Motions | August 31, 2023 |
| Oppositions to Summary Judgment and Daubert Motions | October 16, 2023 |
| Replies in Support of Summary Judgment and Daubert Motions | November 15, 2023 |
| Hearing on Summary Judgment Motions | December 6, 2023, or alternate date set by the Court |
| Pretrial Conference | February 26, 2024 |
| Jury Selection | February 29, 2024 |
| Trial | March 5, 2024 |

\* Indicates interim discovery deadlines that may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date ordered by the Court.

## XVIII.   TRIAL

Plaintiffs have demanded a jury trial. The parties estimate that the trial will last approximately two weeks.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed previously, at the onset of this case, the required certifications of interested entities or persons required by Civil Local Rule 3-15. Plaintiffs represent that there is no person or entity that is funding the prosecution of any claim other than Plaintiffs' counsel's agreement to advance all costs of the litigation on behalf of the putative Class.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

The parties are not aware of other matters that may facilitate the just, speedy, and inexpensive determination of this action.

Dated: January 19, 2022                               Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

 /s/ Reed R. Kathrein
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steven W. Berman (*pro hac vice* forthcoming)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Raffi Melanson (*pro hac vice* forthcoming)
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (708) 628-4966
Facsimile:  (708) 628-4950
raffim@hbsslaw.com

**BAKER BOTTS LLP**

 /s/ Jonathan A. Shapiro
Jonathan A. Shapiro (257199)
Karan Singh Dhadialla (296313)
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile:  (415) 291-6300
jonathan.shapiro@bakerbotts.com
karan.dhadialla@bakerbotts.com

**THOMPSON HINE LLP**
Riccardo DeBari (admitted *pro hac vice*)
Renee Zaytsev (admitted *pro hac vice*)
335 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 344-5680
Facsimile:  (212) 344-6101
riccardo.debari@thompsonhine.com
renee.zaytsev@thompsonhine.com

*Counsel for Defendants Vaxart, Inc., Cezar Andrei Floroiu, Wouter W. Latour, M.D., Todd C. Davis, Michael J. Finney, Robert A. Yedid, Sean N. Tucker, and Margaret A. Echerd*

*Lead Counsel*

– and –

| | |
|---|---|
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>John T. Jasnoch (281605)<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br>Facsimile:  (619) 233-0508<br>jjasnoch@scott-scott.com | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br><br>*/s/ Neal R. Marder*<br>Neal R. Marder (126879)<br>Joshua A. Rubin (308421)<br>Sina Safvati (313287)<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1000<br>Facsimile:  (310) 229-1001 |
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>William C. Fredericks (admitted *pro hac vice*)<br>Heather H. Volik (admitted *pro hac vice*)<br>Jeffrey P. Jacobson (admitted *pro hac vice*)<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 233-6444<br>Facsimile:  (212) 233-6334<br>wfredericks@scott-scott.com<br>hvolik@scott-scott.com<br>jjacobson@scott-scott.com | nmarder@akingump.com<br>rubinj@akingump.com<br>ssafvati@akingump.com<br><br>*Counsel for Defendants Steven J. Boyd, and Keith Maher, M.D.* |

**THE SCHALL LAW FIRM**
Brian J. Schall (290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel*

JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - 10
Master Case No.: 3:20-cv-05949-VC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Reed R. Kathrein, am the ECF User whose identification and password are being used to file this JOINT RULE 26(f) REPORT AND CASE MANAGEMENT PLAN. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: January 19, 2022                    By:    */s/ Reed R. Kathrein*
                                                  REED R. KATHREIN