**AKIN GUMP STRAUSS HAUER & FELD LLP**
NEAL R. MARDER (SBN 126879)
JOSHUA A. RUBIN (SBN 308421)
SINA SAFVATI (SBN 313287)
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Email: nmarder@akingump.com
        rubinj@akingump.com
        ssafvati@akingump.com
Telephone:     310.229.1000
Facsimile:     310.229.1001

Attorneys for Defendants
STEVEN J. BOYD and
KEITH MAHER, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br>                  Answering Defendants.<br><br>*This Document Relates to:*<br><br>*ALL ACTIONS* | Lead Case No. 3:20-cv-05949-VC<br><br>Honorable Vince Chhabria<br><br>**DEFENDANTS STEVEN J. BOYD AND KEITH MAHER, M.D.'S ANSWER TO PLAINTIFFS' CORRECTED FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u> |

## ANSWER TO CORRECTED FIRST AMENDED CONSOLIDATED
## CLASS ACTION COMPLAINT

Defendants Stephen J. Boyd and Keith Maher, M.D. ("Answering Defendants") hereby answer the numbered paragraphs of the Corrected First Amended Consolidated Class Action Complaint ("CCAC") [Dkt. 149] filed by Plaintiffs ("Plaintiffs") as set forth below.

## INTRODUCTORY STATEMENT

On December 22, 2021 the Court issued an Order (Dkt. No. 182) in which it dismissed all claims against Armistice Capital, LLC ("Armistice").  Plaintiffs did not amend their complaint following the dismissal of the action against Armistice, so certain legacy allegations against Armistice remain in the CCAC, but are no longer operative.  Thus, no response is required to allegations that relate exclusively to claims against Armistice.  While Boyd and Maher remain Defendants in this action, they do so in their role as directors of Defendant Vaxart.  (Dkt. No. 182 at 16.)

The CCAC contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument.  Many of the CCAC's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the CCAC are denied unless expressly and specifically admitted.  Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the CCAC as a whole.  For ease of reference, section headings and sub-headings from the CCAC have been copied into this Answer.  No response to these headings is required, but to the extent a response is required, Boyd and Maher deny them.

Unless otherwise noted, Boyd and Maher deny knowledge or information sufficient to form a belief as to the truth of any allegation relating to any other entity, any other Defendants, or any other person.  Boyd and Maher further respectfully submit that the CCAC contains numerous purported allegations that constitute legal conclusions.  Boyd and Maher are not required to respond to legal conclusions in their Answer, but to the extent a response is required, Boyd and Maher deny such allegations, unless otherwise stated.

Boyd and Maher further respectfully submit that the tables and unnumbered paragraphs used in the CCAC do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Boyd and Maher, any such allegations are denied.  The CCAC contains numerous purported allegations that Vaxart's quarterly and annual filings with the U.S. Securities and Exchange Commission ("SEC"), registration statements, offering documents, and related materials were materially false or misleading.  To the extent such purported allegations constitute legal conclusions, no response is required.  To the extent a response is required, Boyd and Maher deny such allegations.

The CCAC contains multiple references to purported descriptions and/or summaries of, and purported quotations from, various documents, including SEC filings and press releases.  In appropriate cases, Boyd and Maher respectfully refer the Court to the relevant documents for a description of their contents without admitting the truth, completeness, or accuracy thereof or the admissibility of those documents.  Where defined terms are used in the CCAC, they are repeated in the Answer and Defenses for ease of reference, except where otherwise defined herein.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

### I.  NATURE OF THE ACTION

1.      No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent that a response is required from Answering Defendants, Answering Defendants admit that Plaintiffs seek to bring this lawsuit as a class action, but deny that this lawsuit may be maintained as a class action.  Answering Defendants further admit that the CCAC purports to make the allegations and seeks the relief addressed in Paragraph 1, but deny the truth of such allegations or that they have any merit.  Answering Defendants further deny they violated the federal securities laws and deny they caused damages to members of the purported class.

2.      No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December

22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 2.

3.       Answering Defendants admit that in early 2020 Vaxart had about 14 employees. Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore deny such allegations.

4.       No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants admit that at the end of September 2019, Armistice owned a majority of Vaxart's common stock and that it had purchased shares prices ranging primarily between $0.30 and $0.40 per share. Answering Defendants otherwise deny the allegations contained in Paragraph 4.

5.       No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). To the extent an answer is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 relating to "CW1," and therefore deny such allegations. Answering Defendants otherwise deny the allegations in Paragraph 5.

6.       No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited documents for a true and complete statement of their contents, admit that Vaxart stock closed at $0.73 and $1.25 per share on January 30, 2020 and January 31, 2020 respectively, and otherwise deny the allegations contained in Paragraph 6.

7.      No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart stock closed at $1.93 per share on March 17, 2020 and was valued at $3.85 per share in early trading on April 28, 2020, but otherwise deny the allegations contained in Paragraph 7.

8.      Paragraph 8 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited documents for a true and complete statement of their contents and otherwise deny the allegations contained in Paragraph 8.

9.      No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice sold 6.3 million Vaxart shares between April 29 and May 1, 2020 and sold 18.2 million Vaxart shares between April 28 and June 3, 2020 at prices between $2.50 and $3.19. Answering Defendants otherwise deny the allegations contained in Paragraph 9.

