**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Master Case No. 3:20-cv-05949-VC |
| This Document Relates to: | |
| ALL ACTIONS | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT,
FOR ISSUANCE OF NOTICE TO THE CLASS;
AND FOR SCHEDULING OF FAIRNESS HEARING

WHEREAS, (a) Lead Plaintiffs Wei Huang and Langdon Elliot and Additional Plaintiff Ani Hovhannisyan (collectively, "Plaintiffs") in the above captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as defined below); (b) defendants Vaxart, Inc. ("Vaxart"); and (c) certain current or former Vaxart officers and/or directors, namely defendants Andrei Floroiu ("Floroiu"), Wouter W. Latour ("Latour"), Todd Davis ("Davis"), Michael Finney ("Finney"), Robert Yedid ("Yedid") and Sean Tucker ("Tucker") (collectively, with defendant Vaxart, the "Settling Defendants"), have entered into the Stipulation of Settlement, dated as of July 27, 2022, ECF 224-2 (the "Stipulation")[1], which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release and settlement of the Released Claims upon and subject to the terms and conditions hereof, and the Court having read and considered the Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.    Pursuant to Rules 23(a) and (b)(3) of the FRCP and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Settlement Class consisting of all Persons who purchased or otherwise acquired Vaxart common stock between June 15, 2020, and August 19, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are all Defendants and all Armistice Entities; their respective successors and assigns; the past and current officers, directors, partners

---

[1] Capitalized terms used herein have the meanings set forth in the Stipulation, unless otherwise stated herein.

and managing partners of Vaxart, Armistice, and any Armistice Entity; the members of the immediate families of the Individual Defendants; the legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns of any excluded Person; and any entity in which any excluded Persons have or had a majority ownership interest, or that is or was controlled by any excluded Persons.  Also excluded from the Settlement Class will be any Person who files a valid and timely request for exclusion from the Settlement Class in accordance with this Order.

2.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under FRCP Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately protect the interests of the Settlement Class.  In addition, the Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the requirements for class certification under FRCP Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Settling Parties.

3.      In so finding, the Court has considered each of the following additional factors under FRCP Rule 23(b)(3) and finds that they also support class certification, namely:

a.  the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

b.  the extent and nature of any litigation concerning the controversy already begun by or against class members;

c.  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

2

      d.   the (lack of) difficulties likely to be encountered in managing a class action, given, *inter alia*, that the proposed class is being settled in the context of a settlement (such that, if the Settlement is approved, there will be no class action litigation as to the Settling Parties for the Court to manage).

4.      Pursuant to FRCP Rules 23(c)(1) and 23(g), preliminarily and for purposes of the Settlement only, Plaintiffs are certified as the class representatives ("Class Representatives") of the Settlement Class and Hagens Berman Sobol Shapiro LLP and Scott+Scott Attorneys at Law LLP are appointed as class counsel for the Settlement Class ("Class Counsel").

5.      The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations conducted under the auspices of an independent mediator, the Hon. Layn Phillips (U.S.D.J., ret.), who has extensive experience in mediating class action litigations of this type; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing to be held following the issuance of such notice pursuant to FRCP Rule 23(e).

6.      The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

7.      The Court hereby schedules the Fairness Hearing, to be held before the Court, on January 12, 2023 at 10:00 a.m. for the following purposes:

    (a)  to determine finally whether the requirements for class action treatment under FRCP Rule 23 are satisfied;

    (b)  to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (c)  to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice as to the Settling Defendants, and releasing the Released Claims as against the Released Defendant Persons (and Released Defendant Claims as against the Released Plaintiff Persons) as set forth in the Stipulation;

    (d)  to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's Fee and Expense Application for an award of attorneys' fees and expenses (including any awards to the representative plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4));

(f) to consider any valid objections or requests to "opt out" submitted to the Court, as further provided for herein and in the accompanying proposed forms of Notice; and

(g) to rule upon such other matters as the Court may deem appropriate.

8.      The Court hereby further directs that the Fairness Hearing be held remotely, via dial-in conference call and video-conferencing means to be made available via Zoom.  Class Counsel are hereby ordered to modify their proposed form of Notice to advise Class Members that the Court intends to allow Class Members and members of the public to attend the Fairness Hearing remotely by accessing the following link:  https://www.cand.uscourts.gov/vc.  Should the Court later direct that any changes be made with respect to the time or manner of the Fairness Hearing, Class Counsel are hereby directed to cause the Claims Administrator to promptly provide prominent notice of such modification (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about this Action (the "Settlement Website").

9.      [Intentionally left blank]

10.     [Intentionally left blank]

11.     The Court approves the form and substance of: (a) the Notice (as modified and filed with the Court at ECF 238-1 on September 15, 2022, and as further modified to reflect the substance of ¶8 above); (b) the Proof of Claim and Release Form; and (c) the Summary Notice, which are Exhibits A-1 (as modified), A-2 (ECF 224-5), and A-3 (ECF 224-6), respectively, to the Stipulation.

12.     The Court finds that Class Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13.     For settlement purposes only, A.B. Data, Ltd. is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14.     To the extent they have not already done so, Class Counsel shall provide wire instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Vaxart's Counsel within five (5) business days of the date of this Order. By or before the thirtieth (30th) calendar day after the entry of this Order on the Court's docket, Vaxart shall pay or cause to be paid the Settlement Amount of U.S. $12,015,000.00 (twelve million fifteen thousand U.S. Dollars) by wire into the Escrow Account.

