# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br>*This Document Relates to:*<br><br>*ALL ACTIONS* | Case No. 3:20-cv-05949-VC<br><br><u>CLASS ACTION</u> |

### [~~PROPOSED~~] ORDER AND FINAL JUDGMENT APPROVING PARTIAL CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION

WHEREAS, the Settling Parties[1], through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice the claims asserted against the Settling Defendants in this Action upon the terms and conditions set forth in the Parties' Stipulation of Settlement dated July 27, 2022 (ECF No. 224-2) (the "Stipulation of Settlement");

WHEREAS, on October 3, 2022, the Court issued its Order Granting Preliminary Approval of Class Action Settlement, For Issuance of Notice to the Settlement Class, and For Scheduling of Fairness Hearing in this Action (the "Preliminary Order") (ECF No. 242);

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Order was mailed to all reasonably identifiable Settlement Class Members, and posted on the settlement website established by the Claims Administrator in this matter, in accordance with the Preliminary Order;

---

[1] Unless otherwise defined herein, all capitalized terms used herein have the same meaning as given them in the Stipulation of Settlement; *see* ¶ 1 below.

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Order;

WHEREAS, on the 12th day of January, 2023, following issuance of notice of the Settlement to the Settlement Class, the Court held its Fairness Hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Settling Defendants, as well as the release of all Released Claims as against the Released Defendant Persons and the release of all Released Defendants' Claims as against the Released Plaintiff Persons, and should be approved; (2) whether judgment should be entered dismissing, with prejudice, all claims asserted in the Action against the Settling Defendants; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and expenses; and (5) whether and in what amount to grant any awards to any Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

NOW, THEREFORE, based upon the Stipulation of Settlement and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly-noticed Fairness Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved, that the Judgment attached as Exhibit B to the Stipulation of Settlement should be entered, and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

    (a)    the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class;

    (c)    the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; and

    (d)    Plaintiffs and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Settlement Class.

4.      The Court further finds that, for settlement purposes only, the requirements for certification of a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have also been satisfied in that:

    (a)    questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

    (b)    a class action is superior to other available methods for the fair and efficient adjudication of the claims at issue, considering:

        (i)    the class members' (lack of) interests in individually controlling the prosecution or defense of separate actions;

        (ii)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

        (iii)    the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

    (iv)  the (lack of) likely difficulties in managing a class action (given, *inter alia,* that the proposed class here would be certified in the context of a settlement).

  5.  Accordingly, the Court certifies this action as a class action, solely for purposes of the Settlement, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities who purchased or otherwise acquired Vaxart common stock (ticker: VXRT) between June 15, 2020 and August 19, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are all Defendants and all Armistice Entities; their respective successors and assigns; the past and current officers, directors, partners and managing partners of Vaxart, Armistice, and any Armistice Entity; the members of the immediate families of the Individual Defendants; the legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns of any excluded Person; and any entity in which any excluded Persons have or had a majority ownership interest, or that is or was controlled by any excluded Persons.[2]  Also excluded from the Settlement Class are those Persons or entities listed on Exhibit A hereto that the Court finds have timely and validly requested exclusion from the Settlement Class in accordance with the Court's Preliminary Approval Order.

  6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, (a) Plaintiffs Wei Huang, Langdon Elliot and Ani Hovhannisyan are appointed as class representatives of the Settlement Class and (b) the law firms Hagens Berman

---

[2] For the avoidance of doubt, as set forth in the Stipulation of Settlement, "Vaxart" means "Vaxart, Inc."; "Armistice" means Armistice Capital LLC; and "Armistice Entities" means and includes (a) any fund or other investment vehicle, whether structured as a partnership, corporation, joint venture, limited liability company, or otherwise (and including any of such entity's predecessors, successors or assigns) managed or advised by Armistice, any affiliate of Armistice, Steven J. Boyd and/or Keith Maher (and including but not limited to Armistice Capital Master Fund Ltd.), or in which Armistice, Boyd or Maher had or have a controlling interest; and (b) any investment advisor or management firm, whether structured as a partnership, corporation, joint venture, limited liability company, or otherwise (and including any of such entity's predecessors, successors or assigns), controlled by, and/or directly or indirectly majority owned by, Armistice, Boyd and/or Maher.

Sobol & Shapiro LLP and Scott+Scott Attorneys at Law LLP are appointed as counsel for the Settlement Class ("Class Counsel").

7. In accordance with the Preliminary Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions and the rights of Settlement Class Members in connection therewith (a) constituted the best notice practicable under the circumstances; (b) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement and Plan of Allocation) to all persons and entities entitled to such notice; and (c) met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) (as amended by the Private Securities Litigation Reform Act of 1995). No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation of Settlement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement (and to participate in the hearing thereon), or to exclude themselves from the Settlement Class. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is determined that all Settlement Class Members are bound by this Order and Final Judgment, except for those persons listed on Exhibit A hereto.

