1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Case No. 3:20-cv-05949-VC |
| | CLASS ACTION |
| *This Document Relates to:* | ~~[PROPOSED]~~ ORDER APPROVING FEE AND EXPENSE APPLICATION |
| *ALL ACTIONS* | Judge Vince Chhabria |

WHEREAS, this matter is before the Court on Plaintiffs' Counsel's Fee and Expense Application.

WHEREAS, the Court has considered all matters submitted to it in connection with the Application, including the Joint Declaration of Reed R. Kathrein and William C. Fredericks dated December 8, 2022, and the exhibits thereto, and Plaintiffs' Counsel's Motion and Memorandum in Support of Plaintiffs' Counsel's Fee and Expense Application, dated December 8, 2022;

WHEREAS, the Court-approved form of Notice disseminated in this matter advised Settlement Class Members (i) that Plaintiffs' Counsel intended to submit a Fee and Expense Application in which they would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, and for reimbursement of litigation expenses in an amount not to exceed $150,000, plus awards totaling no more than $10,000 in aggregate to the representative Plaintiffs pursuant to 15 U.S.C. §78u-

4(a)(4); (ii) that a copy of Plaintiffs' Counsel's actual Fee and Expense Application would be filed on December 7, 2022, and would thereafter be promptly made available for review by Settlement Class Members on the dedicated Settlement Website in this matter (www.vaxartsecuritieslitigation.com); and (iii) that all Class Members had the right to submit to the Court objections to the Fee and Expense Application or any portion thereof, either in writing or at the Fairness Hearing, by following the procedures set forth in the Notice;

WHEREAS, the Fee and Expense Application and papers in support thereof were duly posted on the Settlement Website; and

WHEREAS, the Court has considered all materials submitted in connection with the Fee and Expense Application, and reviewed the relevant standards and factors for assessing the fairness and reasonableness of the requested Fee and Expense Application.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 27, 2022 (ECF No. 224-2) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Plaintiffs' Counsel is hereby awarded as attorneys' fees a sum equal to 25% of the Settlement Amount, plus $99,468.65 in litigation expenses (both amounts to be paid from the Settlement Fund), together with any interest thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid pursuant to the terms set forth in the Stipulation, but subject to the hold-back provisions of paragraph 5 below. The Court finds that the amount of fees hereby awarded is fair, reasonable, and appropriate, after taking into consideration (among other things):

(a)      the results achieved by Plaintiffs' Counsel for the benefit of the Settlement Class, notably the creation of an all-cash $12,015,000 Settlement Fund, but also including the obtaining, in connection with the Settlement, the production of documents from the Settling Defendants for use in pursuing claims against certain non-settling persons and entities;

1      (b)     the significant litigation risks involved in pursuing the settled claims, in terms

2  of establishing both liability and damages against the Settling Defendants under the Securities

3  Exchange Act, as well as in terms of collectability even assuming that Plaintiffs were to ultimately

4  prevail on the merits at trial, such that absent the Settlement there was a high risk that Plaintiffs and

5  the Settlement Class would have recovered little or nothing from the Settling Defendants after trial;

6      (c)     the time and effort spent in litigating the settled claims by Plaintiffs' Counsel;

7      (d)     the complexity of the claims alleged, and the perseverance, diligence, and skill

8  required from Plaintiffs' Counsel;

9      (e)     the fully contingent nature of the representation;

10      (f)     fee awards in similar cases, and the consistency of the awarded 25% fee with

11  the Ninth Circuit's "benchmark" 25% fee standard; and

12      (g)     the time and effort expended by Plaintiffs' Counsel to the litigation and

13  settlement of the Released Claims, which involved 4,520.9 hours of attorney and paraprofessional time

14  with a combined lodestar value of $3,484,024.50;

15      (h)     consideration of a "lodestar cross-check," which indicates that the requested

16  25% fee (or $3,003,750 before interest) equates to a "negative multiplier" (or discount) factor of 0.86

17  on the value of Plaintiffs' Counsel's above-referenced combined lodestar;

18      (i)     the reaction of the Class, including that no Settlement Class Member(s) have

19  objected to the requested 25% attorneys' fees.

20      4.     The Court also finds that the requested expenses are reasonable in amount and are for

21  expenses of a type (e.g. filing fees, electronic legal research fees, expert fees, mediation fees) that are

22  customarily awarded in class action cases of this type.

23      5.     Such fees and expenses may be paid out of the Settlement Fund to Class Counsel at any

24  time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or

25  potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, PROVIDED,

26  however, that (A) such payments shall be subject to all of the terms, conditions and obligations

27  (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations

28  are expressly incorporated herein, and that (B) consistent with this Court's established practice, a

1    holdback of 10% of the awarded fees shall be applied, such that 10% of the awarded attorneys' fees

2    shall not be payable until the Court rules on Plaintiffs' motion for approval of the Settlement Class

3    Distribution Order pursuant to ¶ 4.10 of the Stipulation, which motion shall be accompanied by a

4    proposed order requesting the release of the remainder of the Court's fee award.

5         6.    Each of the three Class Representatives is hereby awarded $3,300 U.S.C. §78u-4(a)(4)

6    for their reasonable costs and expenses (including lost wages) incurred as a result of serving as a

7    representative of a plaintiff class, which sums the Court finds to be fair and reasonable.

8         7.    Any appeal or any challenge affecting this Court's approval regarding the Fee and

9    Expense Application shall in no way disturb or affect the finality of the Court's Judgment (substantially

10   in the form of Exhibit B to the Stipulation) approving the Settlement, or any other judgment that may

11   be entered in this Action.

12        SO ORDERED this 25th day of January, 2023.

14

15        THE HONORABLE VINCE CHHABRIA
          United States District Judge