10.      No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and admit that between April 28, 2020 and June 3, 2020, Armistice sold 18.2 million Vaxart shares and owned 7 million Vaxart shares after these sales.  Answering Defendants otherwise deny the allegations contained in Paragraph 10.

11.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 11.

12.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 12 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that the Vaxart board approved the amendments to Armistice's warrants and otherwise deny the allegations contained in Paragraph 12.

13.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that the Vaxart board approved: (1) options to Defendant Latour, Defendant Tucker, and Controller Margaret Echerd, approved on March 24, 2020, but not exercisable until approved by stockholders and Vaxart's Board on June 8, 2020; (2) options to Defendant Floroiu, approved on April 13, 2020, but not exercisable until approved by stockholders and Vaxart's Board on June 8, 2020; (3) options to Defendant Finney, Defendant Davis, and Defendant Yedid on June 8, 2020; and (4) options to Defendant Floroiu on June 15, 2020.  Answering Defendants otherwise deny the allegations contained in Paragraph 13.

14.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and admit that Vaxart's Board approved amendments to the warrants that increased the beneficial ownership limitation for both series of warrants to 19.99%.  Answering Defendants otherwise deny the

allegations contained in Paragraph 14, including Paragraph 14's description of the effect of the warrant amendments.

15.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart's Board granted options to Vaxart officers and directors to purchase a total of 3,572,100 shares of Vaxart stock with strike prices ranging from $1.70 to $2.46 per share, and that on June 3, 2020, Vaxart's opening trading price was $2.91.  Answering Defendants otherwise deny the allegations contained in Paragraph 15.

16.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny such allegations.

17.     Answering Defendants refer to the cited documents for a true and complete statement of their contents and otherwise deny the allegations contained in Paragraph 17.

18.     Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited documents for a true and complete statement of their contents and otherwise deny the allegations contained in Paragraph 18.

19.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Defendant Floroiu was appointed as Vaxart's CEO replacing Defendant Latour in that role, but otherwise deny the allegations contained in Paragraph 19.

20.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Paragraph 20 accurately quotes Boyd but otherwise deny the allegations contained in Paragraph 20.

21.     Answering Defendants refer to the cited document for a true and complete statement of its contents and otherwise deny the allegations contained in Paragraph 21.

22.     Answering Defendants refer to the cited document for a true and complete statement of its contents and otherwise deny the allegations contained in Paragraph 22.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart's stock price closed at $3.19 and $6.26 on June 24, 2020 and June 25, 2020 respectively and refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise deny the allegations contained in Paragraph 23.

24.     Answering Defendants refer to the cited document for a true and complete statement of its contents and otherwise deny the allegations contained in Paragraph 24.

25.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 25 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and otherwise deny the allegations contained in Paragraph 25.

26.     Answering Defendants admit that Vaxart's stock priced closed at $3.19 per share and $6.26 per share on June 24, 2020 and June 25, 2020 respectively, and reached $14.30 per share on June 26, 2020, but otherwise deny the allegations contained in Paragraph 26.

27.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 27 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that on June 26, 2020, Armistice exercised all of its 16.667 million warrants and sold 18.226 million shares of Vaxart stock at an average price of $10.38 per share, and that Vaxart stock closed at $8.04 per share that day.  Answering Defendants otherwise deny the allegations contained in Paragraph 27.

28.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on June 26, 2020, Armistice exercised all of its 16.667 million warrants, sold all of the resulting 18.226 million shares of Vaxart stock at an average price of $10.38 per share in the value of $190 million, and that Vaxart stock closed at the $8.04 on June 26, 2020. Answering Defendants otherwise deny the allegations contained in Paragraph 28.

29.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 29 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 29.

30.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart's stock price closed at $12.29 and $11.16 per share on July 24, 2020 and July 27, 2020 respectively, and refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise deny the allegations contained in Paragraph 30.

31.     Answering Defendants admit that Vaxart's stock closed at $9.21 and $8.81 per share on August 19, 2020 and August 20, 2020 respectively, and refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise deny the allegations contained in Paragraph 31.

32.     Answering Defendants refer to the cited disclosures for a true and complete statement of their contents and otherwise deny the allegations contained in Paragraph 32.

33.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 33 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 33.

## II.     JURISDICTION AND VENUE

34.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 34 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 34.

35.     Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 35.

36.     Paragraph 36 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore deny such allegations.

37.     Paragraph 37 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 37.

### III.    THE PARTIES

38.    Paragraph 38 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny such allegations.

39.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 39 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore deny such allegations.

40.    Answering Defendants admit that as of December 31, 2019, Vaxart had 14 full-time employees.  Answering Defendants admit that Vaxart's common stock trades on the Nasdaq Capital Market ("NASDAQ") under the symbol "VXRT."  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore deny such allegations.

41.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Defendant Boyd is the founder and Chief Investment Officer of Armistice and that he served as Vaxart's director from October 25, 2019 until his resignation on January 28, 2021.  Answering Defendants further admit that Defendant Boyd voted in favor of the option grants and signed the unanimous consent related to the warrant amendments.  Answering Defendants otherwise deny the allegations contained in Paragraph 41.