15.     The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or acquired shares of Vaxart common stock during the Class Period as record owners but not as beneficial owners.  In accordance with ¶4.3 of the Stipulation, to the extent it has not already done so, Vaxart shall provide to the Claims Administrator the last known names and addresses of all persons who, based on the records of Vaxart or Vaxart's stock transfer agent, are likely members of the Settlement Class, for the purpose of assisting the Claims Administrator in identifying and giving notice to the Settlement Class.  Nominees or custodians receiving the Notice are hereby directed, within ten (10) calendar days of receipt of the Notice and Proof of Claim form, to either (a) forward copies of the Notice and Proof of Claim to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such

beneficial owners, in which case the Claims Administrator is directed to send the Notice and Proof of Claim form promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred but for the sending of such notice or the requirement to identify their beneficial holders, subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.     Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Settling Defendants, and file with the Court, proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Settlement Website to be established by the Claims Administrator for the Settlement within fourteen (14) calendar days after entry of this Order.

18.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *PRNewswire* and in print once in *Investor's Business Daily* within twenty (20) business days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Settling Defendants and file with the Court proof of publication of the Summary Notice.

19.     The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements

6

of due process, FRCP Rule 23, and all other applicable laws and rules and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.    All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.

21.    To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)    Within 120 calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class (*see* ¶15), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 to the Stipulation, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim to show, or by such other supporting documentation as is deemed adequate by the Claims Administrator;

(b)      Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deem to be *de minimis* or technical defects in any Proof of Claim submitted.  No Person shall have any claim against any Plaintiff, Plaintiffs' Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

(c)      Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(d)      Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded twenty (20) calendar days to cure such deficiency if it shall appear that such deficiency may be cured.  If any Claimant whose claim has been rejected in whole or in part wishes to contest such

rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(e)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22.     Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Persons with respect to the Released Claims.

23.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons timely and validly request exclusion from the Settlement Class, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Fairness Hearing (the "Exclusion Deadline"), to the address for the Claims Administrator listed in the Notice.  To be valid, an exclusion request must clearly (A) state the name, address, phone number and any e-mail contact information of the Person seeking exclusion; (B) state that the

sender "requests to be excluded from the Settlement Class in *In re Vaxart Inc. Securities Litig.,* Case No. 3:20-cv-05949-VC; and (C) state (i) the date, number of shares of Vaxart common stock, and dollar amount of each of their purchases, acquisitions or sales of such shares during the Class Period; and (ii) the number of shares of Vaxart common stock they held as of the opening of trading on June 15, 2020 (the first day of the Class Period) and August 19, 2020 (the last day of the Class Period). To be valid, exclusion requests must be submitted with documentary proof of (i) each purchase or acquisition and, if applicable, sale transaction of Vaxart shares during the Class Period; and (ii) the Person's status as a beneficial owner of the Vaxart shares at issue. Any such request for exclusion must be signed and submitted by the beneficial owner. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The Claims Administrator and/or Class Counsel may contact any Person filing a request for exclusion, or their attorney, to discuss the exclusion.

24.     The Claims Administrator shall provide copies of all requests for exclusion and materials submitted therewith (including untimely requests and revocations of requests) to the Settling Defendants' counsel and to Class Counsel as soon as possible and no later than the Exclusion Deadline or on receipt (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator, Class Counsel, Defendant Vaxart's counsel or the Court a written revocation of that request for exclusion, provided that it is received no later than two (2) calendar days before the Fairness Hearing, in which event that Person will be included in the Settlement Class. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26.     The Court will consider objections to the Settlement, the Plan of Allocation, and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed their objection(s) (and any supporting papers and briefs) with the Office of the Clerk of the United States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco CA 94102, *and* served copies of such materials on both of the following Plaintiffs' Counsel and Settling Defendants' counsel, respectively, at least twenty-one (21) calendar days prior to the final Fairness Hearing:

| | |
|---|---|
| Reed R. Kathrein | Riccardo DeBari |
| HAGENS BERMAN SOBOL SHAPIRO LLP | THOMPSON HINE LLP |
| 715 Hearst St., Suite 202 | 335 Madison Avenue |
| Berkeley, CA 94710 | New York, NY 10017-4611 |
| reed@hbsslaw.com | riccardo.debari@thompsonhine.com |

To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number, (2) a list of all of their purchases, acquisitions, sales, and dispositions shares of Vaxart common stock during the Class Period (in order to show their membership in the Settlement Class), (3) all grounds for the objection, and (4) the name, address and telephone number of the Settlement Class Member's counsel, if any.  The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided,

however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

27.      Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall:  be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation or the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

28.      All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

29.      Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

30.      Settling Defendants, their counsel, their insurers and other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Application (including any payments to the representative plaintiffs) submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.      Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and

enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendant Persons.

32.     All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation, the Plan of Allocation and/or further order of the Court.

33.     Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in either Action, or of any deception, wrongdoing, liability, negligence or fault of the Settling Defendants, the Released Defendant Persons, or each or any of them, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by any Settling Defendant;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendants or the Released Defendant Persons in any arbitration proceeding or any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Settling Parties, Defendants, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendants, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

34.      In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, the Released Defendant Persons or the Released Plaintiff Persons, and each Plaintiff and Settling Defendant shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

35.      At least seven (7) calendar days before the Fairness Hearing, Vaxart shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding its compliance with its notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") on behalf of all Settling Defendants.

36.      The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.

DATED: __October 3__, 2022        _____

HON. VINCENT CHHABRIA
UNITED STATES DISTRICT COURT JUDGE