8. The Court finds that the Settlement is fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement is the result of good faith, arm's-length negotiations; and that all Settling Parties have been represented throughout by experienced and competent counsel. The Court further finds that the Settlement was reached only after, *inter alia*: (a) Plaintiffs' Counsel had conducted an extensive pre-filing investigation; (b) the filing of a consolidated class action complaint; (c) full briefing and oral argument on the Settling Defendants' motions to dismiss that complaint; (d) the filing by Plaintiffs, after the Court had granted leave to amend, of a further detailed First Amended Consolidated Class Action Complaint (the "Amended

Complaint"); (e) full briefing and oral argument on the Settling Defendants' renewed motions to dismiss the Amended Complaint (which the Court granted in part and denied in part in its December 22, 2021 Decision and Order (the "MTD Order")); (f) the service of requests for production of documents on the Settling Defendants, and completion of a substantial initial production of documents by the Settling Defendants; (g) the Plaintiffs' production of documents in response to the Settling Defendants' various Requests for Production of Documents; (h) Plaintiffs' and the Settling Defendants' preparation and exchange of comprehensive pre-mediation briefs and participation in a day-long Zoom mediation session on April 11, 2022 (which concluded without reaching an agreement) under the auspices of a highly experienced mediator of complex commercial cases (Layn Phillips, U.S.D.J., ret.); (i) the Settling Parties' participation in further settlement discussions, which eventually led to the mediator making an independent "mediator's proposal;" and (j) the Settling Parties' negotiation and drafting of the detailed terms of the Stipulation of Settlement based on the mediator's proposal.  Accordingly, the Court also finds that all Settling Parties were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

9. The Court further finds that its conclusions as to the fairness, reasonableness and adequacy of the proposed Settlement are further supported by the fact that, as noted above, the terms of Settlement are consistent with the "mediator's proposal" recommended by a highly experienced mediator.

10. The Court further finds that if the Settlement had not been achieved, the Settling Parties faced the expense, risk, and uncertainty of extended litigation in connection with the claims asserted against the Settling Defendants. The Court takes no position on the merits of either Plaintiffs' or Settling Defendants' liability positions, but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

11. Accordingly, the Court approves the Stipulation of Settlement, and directs the Settling Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation of Settlement.

12. All claims asserted against the Settling Defendants are dismissed with prejudice as against each of the Settling Parties. The Settling Parties shall bear their own costs, except as otherwise provided in the Stipulation of Settlement.

13. Plaintiffs and each of the Settlement Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Claims against each Released Defendant Person, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim. For the avoidance of doubt, however, nothing herein is intended to, or should be construed or interpreted as, releasing, waiving, relinquishing, discharging, enjoining or otherwise limiting any claim by the Plaintiffs or the Settlement Class Members against (a) Armistice, (b) the Armistice Entities, (c) Armistice's or the Armistice Entities' respective Related Persons in their capacities as such (including Boyd and Maher in their Armistice capacities); (d) Floriou, Latour, Davis, Finney, Yedid, Tucker, Boyd or Maher, except in their capacities as current or former Vaxart officers or directors; or (e) Floroiu's, Latour's, Davis's, Finney's, Yedid's, Tucker's, Boyd's and Maher's respective Related Persons, insofar as such Related Person's liability to any Settlement Class Member derives from or is based upon acts or omissions of Floroiu, Latour, Davis, Finney, Yedid, Tucker, Boyd or Maher that were made in any capacity other than their respective capacities as a Vaxart officer or director.

14. Settling Defendants and each of the Released Defendant Persons (other than defendants Maher and Boyd and their Related Persons in their capacities as such) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against each Released Plaintiff Person.

15. Nothing contained herein shall, however, bar any Settling Party, Released Defendant Persons, or Released Plaintiff Persons from bringing any action or claim to enforce the terms of the Stipulation of Settlement or this Order and Final Judgment.

16. To the maximum extent allowed by applicable state or federal law (including the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4):

    (a)    all Released Defendant Persons shall be and hereby are discharged from any and all Barred Claims, where Barred Claims are defined as claims for contribution or indemnification, however styled, by any Person or entity, whether arising under state, federal, statutory or common law, or any other law, rule or regulation, that are based upon, arise out of or relate to the Released Claims and the alleged injury to such Person or entity is based on, arises from, or relates to that Person's or entity's alleged liability to the Settlement Class or any Settlement Class Member, *provided*, however, that "Barred Claims" does not mean or include:

    (i)    any claims that may not be barred or discharged under applicable state or federal law;

    (ii)    claims, if any, under the terms of any agreements or contractual arrangements among or between any of the Released Defendant Persons (including any Released Defendant Person's insurers), or arising out of Vaxart's corporate by-laws or charter, or arising out of common law fiduciary duties owed by any Released Defendant Person, except to the extent that such claims are barred or discharged, or required to be barred or discharged, under applicable state or federal law; or

    (iii)    any claims for contribution or indemnification against Floriou, Latour, Davis, Finney, Yedid, Tucker, Boyd and Maher except in their capacities as current or former Vaxart officers or directors,

>>except to the extent that such claims are barred or discharged, or required to be barred or discharged, under applicable state or federal law; and

>(b) all Persons shall be and hereby are permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any Barred Claims.