42.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants,

Answering Defendants admit that Defendant Maher served as a managing director of Armistice and a director of Vaxart from October 25, 2019 and January 28, 2021, and was a member of Vaxart's Compensation Committee.   Answering Defendants further admit that Defendant Maher voted in favor of the option grants and signed the unanimous consent related to the warrant amendments.  Answering Defendants otherwise deny the allegations contained in Paragraph 42.

43.     Answering Defendants admit that Defendant Floroiu has served as Vaxart's CEO since June 14, 2020, after having first been appointed as a member of Vaxart's Board of Directors on April 13, 2020 (a position he also continues to hold), that Defendant Floroiu was employed by Armistice as a Senior Analyst seven years prior to working at Vaxart, from January to August 2013, that he previously worked at McKinsey & Company at the same time as Defendant Boyd, and that he voted in favor of the option grants and signed the unanimous consent related to the warrant amendments.  Answering Defendants otherwise deny the allegations in Paragraph 43.

44.     Answering Defendants admit that Defendant Latour served as Vaxart's President and CEO, that he was replaced as Vaxart's CEO by Defendant Floroiu on June 14, 2020, and that he voted in favor of the option grants and signed the unanimous consent related to the warrant amendments. Answering Defendants otherwise deny the allegations in Paragraph 44.

45.     Answering Defendants refer to the cited documents for a true and correct statement of their contents, and admit that Defendant Yedid has served as a director on Vaxart's Board since October 25, 2019 and is a member of Vaxart's Audit Committee, and that Vaxart granted certain stock options to directors and/or officers of Vaxart in 2020, including Defendant Yedid.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Yedid's role with LifeSci Advisors.  Answering Defendants otherwise deny the allegations contained in Paragraph 45.

46.     Answering Defendants admit that Defendant Davis has served as a director on Vaxart's Board and a member of its Compensation Committee since October 25, 2019, and that Vaxart granted certain stock options to directors and/or officers in 2020, including Defendant Davis, but otherwise deny the allegations contained in Paragraph 46.

47.     Answering Defendants admit that Defendant Finney has served as a director on Vaxart's Board and that Vaxart granted certain stock options to directors and/or officers in 2020, including Defendant Finney, but otherwise deny the allegations contained in Paragraph 47.

48.     Answering Defendants admit that Defendant Tucker founded Vaxart and has served as Vaxart's Chief Scientific Officer and that Vaxart granted certain stock options to directors and/or officers in 2020, including Defendant Tucker, but otherwise deny the allegations contained in Paragraph 48.

49.     Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 49.

50.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice was founded in 2012 by Defendant Boyd, that Armistice is incorporated in Delaware, that Boyd is the Chief Investment Officer of Armistice, and that Defendant Maher served as a managing director of Armistice, but otherwise deny the allegations contained in Paragraph 50.

51.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit the allegations contained in Paragraph 51.

52.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice owned approximately 52% of the voting power of Vaxart's outstanding shares of common stock as of September 30, 2019, but otherwise deny the allegations contained in Paragraph 52.

53.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Boyd, Maher, Yedid, and Davis were appointed to Vaxart's board in October 2019, that Armistice was a 5.86% shareholder of BioDelivery Sciences International as of March 2016 and was one of multiple institutional investors that participated in a $50 million financing deal, and that Floroiu joined the board in June 2020.  Answering Defendants otherwise deny the allegations in Paragraph 53.

54.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and admit that as of September 30, 2019 Armistice owned 52% of Vaxart's outstanding common stock, but otherwise deny the allegations contained in Paragraph 54.

55.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 55 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 55.

## IV.     BACKGROUND ALLEGATIONS

56.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore deny such allegations.

57.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore deny such allegations.

58.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore deny such allegations.

59.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore deny such allegations.

60.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore deny such allegations.

61.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice is a long/short, value-oriented and event-driven hedge fund focused primarily on the health care and consumer sectors, and that on April 11, 2019 Armistice purchased warrants to purchase 4,090,909 shares of Vaxart common stock at $1.10 per share, but otherwise deny the allegations contained in Paragraph 61.

62.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart's warrant offering stated as follows: "A holder (together with its affiliates) may not exercise any portion of the common warrant to the extent that the holder would own more than 4.99% of the outstanding common stock immediately after exercise, except that upon at least 61 days' prior notice from the holder to us, the holder may increase the amount of ownership of outstanding stock after exercising the holder's common warrants up to 9.99% of the number of shares of our common stock outstanding immediately after giving effect to the exercise, as such percentage ownership is determined in accordance with the terms of the common warrants."

63.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 63.

64.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on September 30, 2019 Armistice obtained warrants to purchase 16,666,667 shares of Vaxart common stock at $0.30 per share, but otherwise deny the allegations contained in Paragraph 64.

65.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 65 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and admit that Vaxart's Board had eight members in October 2019, including Answering Defendants Boyd, Maher, Yedid, and Davis.  Answering Defendants otherwise deny the allegations contained in Paragraph 65.

66.     Answering Defendants admit that by October 2019, Vaxart stock was valued at $0.40 per share and did not close above that price for the remainder of the year.  Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore deny such allegations.