17. For purposes of paragraph 16 only, but only if and to the extent necessary to render the provisions of paragraph 16 compliant with applicable state or federal law (including the Private Securities Litigation Reform Act, 15 USC § 78u-4), "Released Defendant Persons" shall also include Floriou, Latour, Davis, Finney, Yedid, Tucker, Boyd and Maher generally, without being limited to their capacities as current or former Vaxart officers or directors.

18. To the extent required by the Exchange Act at Section 21D, as amended by the Private Securities Litigation Reform Act, Non-Settling Defendants Armistice, Boyd and Maher shall be entitled to a reduction of any judgment that may be entered against them in this Action (including any subsequent action that may be re-filed against them predicated on the same claims that have previously been asserted against them in this Action) that is equal to the greater of: (i) the Settlement Amount; or (ii) the Released Defendant Persons' proportionate share of the fault.

19. The Court finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation of Settlement.

20. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings had herein.

21. Neither this Order and Final Judgment, the Stipulation of Settlement, nor any of the terms and provisions of the Stipulation of Settlement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor

the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or any wrongdoing, liability, negligence or fault of the Settling Defendants, their Related Persons, or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Settling Defendants or their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered or received against any Settling Party or any of their Related Persons as an admission, concession or evidence of the validity or invalidity of any Released Claim or Released Defendants' Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendants, or their Related Persons, or any of them, that any of Plaintiffs' or the Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Amount or that the consideration to be given pursuant to the Stipulation of Settlement

represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

22. Notwithstanding the immediately preceding paragraph, however, the Settling Parties and the other Released Defendant Persons and Released Plaintiff Persons may file the Stipulation of Settlement and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may also file the Stipulation of Settlement and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation of Settlement, the Settlement, or this Order and Final Judgment.

23. Except as otherwise provided herein or in the Stipulation of Settlement, all funds held by the Escrow Agent shall be deemed to be held *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation of Settlement and/or pursuant to further order of the Court.

24. Without affecting the finality of this Order and Judgment in any way, this Court retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation of Settlement, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

25. Absent further order of the Court, the Court hereby sets the following schedule for completing the administration of the Settlement in this matter:

    (a) the Claims Administrator shall complete its review of submitted Proofs of Claim in this matter and calculation of Recognized Claim Amounts for Authorized Claimants within 180 days of the Court's existing deadline for putative Settlement Class Members to submit completed Proofs of Claim;

(b) within twenty-one (21) days of the later of (i) the Claims Administrator's completion of its review of submitted claims or (ii) the date on which each of the conditions set forth in ¶4.14 of the Stipulation of Settlement (including the occurrence of the Effective Date) has been met, Plaintiffs' Counsel shall submit a distribution motion (the "Settlement Class Distribution Motion") to the Court, which shall seek entry of an Order (the "Distribution Order") approving the Claims Administrator's claims determinations and resolving, pursuant to ¶¶4.7-4.10 of the Stipulation of Settlement, any unresolved disputes raised by any Claimants relating to the Claims Administrator's administrative determinations;

(c) unless the Distribution Order provides for a later date, the Claims Administrator shall mail checks distributing settlement fund payments to eligible Settlement Class Members within 30 days of entry of the Distribution Order, which checks shall request that recipients cash them within 60 days;

(d) within 120 days of the mailing of distribution checks, Plaintiffs' Counsel shall file a Post-Distribution Accounting containing all of the information set forth at page 17 of this Court's "Standing Order for Civil Cases Before Judge Vince Chhabria," except that such report shall also advise the Court whether, in accordance with ¶4.15 of the Stipulation, Plaintiffs' Counsel have determined that a second distribution of unclaimed settlement funds (whether due to uncashed checks or otherwise) should be pursued, or whether any then-remaining unclaimed settlement funds should be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court;

(e) Except as provided in sub-paragraphs (a)-(d) above, without further order of the Court the Settling Defendants and Plaintiffs may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation of Settlement.

26. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

27. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's Fee and Expense Application.

28. If the Settlement is not consummated in accordance with the terms of the Stipulation of Settlement, then the Stipulation of Settlement and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation of Settlement or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and each of the Settling Parties shall be restored to his, her or its respective litigation positions as they existed immediately prior to the date of the execution of the Stipulation of Settlement.

For the reasons stated in the plaintiffs' reply in support of final approval, the objection is overruled.

Dated: January 25, 2023

_____
HON. VINCENT CHHABRIA
United States District Judge

- 14 -

**Exhibit A**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. James Peter Counihan
   1927 Arietta PL SE
   Olympia, Washington 98501

2. Richard S. Tumidalsky
   268 Paul Revere Drive
   Chesterton, Indiana 46304