67.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 67 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart stated in a public filing that "[o]n December 26, 2019, the Board of Directors of Vaxart, Inc. approved a reduction-in-force affecting approximately 50% of our employees, which primarily impacted our manufacturing personnel," and that Vaxart "dismissed KPMG LLP, or KPMG, as [its] independent registered public accounting firm on December 31, 2019."  Answering Defendants otherwise deny the allegations contained in Paragraph 67.

68.     Answering Defendants deny the allegations contained in Paragraph 68.

69.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore deny such allegations.

70.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore deny such allegations.

71.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 71.

72.     Answering Defendants admit that Vaxart stock closed at $0.36 per share on January 2, 2020, but otherwise deny the allegations contained in Paragraph 72.

73.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore deny such allegations.

74.     Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 relating to what CW1 believed, and therefore deny such allegations.  Answering Defendants otherwise deny the allegations in Paragraph 74.

75.     Answering Defendants admit that on January 31, 2020, Vaxart stock closed at $1.25 per share, but otherwise deny the allegations contained in Paragraph 75.

76.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 76.

77.     Answering Defendants admit that Vaxart's stock price closed at $2.47 and $2.87 per share on February 28, 2020 and March 2, 2020 respectively, but otherwise deny the allegations contained in Paragraph 77.

78.     Answering Defendants admit that Vaxart's stock price hit a low of $1.08 on March 16, 2020, but otherwise deny the allegations contained in Paragraph 78.

79.     Answering Defendants deny the allegations contained in Paragraph 79.

80.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 80.

81.     Answering Defendants admit that on March 18, 2020 and March 25, 2020, Vaxart stock closed at $2.34 and $1.68 per share respectively, but otherwise deny the allegations contained in Paragraph 81.

82.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 82.

83.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 83.

84.     Answering Defendants admit the stock price information contained in Paragraph 84, but otherwise deny the allegations contained in Paragraph 84.

85.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants admit that Floroiu and Boyd worked at McKinsey at the same time, and that Defendant Floroiu worked at Armistice as a senior analyst seven years before he worked at Vaxart.  Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise deny the allegations contained in Paragraph 85.

86.     Answering Defendants admit that on April 14, 2020, Vaxart's stock closed at $2.04 per share, but otherwise deny the allegations contained in Paragraph 86.

87.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 87 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 87.

88.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 88.

89.     Answering Defendants admit that on April 21, 2020, Vaxart stock closed at $3.16 per share, but otherwise deny the allegations contained in Paragraph 89.

90.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 90.

91.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on April 28, 2020, Armistice sold 1,292,070 shares of Vaxart stock, that Vaxart's stock intra-day high was $3.85 per share, and that Vaxart's stock closed at $3.27 per share, but otherwise deny the allegations contained in Paragraph 91.

92.     Answering Defendants admit that between January 2, 2020 and April 28, 2020, Vaxart issued eight press releases, and refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 92.

93.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 93.

94.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on April 29, 2020, Armistice sold 873,634 shares of Vaxart stock and Vaxart stock closed at $3.00 per share.  Answering Defendants otherwise deny the allegations contained in Paragraph 94.

95.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 95.

96.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December

22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on April 30, 2020, Armistice sold 4,434,296 shares of Vaxart stock and Vaxart stock closed at $2.70 per share.  Answering Defendants otherwise deny the allegations contained in Paragraph 96.

97.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to Armistice's publicly-available Form 4 filings and the four press releases issued by Vaxart between April 29 and June 3, 2020 for a true and complete statement of their contents, admit that Armistice sold 18.2 million shares of Vaxart stock between April 29 and June 3, 2020, but otherwise deny the allegations contained in Paragraph 97.

98.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 98.

99.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 99.

100.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on May 12, 2020, Armistice sold approximately 1.6 million shares of Vaxart stock and that Vaxart stock closed 2.8% higher than the trading day before.  Answering Defendants otherwise deny the allegations contained in Paragraph 100.

101.    Answering Defendants refer to the cited document and remarks for a true and complete statement of their contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis deny them.

102.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants,

Answering Defendants refer to the cited documents for a true and complete statement of their contents, and admit that Armistice sold 458,639 shares of Vaxart stock on May 15, 2020.  Answering Defendants otherwise deny the allegations contained in Paragraph 102.

103.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, and admit that Armistice sold 1.15 million shares of Vaxart stock on May 20, 2020.  Answering Defendants otherwise deny the allegations contained in Paragraph 103.

104.    Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis deny them.

105.    Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis deny them.

106.    Answering Defendants admit that NantKwest's stock closed at $5.45 and $7.58 on May 26, 2020 and May 27, 2020 respectively, but otherwise deny the allegations contained in Paragraph 106.

107.    Answering Defendants refer to the cited documents for a true and complete statement of their contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis deny them.

108.    Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny them.

109.    Paragraph 109 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 109.

110.     Answering Defendants deny the allegations contained in Paragraph 110.

111.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice sold Vaxart shares in late May 2020.  Answering Defendants otherwise deny the allegations contained in Paragraph 111.

112.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 112.

113.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice sold 18.2 million shares of Vaxart stock between April 28, 2020 and June 3, 2020, but otherwise deny the allegations contained in Paragraph 113.

**V.     DEFENDANTS' SCHEME TO MANIPULATE VAXART'S STOCK PRICE AHEAD OF ITS UNDISCLOSED INTENT TO UNLOAD NEARLY ALL OF ITS HOLDINGS BY THE END OF JUNE IN VIOLATION OF RULE 10B-5(A) AND (C)**

114.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 114 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 114.

115.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 115 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 115.

116.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 116.

117.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants admit that as of June 3, 2020, Armistice retained, in addition to its 7,000,000 shares of Vaxart stock, the entirety of both sets of warrants, 16,666,667 warrants to purchase Vaxart stock at $0.30 per share and 4,090,909 warrants to purchase Vaxart stock at $1.10 per share, but otherwise deny the allegations contained in Paragraph 117.

118.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents and admit that as of June 3, 2020, Armistice retained, in addition to its 7,000,000 shares of Vaxart stock, the entirety of both sets of warrants, 16,666,667 warrants to purchase Vaxart stock at $0.30 per share and 4,090,909 warrants to purchase Vaxart stock at $1.10 per share. Answering Defendants otherwise deny the allegations contained in Paragraph 118.

119.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 119.

120.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 relating to a conference they did not attend, and therefore deny such allegations.  Answering Defendants admit that the warrant amendments became effective on June 8, 2020 when written consents were executed.  Answering Defendants otherwise deny the allegations in Paragraph 120.

121.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 121 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants admit that $5 million represented the total exercise price for approximately half of the remaining warrants.  Answering Defendants otherwise deny the allegations contained in Paragraph 121.

122.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 122 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations in Paragraph 122.

123.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 123.

124.    Answering Defendants refer to the cited documents in Paragraph 124 for a true and complete statement of their contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis deny them.

125.    Answering Defendants refer to the cited document and statement for a true and complete statement of their contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis deny them.

126.    Answering Defendants deny the allegations contained in Paragraph 126.

127.    Answering Defendants refer to the cited statement for a true and complete statement of its contents. Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis deny them.

128.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 128.

129.    Answering Defendants refer to the cited document in Paragraph 129 for a true and complete statement of its contents.  Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis deny them.

130.    Answering Defendants refer to the cited document for a true and complete statement of its contents. Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny them.

131.    Answering Defendants refer to the cited document for a true and complete statement of its contents. Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis deny them.

132.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 132 states legal conclusions to which no

response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 132.

133.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 133.

134.    Answering Defendants refer to the cited document for a true and complete statement of its contents.  Answering Defendants admit that Latour discussed with Vaxart board members Vaxart's selection for the OWS NHP trials at a June 8, 2020 board meeting, but otherwise deny the allegations contained in Paragraph 134.

135.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Defendant Floroiu worked at Armistice as a senior analyst and succeeded Defendant Latour as CEO, but otherwise deny the allegations contained in Paragraph 135.

136.    Answering Defendants refer to the cited document for a true and complete statement of its contents, and otherwise deny the allegations contained in Paragraph 136.

137.    Answering Defendants refer to the cited document for a true and complete statement of its contents, and otherwise deny the allegations contained in Paragraph 137.

138.    Answering Defendants deny the allegations contained in Paragraph 138.

139.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 139.

140.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December

22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 140.

141.    Paragraph 141 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 141.

142.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 142.

143.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 143.

144.    Answering Defendants refer to the cited documents for a true and correct statement of their contents, but otherwise deny the allegations contained in Paragraph 144.

145.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 145 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 145.

146.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 146 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that as of June 2, 2020, Armistice reported that it beneficially held 19.99% of

Vaxart's common stock based on 83,969,905 outstanding and would later reduce its ownership 0.2% based on 94,941,898 outstanding. Answering Defendants otherwise deny the allegations in Paragraph 146.

147. Answering Defendants refer to the cited document for a true and complete statement of its contents. Answering Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148. Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 148.

149. Answering Defendants refer to the August 10, 2020 press release entitled "Vaxart Announces IND Filed for COVID-19 Vaccine" for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 149.

150. Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 150.

151. No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 151.

152. Answering Defendants refer to the cited document in Paragraph 152 for a true and complete statement of its contents.

153. Answering Defendants admit that Vaxart stock closed at $3.19 per share on June 24, 2020.

154. Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 154.

155. No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering

Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 155.

156.   Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 156.

157.   Answering Defendants admit that Vaxart stock closed at $3.19 and $6.48 on June 24, 2020 and June 25, 2020 respectively, but otherwise deny the allegations contained in Paragraph 157.

158.   Answering Defendants deny the allegations contained in Paragraph 158.

159.   Paragraph 159 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and therefore deny such allegations.

160.   Paragraph 160 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 160.

161.   Answering Defendants refer to the cited presentation for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 161.

162.   Answering Defendants refer to the cited presentation for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 162.

163.   Answering Defendants refer to the cited presentation for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 163.

164.   Answering Defendants refer to the cited presentation in Paragraph 164 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 164.

165.   Answering Defendants refer to the cited presentation for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 165.

166.   No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants,

Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 166.

167.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document and statement for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 167.

168.    Answering Defendants admit that on June 26, 2020, Vaxart's stock closed at $8.04 per share, but otherwise deny the allegations contained in Paragraph 168.

169.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on June 26, 2020, Armistice converted the entirety of its $0.30 Warrants and sold those shares along with an additional 1,560,000 of its existing common stock holdings for a total amount of approximately $189 million.  Answering Defendants otherwise deny the allegations contained in Paragraph 169.

170.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that on June 29, 2020, Armistice converted the entirety of its $1.10 Warrants and sold those shares along with an additional 5,294,477 of its existing common stock holdings for a total amount of approximately $77.8 million.  Answering Defendants otherwise deny the allegations contained in Paragraph 170.

171.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants,

Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 171.

172.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that Armistice's June 26, 2020 and June 29, 2020 sales totaled approximately $267 million after which Armistice retained approximately 0.2% of Vaxart's outstanding common stock.

173.    Answering Defendants deny the allegations contained in Paragraph 173.

174.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 174.

175.    Paragraph 175 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 175.

176.    Paragraph 176 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 176.

177.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and therefore deny such allegations.

178.    Answering Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 178.

179.    Answering Defendants refer to the cited SEC filing and press release for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 179.

180.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and therefore deny such allegations.

181.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 181.

182.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 182 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 182.

183.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 183.

184.    Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 184.

185.    Paragraph 185 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 185.

186.    Answering Defendants refer to the cited statement for a true and complete statement of its contents.

187.    Answering Defendants refer to the cited statement for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 187.

188.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 188.

189.     Answering Defendants admit that on Monday, July 27, 2020, Vaxart's stock price fell to $11.16 per share.

190.     Paragraph 190 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants admit that Vaxart stock fell 17.5% through August 19, 2020, but otherwise deny the allegations contained in Paragraph 190.

191.     Paragraph 191 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 191.

192.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 192.

193.     Answering Defendants admit that on August 20, 2020, Vaxart stock closed at $8.81 per share.

## VI.     MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

194.     Paragraph 194 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 194.

195.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 195.

196.     Answering Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 196.

197.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 197.

198.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 198.

199.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 199.

200.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 200.

201.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 201.

202.     Paragraph 202 states legal conclusions to which a response is not required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 202.

203.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 203.

204.     Paragraph 204 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 204.

205.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 205.

206.     Paragraph 206 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited document and statement for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 206.

207.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  To the extent a response is required from Answering Defendants, Answering Defendants admit that at one point on June 26, 2020, Vaxart's stock reached a high of $14.30 per share, but otherwise deny the allegations contained in Paragraph 207.

208.     Answering Defendants deny the allegation contained in Paragraph 208.

209.     Answering Defendants refer to the cited document for a true and complete statement of its contents.

210.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 210.

211.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 211.

212.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 212.

213.     Answering Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 213.

214.     Answering Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 214.

215.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 215 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 215.

216.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 216 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 216.

217.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 217 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 217.

218.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December

22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 218 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 218.

219.    Paragraph 219 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 219.

## VII.    NO SAFE HARBOR

220.    Paragraph 220 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 220.

221.    Paragraph 221 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 221.

## VIII.   CONTEMPORANEOUS TRADING

222.    Paragraph 222 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 222.

223.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 223 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 223.

224.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 224 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering

Defendants admit the trading information listed in the chart contained in Paragraph 224, but otherwise deny the allegations contained in Paragraph 224.

225.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 225 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 225.

226.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 226 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226, and therefore deny such allegations.

## IX.    ADDITIONAL SCIENTER ALLEGATIONS

227.    Answering Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-226 of the CCAC with the same force and effect as if fully set forth herein.

228.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 228 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 228.

229.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 229 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 229.

230.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 230 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 230.

231.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 231 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 231.

232.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 232 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 232.

233.     Answering Defendants admit that Defendant Davis sold 60,000 shares of Vaxart stock at $3.275 per share on April 28, 2020, but otherwise deny the allegations contained in Paragraph 233.

234.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 234 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 234.

235.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 235 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 235.

236.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 236 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants admit that the Answering Defendants received the numbers of options to purchase Vaxart shares on June 8, 2020 and June 15, 2020 with strike prices from $1.70 to $2.46 per share as reflected in the chart contained in Paragraph 236, but otherwise deny the allegations contained in Paragraph 236.

237.     Answering Defendants admit that Latour sold 333,334 shares of Vaxart stock at a price of $6.32 per share on November 23, 2020, but otherwise deny the allegations contained in Paragraph 237.

238.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 238 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 238.

239.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). To the extent a response is required from Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239, and therefore deny such allegations.

240.     Answering Defendants deny the allegations contained in Paragraph 240.

241.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 241 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 241.

242.     Answering Defendants deny the allegations contained in Paragraph 242.

243. Paragraph 243 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 243.

244. Answering Defendants admit that as of March 2020 Vaxart had 14 full-time employees and that on March 19, 2020 it announced that it was putting certain vaccine programs on hold, but otherwise deny the allegations contained in Paragraph 244.

245. Paragraph 245 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 245.

246. No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 246 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 246.

247. No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 247 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 247.

248. No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182). Additionally, Paragraph 248 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 248.

249. Paragraph 249 states legal conclusions to which no response is required. To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 249.

250.     Paragraph 250 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 250.

251.     Paragraph 251 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 251.

252.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 252 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 252.

253.     Paragraph 253 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 253.

254.     Paragraph 254 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 254.

255.     Paragraph 255 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 255.

256.     Paragraph 256 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 256.

## FIRST CAUSE OF ACTION

257.     Answering Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-256 of the CCAC with the same force and effect as if fully set forth herein.

258.     Paragraph 258 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 258.

259.     Paragraph 259 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 259.

260.     Paragraph 260 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 260.

261.     Paragraph 261 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 261.

262.     Paragraph 262 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 262.

263.     Paragraph 263 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 263.

264.     Paragraph 264 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 264.

265.     Paragraph 265 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 265.

266.     Paragraph 266 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 266.

## SECOND CAUSE OF ACTION

267.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).   Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  To the extent a response is required from Answering Defendants, Answering Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-266 of the CCAC with the same force and effect as if fully set forth herein.

268.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 268 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 268.

269.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 269 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 269.

270.     No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 270 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 270.

271.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 271 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 271.

272.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 272 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 272.

273.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 273 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 273.

274.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action, which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 274 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 274.

275.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Further, no response is required to Plaintiffs' Second Cause of Action,

which was dismissed in the Court's December 22, 2021 Order.  Additionally, Paragraph 275 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 275.

## **THIRD CAUSE OF ACTION**

276.    Answering Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-275 of the CCAC with the same force and effect as if fully set forth herein.

277.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 277 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 277.

278.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 278 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 278.

279.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 279 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 279.

280.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 280 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 280.

## FOURTH CAUSE OF ACTION

281.    Answering Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-280 of the CCAC with the same force and effect as if fully set forth herein.

282.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 282 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 282.

283.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 283 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants refer to the cited statute for a true and correct statement of its contents.

284.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 284 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 284.

285.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 285 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 285.

286.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 286 states legal conclusions to which no

response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 286.

287.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 287 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 287.

288.    No response is required to the allegations against Armistice because those allegations are no longer operative, as they relate to claims that were dismissed pursuant to the Court's December 22, 2021 Order (Dkt. No. 182).  Additionally, Paragraph 288 states legal conclusions to which no response is required.  To the extent a response is required from Answering Defendants, Answering Defendants deny the allegations contained in Paragraph 288.

## PRAYER FOR RELIEF

Answering Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiffs' demand for jury trial contains no factual allegations and no response is required.

## SEPARATE DEFENSES

By designating the following defenses, Answering Defendants do not in any way waive or limit any defenses that are or may be raised by their denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Answering Defendants to assert such defenses, and are without prejudice to Answering Defendants' ability to raise other and further defenses.  Answering Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

Answering Defendants incorporate by reference any additional defenses raised by Vaxart or the other Individual Defendants with the same force and effect as if fully set forth herein.  Without

admitting any wrongful conduct on the part of Answering Defendants and without conceding that they have the burden of proof on any of the following defenses, Answering Defendants assert the following defenses to the CCAC and reserve the right to add, alter and/or amend their defenses and affirmative defenses as the course of discovery so requires.

### First Defense

(Failure to State a Claim for Relief)

Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a claim against Answering Defendants upon which relief may be granted.

### Second Defense

(Statute of Limitations)

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of limitation.

### Third Defense

(Statutes of Repose)

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of repose.

### Fourth Defense

(Doctrine of Laches)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense

(Timing of Purchases)

Plaintiffs' claims for relief are barred, in whole or in part, insofar as they are based upon alleged conduct that concluded before, or began after, Plaintiffs' securities purchases.

### Sixth Defense

(Standing)

Plaintiffs' claims for relief are barred, in whole or in part, insofar as Plaintiffs lack standing to assert the claims alleged in this action.

## Seventh Defense

### (Estoppel)

Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, estoppel.

## Eighth Defense

### (Ratification)

Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, ratification.

## Ninth Defense

### (Failure to Use Due Care)

Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, the failure to use due care.

## Tenth Defense

### (Waiver)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the CCAC.

## Eleventh Defense

### (Contributory Negligence, Comparative Negligence and/or Assumption of Risk)

Plaintiffs' claims for relief are barred, in whole or in part, by Plaintiffs' own negligence under the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.  Plaintiffs voluntarily assumed the risks disclosed by Vaxart and further assumed the risk that the value of Vaxart securities would decline.

## Twelfth Defense

### (Absence of Due Diligence)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to exercise appropriate due diligence in connection with their investments.

## Thirteenth Defense

### (No Duty to Disclose)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information.

## Fourteenth Defense

### (Safe Harbor of PSLRA)

Plaintiffs' claims for relief are barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA.

## Fifteenth Defense

### (Bespeaks Caution Doctrine and Forward-Looking Statements)

Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution and/or were forward-looking statements and/or contained sufficient cautionary language and risk disclosure as to be non-actionable under the PSLRA.

## Sixteenth Defense

### (No Material Misrepresentation)

Plaintiffs' claims for relief are barred, in whole or in part, because the public filings, registration statements, and written and oral statements by Vaxart did not contain any actionable misrepresentations or omissions, all statements alleged to have been made had a reasonable basis in fact, and because any alleged misrepresentations or omissions were not material.

## Seventeenth Defense

### (No Scienter/Culpable Participation)

Plaintiffs' claims for relief are barred in whole or in part because Plaintiffs have failed to allege, and cannot prove, any facts showing that Answering Defendants acted with the requisite scienter or culpably participated in the alleged misconduct.

## Eighteenth Defense

(No Control Person Liability)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants were not "control persons" under the Securities Exchange Act, because they acted in good faith and did not directly or indirectly induce any act or omission constituting the alleged violations or causes of action, and because none of their subordinates committed any of the alleged violations or causes of actions.

## Nineteenth Defense

(Good Faith)

Plaintiffs' claims for relief are barred, in whole or in part, because at all times mentioned in the CCAC and with respect to all matters contained therein, Answering Defendants acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the CCAC that allegedly give rise to liability.  At all relevant times, Answering Defendants acted without intent to defraud and without recklessness or negligence, and did not directly or indirectly induce the acts constituting alleged violations of Section 10(b) and Rule 10b-5.

## Twentieth Defense

(Reliance on Management and Professionals)

Plaintiffs' claims for relief are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Vaxart, Answering Defendants exercised reasonable diligence and/or reasonably relied on information and advice provided to it by Vaxart's management, independent public accountants, underwriters, lawyers, other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete.  Answering Defendants had no reasonable ground to believe and did not believe, at the time any part of a registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make any statement therein not misleading.

## Twenty-First Defense

(Public Disclosure)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions that were publically disclosed or were in the public domain and thus were available to Plaintiffs.

## Twenty-Second Defense

(Actual or Constructive Knowledge)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions for which Plaintiffs and/or their agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

## Twenty-Third Defense

(No Reasonable Reliance)

Plaintiffs' claims for relief are barred, in whole or in part, because at all relevant times Plaintiffs and/or their purported agents did not reasonably rely on any material misrepresentations or omissions, or on the price of Vaxart's securities as affected by any alleged misrepresentations or omissions, in purchasing Vaxart securities.

## Twenty-Fourth Defense

(No Causation of Violation)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants did not directly or indirectly cause the alleged violations complained of in the CCAC.

## Twenty-Fifth Defense

(No Loss Causation)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot show loss causation.

### Twenty-Sixth Defense

(No Transaction Causation)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot show transaction causation.

### Twenty-Seventh Defense

(No Causation of Damages)

Plaintiffs' claims for relief are barred, in whole or in part, because Answering Defendants did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiffs.

### Twenty-Eighth Defense

(Superseding and Intervening Causes)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' injuries or damages, to the extent any exist, were caused by independent superseding and intervening events unconnected to Answering Defendants and for which Answering Defendants cannot be held liable or resulted from the acts or omissions of other persons or entities over which Answering Defendants had no control.  If Plaintiffs suffered from any cognizable losses or damages (which Answering Defendants deny), including but not limited to the decline in price or value of Vaxart securities, those losses or damages were not caused by Answering Defendants, did not result from any alleged misstatement, omission, or defect in any communication for which Answering Defendants could be held legally liable, were not the proximate cause of the alleged basis of liability or Plaintiffs' alleged injury, were not contemporaneous to the alleged fraud, and were caused by macroeconomic, market and financial industry events, forces and/or independent intervening or superseding causes.

### Twenty-Nine Defense

(No Economic Loss)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs suffered no economic loss.

### Thirtieth Defense

(No Compensatory Damages)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs suffered no damages.

### Thirty-First Defense

(Failure to Mitigate Damages)

Any damage, loss, or liability sustained by Plaintiffs (which Answering Defendants deny) must be reduced, diminished, and/or barred in proportion to Plaintiffs' failure to mitigate, reduce, or otherwise avoid any alleged damages.

### Thirty-Second Defense

(Duplicative Recovery)

Any damage, loss, or liability sustained by Plaintiffs (which Answering Defendants deny) must be reduced, diminished and/or barred to the extent Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against Answering Defendants or others.

### Thirty-Third Defense

(Proportionate Reduction of Judgment)

Any judgment against Answering Defendants must be reduced, diminished, and/or barred in proportion to the percentage of responsibility, if any, assessed by the jury as to Answering Defendants pursuant to the PSLRA, 15 U.S.C. § 78u-4, principles of equitable allocation, recoupment, set off, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

### Thirty-Fourth Defense

(Fraud of Others)

If the allegations in the CCAC are true (which Answering Defendants deny), then Answering Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others, in that information relating to Vaxart

and related entities was not provided to Answering Defendants and/or was knowingly concealed from Answering Defendants.

### Thirty-Fifth Defense

(Unauthorized Actions of Others)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the unauthorized acts or omissions of other persons or entities.

## Thirty-Sixth Defense

(Pre-Judgment Interest)

Answering Defendants deny that Plaintiffs are entitled to pre-judgment interest.


**WHEREFORE**, Answering Defendants respectfully seek judgment as follows:

A.   That Plaintiffs take nothing by virtue of the CCAC;

B.   That Plaintiffs' claims against Defendants are dismissed with prejudice;

C.   That Defendants be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.   For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Answering Defendants hereby demand a jury trial.


Dated:  February 2, 2022                                 AKIN GUMP STRAUSS HAUER & FELD LLP


By _/s/ Neal R. Marder_____
                   Neal R. Marder

Attorneys for STEVEN J. BOYD and KEITH MAHER, M.D.