**AKIN GUMP STRAUSS HAUER & FELD LLP**
NEAL R. MARDER (SBN 126879)
JOSHUA A. RUBIN (SBN 308421)
SINA SAFVATI (SBN 313287)
LILLIAN RAND (SBN 341581)
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Email:  nmarder@akingump.com
    rubinj@akingump.com
    ssafvati@akingump.com
    lrand@akingump.com

Attorneys for Defendants
ARMISTICE CAPITAL, LLC, ARMISTICE
MASTER FUND, LTD, STEVEN J. BOYD,
and KEITH MAHER, M.D.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Lead Case No. 3:20-cv-05949-VC |
| | District Judge: Hon. Vince Chhabria |
| | CLASS ACTION |
| This Document Relates to:<br>    ALL ACTIONS | **THE ARMISTICE DEFENDANTS' ANSWER TO PLAINTIFFS' CORRECTED SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

## ANSWER TO CORRECTED SECOND AMENDED CONSOLIDATED
## CLASS ACTION COMPLAINT

Defendants Steven J. Boyd, Keith Maher, M.D., Armistice Capital, LLC, and Armistice Capital Master Fund, Ltd. ("Defendants" OR "Armistice Defendants") hereby answer the numbered paragraphs of the Corrected Second Amended Consolidated Class Action Complaint ("SAC") (Dkt. No. 258) filed by Plaintiffs ("Plaintiffs") as set forth below.

## INTRODUCTORY STATEMENT

The SAC contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument. Many of the SAC's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the SAC are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the SAC as a whole.

Unless otherwise noted, Defendants deny knowledge or information sufficient to form a belief as to the truth of any allegation relating to any other entity, any other defendants, or any other person. Defendants further respectfully submit that the SAC contains numerous purported allegations that constitute legal conclusions. Defendants are not required to respond to legal conclusions in their Answer, but to the extent a response is required, Defendants deny such allegations, unless otherwise stated.

Defendants further respectfully submit that the tables used in the SAC do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Defendants, any such allegations are denied. The SAC contains numerous purported allegations that Vaxart's quarterly and annual filings with the U.S. Securities and Exchange Commission ("SEC"), registration statements, offering documents, and related materials were materially false or

misleading. To the extent such purported allegations constitute legal conclusions, no response is required. To the extent a response is required, Defendants deny such allegations.

The SAC contains multiple references to purported descriptions and/or summaries of, and purported quotations from, various documents, including SEC filings, press releases, emails, and text messages. In appropriate cases, Defendants respectfully refer the Court to the relevant documents for a description of their contents without admitting the truth, completeness, or accuracy thereof or the admissibility of those documents. Where defined terms are used in the SAC, they are repeated in the Answer and Defenses for ease of reference, except where otherwise defined herein.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1. To the extent Paragraph 1 references the scope of the Court's September 29, 2022 Oral Order (Dkt. No. 240), Paragraph 1 contains legal conclusions to which no response is required. Defendants admit that Plaintiffs seek to bring this lawsuit as a class action, but deny that this lawsuit may be maintained as a class action. Defendants further admit that the SAC purports to make the allegations addressed in Paragraph 1, but deny the truth of such allegations or that they have any merit. Defendants further deny they violated the federal securities laws and deny they caused damages to members of the purported class.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2.

3. Paragraph 3 contains no factual allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 4.

5.      Defendants admit that, during the relevant period, Vaxart was a biotechnology company based in San Francisco which purported to be engaged in the development of oral vaccines.  Defendants admit that Armistice owned approximately 52% of voting power of Vaxart's outstanding shares of common stock as of September 30, 2019 and that it had purchased shares at prices ranging primarily between $0.30 and $0.40 per share.  Defendants deny that during virtually all of 2019, Vaxart's common stock traded at or well below $1.00.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore deny such allegations.

6.      No response is required to the allegations in Paragraph 6 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Defendants admit that Vaxart reduced staff in late 2019, and that by early 2020 Vaxart had about 14 employees.  Defendants deny the remaining allegations contained in Paragraph 6.

7.      Defendants admit that on January 30, 2020 a committee of WHO stated that the COVID-19 outbreak met the criteria for a Public Health Emergency of International Concern and admit that Vaxart stock closed at $0.73 and $1.25 per share on January 30, 2020 and January 31, 2020 respectively.  Defendants admit that Vaxart issued a press release on January 31, 2020. Defendants admit that Boyd had written communications regarding the content of the January 31, 2020 press release.  Defendants refer to the cited documents in Paragraph 7 for a true and complete statement of its contents.   Defendants deny the remaining allegations contained in Paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vaxart stock closed at $1.93 per share on March 17, 2020 and reached an intra-day high of $3.85 per share on April 28, 2020, but deny the remaining allegations contained in Paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 relating to Vaxart's private discussions with U.S. Government agencies, and therefore deny such allegations.  Defendants admit that on April 29,

2020, Armistice sold 873,634 shares of Vaxart stock. Defendants deny the remaining allegations contained in Paragraph 9.

10. Defendants admit that the White House made an announcement concerning Operation Warp Speed on May 15, 2020 and that *Bloomberg* published an article on Operation Warp Speed on June 3, 2020. Defendants refer to these cited documents for a true and complete statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and therefore deny such allegations.

11. Defendants admit that Floroiu communicated in writing with Boyd and Maher on May 10, June 3, and June 4, 2020. Defendants refer to the cited documents for a true and complete statement of their contents. Defendants deny the remaining allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 as they relate to the knowledge of individuals and entities other than Defendants, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 13.

14. Defendants admit that in February 2020, Boyd and Maher communicated with Floroiu about the Vaxart CEO role. Defendants refer to these cited communications for a true and complete statement of their contents. Defendants deny the remaining allegations contained in Paragraph 14.

15. Defendants admit that on June 8, 2020, Vaxart held its Shareholder meeting at which Defendants Boyd, Maher, Davis, Yedid, and Floroiu were approved as directors. Defendants admit that, on or around June 8, 2020, Floroiu circulated a PowerPoint presentation to Boyd. Defendants refer to the cited document in Paragraph 15 for a true and complete statement of its contents. Defendants deny the remaining allegations contained in Paragraph 15.

16.    Defendants admit that Floroiu replaced Latour as CEO on or around June 13, 2020, but deny the allegations contained in Paragraph 16.

17.    Defendants admit that Vaxart issued a press release on June 15, 2020.  Defendants admit that on or around June 15, 2020, Boyd and Floroiu communicated in writing containing the language quoted in Paragraph 17.  Defendants refer to the cited documents for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 17.

18.    Defendants admit that, on June 18, 2020, Vaxart filed with the SEC as an exhibit to a Form 8-K a presentation to be given at a Raymond James Virtual Human Health Innovation Conference.  Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 18.

19.    Defendants admit that, on June 24, 2020, Vaxart issued a press release regarding the Russell 3000 stock market index.  Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 19.

20.    Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vaxart's stock price closed at $3.19 and $6.26 on June 24, 2020 and June 25, 2020 respectively.  Defendants admit that Vaxart issued a press release on June 25, 2020 regarding Attwill, and refer to the cited document for a true and complete statement of its contents.  Defendants lack knowledge or information to form a belief as to the truth of the allegations related to Attwill's ability to produce vaccines, and therefore deny such allegations.  Defendants deny the remaining allegations contained in Paragraph 20.

21.    Defendants admit that certain Vaxart officers or employees participated in a broadcasted H.C. Wainwright Fireside Chat on June 25, 2020.  Defendants lack knowledge or information to form a belief as to the truth of the allegations of the remaining allegations in Paragraph 21, and therefore deny such allegations.

22.    Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vaxart issued a press release on June 26, 2020

regarding a non-human primate study invitation. Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 related to Vaxart's management, and therefore deny such allegations. Defendants admit that Boyd communicated in writing on June 25, 2020 with the quoted language in Paragraph 23. Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 relating to the drafting of the press release, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 24.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore deny such allegations.

26.    Defendants admit that Vaxart's stock price closed at $3.19 per share and $6.26 per share on June 24, 2020 and June 25, 2020 respectively, and reached an intra-day high of $14.30 per share on June 26, 2020, but deny the remaining allegations contained in Paragraph 26.

27.    Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that on June 26, 2020, Armistice exercised all of its 16,666,667 $0.30 warrants and sold 18,226,667 shares of Vaxart stock at a weighted average price of $10.38 per share, and that Vaxart stock closed at $8.04 per share that day. Defendants deny the remaining allegations contained in Paragraph 27.

28.    Defendants admit that on June 29, 2020, Armistice exercised all of its $1.10 Warrants and sold 9,385,386 shares at a weighted average of $8.29 per share. Defendants otherwise deny the allegations contained in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 29.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the *New York Times* published an article on July 25, 2020 with the language quoted in Paragraph 30.  Defendants refer to the cited document for a true and complete statement of its contents.  Defendants admit that Vaxart's stock price closed at $12.29 and $11.16 per share on July 24, 2020 and July 27, 2020 respectively.  Defendants otherwise deny the allegations contained in Paragraph 30.

31.     Defendants admit that on August 19, 2020, *Business Insider* published an article with the language quoted in Paragraph 31.  Defendants refer to the cited document for a true and complete statement of its contents.  Defendants admit that Vaxart's stock closed at $9.21 and $8.81 per share on August 19, 2020 and August 20, 2020 respectively.  Defendants otherwise deny the allegations contained in Paragraph 31.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

33.     Paragraph 33 contains legal conclusions to which no response is required.

34.     Paragraph 34 contains legal conclusions to which no response is required.

35.     Defendants admit that Vaxart conducted business at the address listed. The remainder of Paragraph 35 contains legal conclusions to which no response is required.

36.     Paragraph 36 contains legal conclusions to which no response is required.

37.     Paragraph 37 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore deny such allegations.

38.     Paragraph 38 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore deny such allegations.

39.    Defendants admit that as of December 31, 2019, Vaxart had approximately 14 full-time employees.  Defendants admit that Vaxart's common stock trades on the Nasdaq Capital Market ("NASDAQ") under the symbol "VXRT."  Defendants admit that Vaxart is a corporation organized under Delaware law and headquartered at the listed address. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore deny such allegations.

40.    Defendants admit that Defendant Boyd served as Vaxart's director from October 25, 2019 until his resignation on January 28, 2021.  Defendants further admit that Defendant Boyd signed the unanimous consent related to the warrant amendments and signed Armistice's corporate filings.  Defendants deny the remaining allegations contained in Paragraph 40.

41.    Defendants admit that Defendant Maher was employed as a managing director of Armistice, served as a director of Vaxart from October 25, 2019 to January 28, 2021, and was a member of Vaxart's Compensation Committee.  Defendants further admit that Defendant Maher voted in favor of the option grants and signed the unanimous consent related to the warrant amendments.  Defendants otherwise deny the allegations contained in Paragraph 41.

42.    Defendants admit that Defendant Floroiu served as Vaxart's CEO beginning June 14, 2020, after having first been appointed as a member of Vaxart's Board of Directors on April 13, 2020, that Defendant Floroiu was employed by Armistice as a Senior Analyst seven years prior to working at Vaxart, from January to August 2013, that he previously worked at McKinsey & Company at the same time as Defendant Boyd, and that he voted in favor of the option grants and signed the unanimous consent related to the warrant amendments.  Defendants lack knowledge or information sufficient to form a belief as to how Floroiu was viewed by others, and therefore deny such allegations.  Defendants deny the remaining allegations contained in Paragraph 42.

43.    Defendants admit that Defendant Latour served as Vaxart's President and CEO, that he was replaced as Vaxart's CEO by Defendant Floroiu on or around June 14, 2020, and that he voted in favor of the option grants and signed the unanimous consent related to the warrant

amendments. Defendants lack knowledge or information sufficient to form a belief as to whether Latour continues to serve as a director and as Chairman of Vaxart's Board, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 43.

44. Defendants admit that Defendant Yedid has served as a director on Vaxart's Board since October 25, 2019, and is a member of Vaxart's Audit Committee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Yedid's role with LifeSci Advisors, and therefore deny such allegations. To the extent Paragraph 44 references communications between Yedid and Maher, Defendants refer to the cited documents for a true and correct statement of their contents. Defendants deny the remaining allegations contained in Paragraph 44.

45. Defendants admit that Defendant Davis has served as a director on Vaxart's Board and a member of its Compensation Committee since October 25, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations related to Davis and his role at RoyaltyRx Capital, LLC, and therefore deny such allegations. To the extent Paragraph 45 references communications from Defendant Boyd, Defendants refer to the cited documents for a true and complete statement of their contents. Defendants deny the remaining allegations contained in Paragraph 45.

46. Defendants admit that Defendant Finney has served as a director on Vaxart's Board and on its audit committee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore deny such allegations.

47. Defendants admit that Defendant Tucker founded Vaxart and has served as Vaxart's Chief Scientific Officer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore deny such allegations.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. Defendants refer to the cited documents for a true and complete statement of their contents.

50. Defendants admit that Armistice Capital, LLC ("Armistice Capital") is an investment manager registered with, and subject to oversight by, the Securities Exchange Commission. Defendants admit that Armistice Capital was founded by Steven Boyd in 2012. Defendants admit that during the alleged Class Period, Mr. Boyd was Armistice Capital's Chief Investment Officer and Managing Member, and that Keith Maher's title was Managing Director of Armistice Capital. Defendants otherwise deny the allegations contained in Paragraph 50.

51. Defendants admit that Armistice Capital Master Fund Ltd. ("Armistice Master Fund") is incorporated in the Cayman Islands. Defendants admit that the Vaxart shares at issue here were held in an account in the name of Armistice Master Fund. Defendants admit that Mr. Boyd is a director of Armistice Master Fund. Defendants otherwise deny the allegations contained in Paragraph 51.

52. Paragraph 52 does not state a factual allegation and therefore no response is required.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Armistice owned approximately 52% of voting power of Vaxart's outstanding shares of common stock as of September 30, 2019. Defendants deny the remaining allegations contained in Paragraph 53.

54. No response is required to the allegations in Paragraph 54 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Boyd and Maher were appointed to the Vaxart board of directors as Armistice's representatives, but deny the remaining allegations contained in Paragraph 54.

55. No response is required to the allegations in Paragraph 55 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the

extent a response is required, Defendants admit that Armistice was a minority shareholder of BioDelivery Sciences International as of March 2016 and was one of multiple institutional investors that participated in a $50 million financing deal. Defendants otherwise deny the allegations contained in Paragraph 55.

56.    No response is required to the allegations in Paragraph 56 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Defendant Maher corresponded in writing concerning Floroiu's resume. To the extent Paragraph 56 references communications between Boyd, Maher, and Floroiu, Defendants refer to the cited documents for a true and complete statement of their contents. Defendants otherwise deny the allegations contained in Paragraph 56.

57.    No response is required to the allegations in Paragraph 57 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 57 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 57.

58.    No response is required to the allegations in Paragraph 58 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 58.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny such allegations.

60.    Defendants admit that Vaxart issued a press release on June 25, 2020 regarding Attwill. Defendants refer to the cited document in Paragraph 60 for a true and correct statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Attwill, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 60.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore deny such allegations.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore deny such allegations.

63.     Defendants admit that on April 9, 2019, Vaxart's common stock closed at $0.98 per share.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63, and therefore deny such allegations.

64.     Defendants admit that Armistice is a long/short, value-oriented and event-driven investment fund primarily focused on the health care and consumer sectors.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64, and therefore deny such allegations.

65.     Defendants admit that Armistice purchased shares of Vaxart stock in 2018.  To the extent Paragraph 65 purports to describe the warrant amendments at issue, Defendants refer to the warrant agreements for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 65.

66.     Defendants admit that on April 11, 2019 Armistice purchased warrants to purchase 4,090,909 shares of Vaxart common stock at $1.10 per share.  Defendants refer to the warrants for a true and complete statement of their terms.  Defendants deny the remaining allegations contained in Paragraph 66.

67.     Defendants deny the allegations contained in Paragraph 67.

68.     Defendants admit that on September 30, 2019 Armistice obtained warrants to purchase 16,666,667 shares of Vaxart common stock at $0.30 per share and that these warrants contained beneficial ownership limitations, but otherwise deny the allegations contained in Paragraph 68.

69.     No response is required to the allegations in Paragraph 69 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).   To the

extent a response is required, Defendants admit that Armistice owned approximately 52% of the voting power of Vaxart's outstanding shares of common stock as of September 30, 2019. Defendants otherwise refer to the cited documents for a true and complete statement of their contents.

70.    No response is required to the allegations in Paragraph 70 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants admit that Vaxart's Board had eight members in October 2019, including Defendant Boyd, Defendant Maher, Yedid, and Davis, and that after the September 30, 2019 Offering Defendants Boyd and Maher had discussions with Davis and Yedid regarding the new Board positions.  Defendants deny the remaining allegations in paragraph 70.

71.    Defendants admit that in October 2019, Yedid and Boyd communicated in writing with the language quoted in Paragraph 71.  Defendants refer to the cited documents in Paragraph 71 for a true and complete statement of their contents, but otherwise deny the allegations stated in Paragraph 71.

72.    Defendants admit that Vaxart's Board had eight members in October 2019, including Defendants Boyd, Maher, Yedid, and Davis, and that on November 30, 2019 Vaxart announced that Richard J. Markham had resigned.  Defendants deny the remaining allegations contained in Paragraph 72.

73.    Defendants admit that on October 1, 2019, Vaxart stock price opened at $0.36 per share and did not close above $0.40 per share for the remainder of the year.  Defendants deny the remaining allegations contained in Paragraph 73.

74.    No response is required to the allegations in Paragraph 74 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants admit that Vaxart stated in a public filing that its board of directors had approved a reduction-in-force and had dismissed KPMG LLP, or KPMG, as its independent registered public accounting firm.  Defendants refer to this public filing for a true and

complete statement of its contents.  Defendants otherwise deny the allegations contained in Paragraph 74.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and therefore deny such allegations.

76.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and therefore deny such allegations.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and therefore deny such allegations.

78.    Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 78.

79.    Defendants admit that Vaxart stock closed at $0.36 per share on January 2, 2020, but otherwise deny the allegations contained in Paragraph 79.

80.    Defendants admit that on January 30, 2020 a committee of WHO stated that the COVID-19 outbreak met the criteria for a Public Health Emergency of International Concern. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and therefore deny such allegations.

81.    Defendants admit that, on or around January 28, 2020, Latour and Boyd communicated in writing.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 81.

82.    Defendants admit that Vaxart issued a press release on January 31, 2020.  Defendant refer to the cited document in Paragraph 82 for a true and complete statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 relating to what CW1 believed, and therefore deny such allegations.  Defendants otherwise deny the allegations in Paragraph 82.

83.    Defendants admit that on January 31, 2020, Vaxart stock closed at $1.25 per share, but otherwise deny the allegations contained in Paragraph 83.

84.    Defendants admit that Boyd and Floroiu corresponded in writing on February 17 and February 18, 2020.  Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 84.

85.    Defendants admit that in February 2020, Boyd and Maher communicated with Floroiu about the Vaxart CEO role.  Defendants admit that Boyd, Maher, and Floroiu communicated in writing on February 21, 2020. Defendants refer to the cited documents for a true and complete statement of their contents.  Defendants otherwise deny the allegations contained in Paragraph 85.

86.    No response is required to the allegations in Paragraph 86 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 86 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that on February 27, 2020, Vaxart stock traded at an intra-day high of $3.40 per share.  Defendants admit that on or around February 27, 2020, Boyd communicated in writing with the quoted language in Paragraph 86.  Defendants refer to the cited document for a true and complete statement of its contents.  Defendants admit that on February 27, 2020, Vaxart announced that it had entered into definitive agreements for an at-the-market direct offering for the issuance and sale of 4,000,000 shares of its common stock and warrants to purchase up to 2,000,000 shares of its common stock, at a combined purchase price of $2.50 per share and associated warrant, for aggregate gross proceeds of $10.0 million.  Defendants deny the remaining allegations contained in Paragraph 86.

87.    Defendants admit that Vaxart's stock price hit a low of $1.08 on March 16, 2020, but deny the remaining allegations contained in Paragraph 87.

88.    Defendants admit that, in March 2020, Floroiu communicated in writing discussing a "Vaxart Plan of Action."  Defendants refer to the cited document for a true and complete statement of its contents.  Defendants deny the remaining allegations contained in Paragraph 88.

89.     Defendants admit that on March 11, 2020 WHO "made the assessment that COVID-19 c[ould] be characterized as a pandemic."  Defendants admit that on March 13, 2020 the U.S. Government "proclaim[ed] that the COVID-19 outbreak in the United States constitute[d] a national emergency, beginning March 1, 2020," and that certain travel restrictions were implemented.  Defendants admit that on March 15, 2020, some states began to implement COVID-19 related shutdowns.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, and therefore deny such allegations.

90.     The allegations in Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 90.

91.     Defendants admit that Vaxart issued a press release on March 18, 2020.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 91.

92.     Defendants admit that on March 18, 2020 and March 25, 2020, Vaxart stock closed at $2.34 and $1.68 per share respectively, but otherwise deny the allegations contained in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 93.

94.     Defendants admit that Vaxart issued a press release on March 31, 2020.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 94.

95.     Defendants admit that on March 31, 2020, Vaxart's stock closed at $1.77 per share, and that on April 2, 2020 Vaxart's stock closed at $1.68 per share, but otherwise deny the remaining allegations contained in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Floroiu and Boyd worked at McKinsey at the

same time, and that Defendant Floroiu worked at Armistice as a senior analyst seven years before he worked at Vaxart. Defendants admit that Vaxart filed a Form 8-K on April 14, 2020. Defendants refer to the cited documents for a true and complete statement of their contents. Defendants otherwise deny the allegations contained in Paragraph 96.

97.    Defendants admit that on April 14, 2020, Vaxart's stock closed at $2.04 per share, but otherwise deny the allegations contained in Paragraph 97.

98.    No response is required to the allegations in Paragraph 98 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Additionally, Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 98.

99.    Defendants admit that Boyd and Tucker communicated in writing on April 16, 2020. Defendants refer to the cited document in Paragraph 99 for a true and complete statement of its contents.

100.    To the extent Paragraph 100 references communications between Defendants Boyd and Tucker, Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the remaining allegations contained in Paragraph 100.

101.    Defendants admit that Vaxart issued a press release on April 21, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 related to LifeSci's communications with Vaxart, and therefore deny such allegations. Defendants admit that Vaxart stock closed at $3.16 per share on April 21, 2020, but otherwise deny the allegations contained in Paragraph 102.

103.    Defendants admit that Vaxart issued a press release on April 28, 2020, and that Boyd and Maher had reviewed a draft of the press release and provided proposed revisions. Defendants

refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 103.

104. Paragraph 104 contains legal conclusions to which no response is required. Defendants admit that on April 28, 2020, Armistice sold 1,292,070 shares of Vaxart stock, that Vaxart's stock intra-day high was $3.85 per share, and that Vaxart's stock closed at $3.27 per share, but otherwise deny the allegations contained in Paragraph 104.

105. Defendants admit that between January 2, 2020 and April 28, 2020, Vaxart issued eight press releases, but otherwise deny the allegations contained in Paragraph 105.

106. Defendants admit that on April 29, 2020, *Bloomberg* published an article containing the quoted language in Paragraph 106. Defendants refer to the cited document for a true and complete statement of its contents.

107. Defendants admit that on April 29, 2020, Armistice sold 873,634 shares of Vaxart stock and Vaxart stock closed at $3.00 per share. Defendants otherwise deny the allegations contained in Paragraph 107.

108. Defendants admit that Vaxart issued a press release on April 30, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 108.

109. Defendants admit that on April 30, 2020, Armistice sold 4,434,296 shares of Vaxart stock and Vaxart stock closed at $2.70 per share. Defendants otherwise deny the allegations contained in Paragraph 109.

110. Defendants admit that Vaxart issued four press releases between April 29 and June 3, 2020. Defendants refer to the cited documents in Paragraph 110 for a true and complete statement of their contents. Defendants admit that Armistice sold 18,200,000 shares of Vaxart stock between April 28 and June 3, 2020, but otherwise deny the allegations contained in Paragraph 110.

111.    Defendants admit that the *Wall Street Journal* published an article on May 5, 2020, with the quoted language in Paragraph 111. Defendants refer to the cited document for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore deny such allegations.

112.    Defendants admit that Science Magazine published an article on May 12, 2020 with the quoted language in Paragraph 112. Defendants refer to the cited document for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore deny such allegations.

113.    Defendants admit that Vaxart issued a press release on May 12, 2020. Defendants refer to the cited document for a true and complete statement of its contents. Defendants admit that on May 12, 2020, Armistice sold 1,581,076 shares of Vaxart stock. Defendants admit that Vaxart's stock closed at $2.85 per share on May 11, 2020, and $2.93 per share on May 12, 2020. Defendants otherwise deny the allegations contained in Paragraph 113.

114.    Defendants admit that on May 15, 2020, the White House and HHS issued statements. Defendants refer to the cited documents and remarks in Paragraph 114 for a true and complete statement of their contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore deny such allegations.

115.    Defendants refer to the cited documents in Paragraph 115 for a true and complete statement of their contents. Defendants admit that Armistice sold 458,639 shares of Vaxart stock on May 15, 2020. Defendants otherwise deny the allegations contained in Paragraph 115.

116.    Defendants admit that Vaxart issued a press release on May 20, 2020. Defendants refer to the cited document for a true and complete statement of its contents, and admit that

Armistice sold 1.15 million shares of Vaxart stock on May 20, 2020. Defendants otherwise deny the allegations contained in Paragraph 116.

117. Defendants admit that the *Wall Street Journal* published an article on May 21, 2020 with the quoted language in Paragraph 117. Defendants refer to the cited document in Paragraph 117 for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore deny such allegations.

118. Defendants admit that on May 27, 2020, ImmunityBio issued a press release with the quoted language in Paragraph 118. Defendants refer to the cited document in Paragraph 118 for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore deny such allegations.

119. Defendants admit that NantKwest's stock closed at $5.45 and $7.58 on May 26, 2020 and May 27, 2020 respectively, but otherwise deny the allegations contained in Paragraph 119.

120. Defendants admit that *Science Magazine* published an article on June 1, 2020 with the language quoted in Paragraph 120. Defendants refer to the cited documents for a true and complete statement of their contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore deny them.

121. Defendants refer to the document cited in Paragraph 121 for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore deny such allegations.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, and therefore deny such allegations.

123.  Defendants admit that Armistice sold Vaxart shares in late May 2020.  Defendants otherwise deny the allegations contained in Paragraph 123.

124.  Defendants admit that Armistice sold 18,200,000 shares of Vaxart stock between April 28, 2020 and June 3, 2020, but otherwise deny the allegations contained in Paragraph 124.

125.  Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.  No response is required to the allegations in Paragraph 126 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 126 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.  Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.  Defendants admit that on June 3, 2020, the *New York Times* published an article with the language quoted in Paragraph 128.  Defendants refer to the cited documents in Paragraph 128 for a true and complete statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore deny such allegations.

129.  Defendants refer to the cited documents and statement in Paragraph 129 for a true and complete statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore deny such allegations.

130.  Defendants admit that on May 10, 2020 and May 28, 2020, Boyd, Maher, and Floroiu communicated in writing with the language quoted in Paragraph 130.  Defendants refer to the cited documents for a true and complete statement of their contents.  Defendants deny the remaining allegations contained in Paragraph 130.

131.    Defendants admit that the *New England Journal of Medicine* published an article on August 26, 2020 with the quoted language in Paragraph 131.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 131.

132.    Defendants refer to the cited document in Paragraph 132 for a true and complete statement of its contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore deny such allegations.

133.    Defendants refer to the cited document in Paragraph 133 for a true and complete statement of its contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore deny such allegations.

134.    Defendants admit that Floroiu, Boyd, and Maher communicated in writing on June 3 and June 4, 2020.  Defendants refer to the cited documents in Paragraph 134 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 134.

135.    Defendants deny the allegations contained in Paragraph 135.

136.    No response is required to the allegations in Paragraph 136 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants admit that Vaxart reported in public filings that shareholder voting power for the June 8, 2020 Annual Board meeting was based on investor holdings as of April 9, 2020.  Defendants refer to the public filing for a true and complete statement of its contents.  Defendants admit that as of April 9, 2020, Armistice owned 25.2 million shares of Vaxart common stock.  Defendants deny the remaining allegations contained in Paragraph 136.

137.    Defendants admit, in June 2020, Boyd and Maher communicated with Floroiu about potentially serving as Vaxart CEO.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137, and therefore deny such allegations.

138.    Defendants deny the allegations contained in Paragraph 138.

139.    Defendants admit that Boyd and Floroiu communicated in writing with the language quoted in Paragraph 139.  Defendants refer to the cited document in Paragraph 139 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 139.

140.    Defendants admit that the warrant amendments became effective on June 8, 2020 when they were countersigned.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140, and therefore deny such allegations.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants admit that on June 8, 2020, Latour updated the board of directors concerning Vaxart's invitation to participate in a non-human primate study.  Defendants admit that on or around June 8, 2020, Boyd and Floroiu communicated in writing with the quoted language in Paragraph 143.  Defendants refer to the cited documents in Paragraph 143 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 143.

144.    Defendants admit that, on or around June 8, 2020, Floroiu circulated a PowerPoint presentation to Boyd.  Defendants refer to the cited document in Paragraph 144 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 144.

145.    Defendants deny the allegations contained in Paragraph 145.

146.    Defendants admit that on June 9, 2020, Todd Davis communicated in writing. Defendants refer to the cited document in Paragraph 146 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 146.

147.    Defendants admit that Vaxart held a Board meeting on June 12, 2020.  Defendants admit that, on June 12, 2020, Boyd and Floroiu communicated in writing with the language quoted in Paragraph 147.  Defendants refer to the cited documents in Paragraph 147 for a true and

complete statement of their contents, but otherwise deny the allegations contained in Paragraph 147.

148. Defendants admit that Vaxart passed a resolution by written consent on June 13, 2020. Defendants refer to the cited documents in Paragraph 148 for a true and complete statement of their contents.

149. Defendants admit that on June 13, 2020, the Board approved a Letter Agreement with Floroiu. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 149.

150. Defendants deny the allegations contained in Paragraph 150.

151. Defendants deny the allegations contained in Paragraph 151.

152. Defendants deny the allegations contained in Paragraph 152.

153. Defendants admit that Armistice's research indicated that, as of June 15, 2020, there was short interest in Vaxart. Defendants admit that a short sale occurs when a trader sells stock it has borrowed. To the extent Paragraph 153 references communications between Boyd and Floroiu, Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations referenced in Paragraph 153.

154. Defendants admit that between June 15, 2020 and June 26, 2020, Vaxart issued five press releases and presented at two conferences. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 154.

155. Defendants admit that Vaxart issued a press release on June 15, 2020, which was reviewed and edited by certain of the Armistice Defendants. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 155.

156.    Defendants admit that Boyd communicated in writing regarding Vaxart's June 15, 2020 press release.  Defendants refer to those communications for a true and complete statement of their contents.  Defendants otherwise deny the allegations contained in Paragraph 156.

157.    Paragraph 157 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Armistice would later reduce its ownership of Vaxart's common stock to 0.2% based on 94,941,898 outstanding.  Defendants deny the remaining allegations contained in Paragraph 157.

158.    Defendants admit that Floroiu and Boyd communicated in writing on June 16, 2020. Defendants refer to the cited documents in Paragraph 158 for a true and correct statement of their contents.

159.    Defendants admit that on June 18, 2020, Vaxart filed a Form 8-K with the language quoted in Paragraph 159.  Defendants refer to the cited documents for a true and complete statement of their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and therefore deny such allegations.

160.    Defendants admit that on or around June 17, 2020, Floroiu communicated in writing with the language quoted in Paragraph 160.  Defendants refer to the cited documents in Paragraph 160 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 160.

161.    Defendants refer to the cited document in Paragraph 161 for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161, and therefore deny such allegations.

162.    Defendants admit that Vaxart filed a press release on August 10, 2020.  Defendants refer to the August 10, 2020 press release for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 162.

163.    Defendants deny the allegations contained Paragraph 163.

164. Defendants admit that Vaxart issued a press release on June 23, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 164.

165. Defendants deny the allegations contained in Paragraph 165.

166. Defendants admit that Vaxart issued a press release on June 24, 2020. Defendants refer to the cited document in Paragraph 166 for a true and complete statement of its contents.

167. Defendants admit that Vaxart stock closed at $3.19 per share on June 24, 2020, but otherwise deny the allegations contained in Paragraph 167.

168. Defendants refer to the cited document in Paragraph 168 for a true and complete statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168, and therefore deny such allegations.

169. Defendants admit that the Russell 3000 Index reconstitution concluded at the close of U.S. equity markets on June 26, 2020. Defendants deny the remaining allegations contained in Paragraph 169.

170. Defendants admit that Echerd and Boyd communicated on June 24, 2020. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 170.

171. Defendants admit that each board member approved an amendment to Vaxart's insider trading policy on June 25, 2020. Defendants deny the remaining allegations contained in Paragraph 171.

172. Defendants admit that Vaxart issued a press release on June 25, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 172.

173. Defendants admit that Maher and Floroiu communicated in writing on June 24, 2020. To the extent Paragraph 173 references these communications, Defendants refer to the cited

documents for a true and complete statement of their contents. Defendants admit that Vaxart stock closed at $3.19 and $6.48 on June 24, 2020 and June 25, 2020 respectively, but otherwise deny the allegations contained in Paragraph 173.

174. Defendants deny the allegations contained in Paragraph 174.

175. The allegations in Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 relating to Attwill's capabilities, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 175.

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore deny such allegations.

177. Paragraph 177 contains legal conclusions to which no response is required. To the extent Paragraph 177 references communications between Attwill, Floroiu, and his staff, Defendants refer to the cited documents for a true and complete statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177, and therefore deny such allegations.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore deny such allegations.

179. Defendants admit that on June 25, 2020, Floroiu and Tucker participated in H.C. Wainwright Virtual Fireside Chat Series. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179, and therefore deny such allegations.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore deny such allegations.

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore deny such allegations.

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore deny such allegations.

183.    Defendants deny the allegations contained in Paragraph 183.

184.    Defendants admit that Boyd and Floroiu communicated in writing on June 25, 2020. To the extent Paragraph 184 refers to these communications, Defendants refer to the cited documents for a true and complete statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 regarding Vaxart's communications with LifeSci, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 184.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and therefore deny such allegations.

186.    Defendants admit that Vaxart issued a press release on June 26, 2020. Defendants refer to the cited document in Paragraph 186 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 186.

187.    Defendants deny the allegations contained in Paragraph 187.

188.    Defendants deny the allegations contained in Paragraph 188.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 regarding communications relating to the drafting of the June 26, 2020 press release and Vaxart's communications with the FDA, and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 189.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore deny such allegations.

191.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore deny such allegations.

192.    Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 192 relating to the drafting of the June 26, 2020 press release, and therefore deny such allegations. Defendants otherwise deny the allegations in Paragraph 192.

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore deny such allegations.

194. Defendants admit that on June 26, 2020, Vaxart's stock closed at $8.04 per share, but otherwise deny the allegations contained in Paragraph 194.

195. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and therefore deny such allegations.

196. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore deny such allegations.

197. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore deny such allegations.

198. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore deny such allegations.

199. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, and therefore deny such allegations.

200. Defendants admit that on June 29, 2020 *Genetic Engineering and Biotechnology News* published an article with the quoted language in Paragraph 200. Defendants refer to the cited document in Paragraph 200 for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore deny such allegations.

201. Defendants admit that on July 10, 2020 *Pharmaceutical Technology* published an article with the quoted language in Paragraph 201. Defendants refer to the cited document for a true and complete statement of its contents. Defendants otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore deny such allegations.

202.   Defendants admit that on July 22, 2020, the *Motley Fool* published an article with the quoted language in Paragraph 202.  Defendants refer to the cited document for a true and complete statement of its contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore deny such allegations.

203.   Defendants admit that on June 26, 2020, Armistice exercised all of its 16,666,667 $0.30 warrants and sold 18,226,667 shares of Vaxart stock at a weighted average price of $10.38 per share.  Defendants otherwise deny the allegations contained in Paragraph 203.

204.   Defendants admit that on June 29, 2020, Armistice exercised all of its $1.10 Warrants and sold 9,385,386 shares at a weighted average of $8.29 per share.  Defendants otherwise deny the allegations contained in Paragraph 204.

205.   Defendants admit that Armistice could not exercise all 20,757,576 Warrants at once due to the 19.99% beneficial ownership limitation. Defendants deny the remaining allegations contained in Paragraph 205.

206.   Defendants admit that Armistice's June 26, 2020 and June 29, 2020 sales totaled approximately $267 million after which Armistice retained approximately 0.2% of Vaxart's outstanding common stock.  Defendants deny the remaining allegations in Paragraph 206.

207.   Defendants admit that Davis, Yedid, Boyd, and Maher communicated in writing on June 30, 2020 and July 1, 2020.  Defendants refer to those documents cited in Paragraph 207 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 207.

208.   Defendants admit that Davis, Yedid, Boyd, and Maher communicated in writing on June 30, 2020 and July 1, 2020.  Defendants refer to those documents cited in Paragraph 208 for a

true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 208.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, and therefore deny such allegations.

210.    Defendants admit that Vaxart raised funds through an At-The-Money offering on or around July 13, 2020.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210, and therefore deny such allegations.

211.    Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that on July 25, 2020, the *New York Times* published an article with the quoted language in Paragraph 211.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 211.

212.    Defendants refer to the cited document in Paragraph 212 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 212.

213.    Defendants refer to the cited document in Paragraph 213 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 213.

214.    Defendants refer to the cited document in Paragraph 214 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 214.

215.    Defendants admit that the twitter account @SpoxHHS issued a tweet on July 25, 2020 with the language quoted in Paragraph 215.  Defendants refer to the cited statement for a true and complete statement of its contents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore deny such allegations.

216.    Defendants admit that the twitter account @SpoxHHS issued a tweet on July 25, 2020 with the language quoted in Paragraph 216, but otherwise deny the allegations contained in

Paragraph 216. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore deny such allegations.

217. Defendants admit that Vaxart filed a Form 8-K on October 14, 2020 with the language quoted in Paragraph 217. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 217.

218. Defendants admit that on Monday, July 27, 2020, Vaxart's stock price closed at $11.16 per share.

219. Defendants admit that Vaxart stock closed at $9.21 per share on August 19, 2020, but otherwise deny the allegations contained in Paragraph 219.

220. Defendants admit that *Business Insider* published an article on August 19, 2020 with the language quoted in Paragraph 220. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 220.

221. Defendants refer to the cited document in Paragraph 221 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 221.

222. Defendants admit that on August 20, 2020, Vaxart stock closed at $8.81 per share, but otherwise deny the allegations contained in Paragraph 222.

223. No response is required to the allegations in Paragraph 223 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 223 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 223.

224. Defendants admit that Vaxart issued a press release on January 2, 2020. Defendants refer to the cited document in Paragraph 224 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 224.

225. Defendants admit that Vaxart issued a press release on January 22, 2020. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 225.

226.    Defendants refer to the cited document in Paragraph 226 for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 226.

227.    Defendants admit that Vaxart issued a press release on January 31, 2020. Defendants refer to the cited document in Paragraph 227 for a true and complete statement of its contents.

228.    Defendants admit that Vaxart issued a press release on March 19, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 228.

229.    Defendants admit that Vaxart issued a press release on April 28, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 229.

230.    Defendants admit that Vaxart issued a press release on May 12, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 230.

231.    Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 231.

232.    Defendants admit that Vaxart issued a press release on June 25, 2020 with the language quoted in Paragraph 232. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 232.

233.    Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 233.

234.    Defendants admit that Vaxart issued a press release on June 26, 2020 with the quoted language in Paragraph 234. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 234.

235.    Paragraph 235 contains legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the cited document and statement in Paragraph

235 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 235.

236. Defendants admit that on June 26, 2020, Vaxart's stock reached an intra-day high of $14.30 per share, but otherwise deny the allegations contained in Paragraph 236.

237. Defendants deny the allegations contained in Paragraph 237.

238. Defendants admit that *The Motley Fool* published a column described in Paragraph 238. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 238.

239. Defendants admit that *Business Insider* published a report on June 26, 2020 with the language quoted in Paragraph 239. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 239.

240. Defendants admit that *The Motley Fool* published a report on June 30, 2020 with the language quoted in Paragraph 240. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 240.

241. Defendants admit that *Seeking Alpha* published a report on July 6, 2020 with the language quoted in Paragraph 241. Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 241.

242. Defendants admit that *Investors Alley* published a report on July 15, 2020 with the language quoted in Paragraph 242. Defendants refer to the cited document for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore deny such allegations.

243. Defendants admit that *Pharmaceutical Technology* published a report on July 15, 2020 with the language quoted in Paragraph 243. Defendants refer to the cited document for a true and complete statement of its contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore deny such allegations.

244.    Defendants admit that on July 22, 2020, *The Motley Fool* published an article with the language quoted in Paragraph 244.  Defendants refer to the cited document for a true and complete statement of its contents, but otherwise deny the allegations contained in Paragraph 244.

245.    Defendants deny the allegations contained in Paragraph 245.

246.    Paragraph 246 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 246.

247.    Paragraph 247 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vaxart's stock price closed at $11.16 per share on July 27, 2020, but deny the remaining allegations contained in Paragraph 247.

248.    Paragraph 248 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vaxart filed a Form 4 on June 30, 2020. Defendants refer to the cited document for a true and complete statement of its contents. Defendants admit that on June 30, 2020, Vaxart's stock closed at $8.85 per share, that on July 1, 2020, Vaxart's stock closed at $8.00 per share, that on July 2, 2020, Vaxart's stock closed at $7.37 per share, and that on July 6, 2020, Vaxart's stock closed at $6.44 per share.  Defendants deny the remaining allegations contained in Paragraph 248.

249.    Paragraph 249 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 249.

250.    No response is required to the allegations in Paragraph 250 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293) and are legal conclusions.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 250.

251.    No response is required to the allegations in Paragraph 251 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293) and are legal conclusions.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 251.

252. No response is required to the allegations in Paragraph 252 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293) and are legal conclusions. To the extent a response is required, Defendants admit that Boyd and Davis communicated in writing on October 1, 2019 and that on or around October 4, 2019, Maher left a voicemail for Yedid. Defendants refer to the cited documents for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 252.

253. No response is required to the allegations in Paragraph 253 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Boyd communicated in writing in April 2020 with the language quoted in Paragraph 253, and that Maher sent Yedid a voicemail on or around May 1, 2020. Defendants refer to the cited document and voicemail for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 253.

254. No response is required to the allegations in Paragraph 254 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Yedid communicated in writing with the language quoted in Paragraph 254, and refer to the cited documents for a true and complete statement of their contents. Defendants otherwise deny the allegations contained in Paragraph 254.

255. No response is required to the allegations in Paragraph 255 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 255.

256. No response is required to the allegations in Paragraph 256 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 256.

257. Defendants admit that Maher and Floroiu communicated in writing on February 21, 2020. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 257.

258. Defendants admit that Vaxart's Board had eight members in October 2019, including Defendant Boyd, Defendant Maher, Yedid, and Davis, and that on November 30, 2019, Vaxart announced that Richard J. Markham had resigned, but otherwise deny the remaining allegations contained in Paragraph 258.

259. No response is required to the allegations in Paragraph 259 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 259.

260. No response is required to the allegations in Paragraph 260 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 260.

261. No response is required to the allegations in Paragraph 261 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that on September 9, 2020 Boyd and Floroiu communicated in writing with the language quoted in paragraph 261. Defendants refer to the cited documents for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 261.

262. No response is required to the allegations in Paragraph 262 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Davis, Yedid, Boyd, and Maher communicated in writing on June 30, 2020 and July 1, 2020. Defendants refer to those cited documents in Paragraph 262 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 262.

263.    No response is required to the allegations in Paragraph 263 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Defendants admit that Davis, Yedid, Boyd, and Maher communicated in writing on June 30, 2020 and July 1, 2020. Defendants refer to those cited documents in Paragraph 263 for a true and complete statement of their contents, but otherwise deny the allegations contained in Paragraph 263.

264.    No response is required to the allegations in Paragraph 264 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293) and are legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 264.

265.    No response is required to the allegations in Paragraph 265 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that as of December 31, 2019, Vaxart had approximately 14 full-time employees, but deny the remaining allegations contained in Paragraph 265.

266.    No response is required to the allegations in Paragraph 266 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 266. Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding LifeSci, and therefore deny such allegations.

267.    No response is required to the allegations in Paragraph 267 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 267.

268.    No response is required to the allegations in Paragraph 268 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 268 regarding how others viewed Floroiu, and on that basis deny those allegations. Defendants deny the remaining allegations contained in Paragraph 268.

269. No response is required to the allegations in Paragraph 269 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Boyd and Floroiu communicated in writing on July 24, 2020. Defendants refer to the cited documents for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 269.

270. No response is required to the allegations in Paragraph 270 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Floroiu and Boyd communicated in writing on June 16, 2020. Defendants refer to the cited documents for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 270.

271. No response is required to the allegations in Paragraph 271 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Armistice filed a Schedule 13D in November 2019. Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 271.

272. No response is required to the allegations in Paragraph 272 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that in March 2020 Vaxart conducted a direct offering of 4 million shares and 2 million warrants. Defendants admit that Vaxart filed a Form 10-K on March 19, 2020. Defendants refer to the cited document for a true and complete statement of its contents, but deny the remaining allegations contained in Paragraph 272.

273. No response is required to the allegations in Paragraph 273 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the

extent a response is required, Defendants admit that shareholder voting power for the June 8, 2020 Annual Board meeting was based on investor holdings as of April 9, 2020, with one vote for each share of common stock owned. To the extent Paragraph 273 refers to communications by Defendant Latour, Defendants refer to the cited documents for a true and complete statement of their contents, but deny the remaining allegations contained in Paragraph 273.

274. No response is required to the allegations in Paragraph 274 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants admit that Armistice sold 18,200,000 shares of Vaxart stock between April 28 and June 3, 2020 and admit that Vaxart's Board approved amendments to the warrants that increased the beneficial ownership limitation for both series of warrants to 19.99%, but deny the remaining allegations contained in Paragraph 274.

275. No response is required to the allegations in Paragraph 275 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Yedid's role with LifeSci Advisors and therefore deny such allegations. Defendants deny the remaining allegations contained in Paragraph 275.

276. No response is required to the allegations in Paragraph 276 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 276.

277. No response is required to the allegations in Paragraph 277 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 277.

278. No response is required to the allegations in Paragraph 278 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). To the extent a response is required, Defendants deny the allegations contained in Paragraph 278.

279.    No response is required to the allegations in Paragraph 279 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants admit that Boyd communicated in writing regarding Vaxart's June 15, 2020 press release.  Defendants refer to those communications for a true and complete statement of their contents.  Defendants deny the remaining allegations contained in Paragraph 279.

280.    No response is required to the allegations in Paragraph 280 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants admit that Maher and Floroiu communicated in writing on June 24, 2020.  Defendants refer to the cited documents in Paragraph 280 for a true and complete statement of their contents.  Defendants deny the remaining allegations contained in Paragraph 280.

281.    No response is required to the allegations in Paragraph 281 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants deny the allegations contained in Paragraph 281.

282.    No response is required to the allegations in Paragraph 282 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants deny the allegations contained in Paragraph 282.

283.    Paragraph 283 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 283.

284.    Paragraph 284 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 284.

285.    Paragraph 285 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 285.

286.    Paragraph 286 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 286.

287.    Paragraph 287 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the number of shares sold or acquired listed in the chart contained in Paragraph 287 is accurate, but otherwise deny the allegations contained in Paragraph 287.

288.    Paragraph 288 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 288.

289.    Paragraph 289 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289, and therefore deny such allegations.

290.    Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-289 of the SAC with the same force and effect as if fully set forth herein.

291.    Paragraph 291 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 291.

292.    Paragraph 292 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 292.

293.    Paragraph 293 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 293.

294.    Paragraph 294 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 294.

295.    Paragraph 295 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 295.

296.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296, and therefore deny such allegations.

297.    Defendants deny the allegations contained in Paragraph 297.

298.    Paragraph 298 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 298.

299.    Defendants admit that Vaxart engaged in an At-The-Money Offering on or around July 13, 2020.  Defendants deny the remaining allegations contained in Paragraph 299.

300.    Paragraph 300 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 300.

301.    Defendants admit that as of March 2020 Vaxart had approximately 14 full-time employees and that on March 19, 2020 Vaxart announced that it was putting certain vaccine programs on hold.  Defendants refer to Vaxart's public announcement for a true and complete statement of its content.  Defendants otherwise deny the allegations contained in Paragraph 301.

302.    Paragraph 302 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 302.

303.    Paragraph 303 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 303.

304.    Paragraph 304 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 304.

305.    Paragraph 305 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Armistice filed multiple Form 4s in 2019 and 2020 reflecting changes in beneficial ownership, and Boyd signed these forms. Defendants refer to the cited documents for a true and complete statement of their contents.  Defendants deny the remaining allegations contained in Paragraph 305.

306.    Paragraph 306 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 306.

307.    Paragraph 307 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 307.

308.    Paragraph 308 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 308.

309. Paragraph 309 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 309.

310. Paragraph 310 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 310.

311. Paragraph 311 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 311.

312. Paragraph 312 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 312.

313. Paragraph 313 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 313.

314. Paragraph 314 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 314.

315. Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-314 of the SAC with the same force and effect as if fully set forth herein.

316. Paragraph 316 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 316.

317. No response is required to the allegations in Paragraph 317 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 317 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 317.

318. No response is required to the allegations in Paragraph 318 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 318 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 318.

319. No response is required to the allegations in Paragraph 319 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 319

also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 319.

320.  No response is required to the allegations in Paragraph 320 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 320 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 320.

321.  No response is required to the allegations in Paragraph 321 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 321 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 321.

322.  No response is required to the allegations in Paragraph 322 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 322 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 322.

323.  No response is required to the allegations in Paragraph 323 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 323 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 323.

324.  No response is required to the allegations in Paragraph 324 as they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  To the extent a response is required, Defendants deny the allegations contained in Paragraph 324.

325.  Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-324 of the SAC with the same force and effect as if fully set forth herein.

326.  Paragraph 326 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 326.

327.    Paragraph 327 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 327.

328.    Paragraph 328 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 328.

329.    Paragraph 329 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 329.

330.    Paragraph 330 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 330.

331.    Paragraph 331 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 331.

332.    Paragraph 332 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 332.

333.    Paragraph 333 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 333.

334.    Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-333 of the SAC with the same force and effect as if fully set forth herein.

335.    No response is required to the allegations in Paragraph 335 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 335 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 335.

336.    No response is required to the allegations in Paragraph 336 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293).  Paragraph 336 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 336.

337.    Paragraph 337 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 337.

338. No response is required to the allegations in Paragraph 338 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 338 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 338.

339. No response is required to the allegations in Paragraph 339 to the extent they relate to claims that were dismissed pursuant to the Court's May 25, 2023 Order (Dkt. No. 293). Paragraph 339 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 339.

340. Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-339 of the SAC with the same force and effect as if fully set forth herein.

341. Paragraph 341 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 341.

342. Paragraph 342 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 342, and therefore deny such allegations.

343. Paragraph 343 contains legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the cited statute for a true and correct statement of its contents.

344. Paragraph 344 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 344.

345. Paragraph 345 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 345.

346. Paragraph 346 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 346.

347. Paragraph 347 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 347.

348. Paragraph 348 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 348.

349. Paragraph 349 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 349.

350. Paragraph 350 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 350.

351. Paragraph 351 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 351.

352. Paragraph 352 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 352.

353. Paragraph 353 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 353.

354. Paragraph 354 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 354.

355. Paragraph 355 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 355.

356. Paragraph 356 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 356.

357. Paragraph 357 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 357.

358. Paragraph 358 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 358.

359. Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1-358 of the SAC with the same force and effect as if fully set forth herein.

360. Paragraph 360 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 360.

361.   Paragraph 361 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 361.

362.   Paragraph 362 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 362.

363.   Paragraph 363 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 363.

Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Plaintiffs' demand for jury trial contains no factual allegations and no response is required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## SEPARATE DEFENSES

By designating the following defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by their denials and averments. These defenses are pled in the alternative, and are raised to preserve the rights of Defendants to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses. Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

Without admitting any wrongful conduct on the part of Defendants and without conceding that they have the burden of proof on any of the following defenses, Defendants assert the following defenses to the SAC and reserve the right to add, alter and/or amend their defenses and affirmative defenses as the course of discovery so requires.

### First Defense

(Failure to State a Claim for Relief)

Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a claim against Defendants upon which relief may be granted.

### Second Defense

(Statute of Limitations)

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of limitation.

### Third Defense

(Statutes of Repose)

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of repose.

**Fourth Defense**

(Doctrine of Laches)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of laches.

**Fifth Defense**

(Timing of Purchases)

Plaintiffs' claims for relief are barred, in whole or in part, insofar as they are based upon alleged conduct that concluded before, or began after, Plaintiffs' securities purchases.

**Sixth Defense**

(Standing)

Plaintiffs' claims for relief are barred, in whole or in part, insofar as Plaintiffs lack standing to assert the claims alleged in this action.

**Seventh Defense**

(Failure to Use Due Care)

Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, the failure to use due care.

**Eighth Defense**

(Release)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs, by acts, omissions and/or conduct, have released, in whole or in part, their right to obtain relief sought in the SAC.

**Ninth Defense**

(Contributory Negligence, Comparative Negligence and/or Assumption of Risk)

Plaintiffs' claims for relief are barred, in whole or in part, by Plaintiffs' own negligence under the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

Plaintiffs voluntarily assumed the risks disclosed by Vaxart and further assumed the risk that the value of Vaxart securities would decline.

## Tenth Defense

(Absence of Due Diligence)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to exercise appropriate due diligence in connection with their investments.

## Eleventh Defense

(No Duty to Disclose)

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information.

## Twelfth Defense

(Bespeaks Caution Doctrine and Forward-Looking Statements)

Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution and/or were forward-looking statements and/or contained sufficient cautionary language and risk disclosure as to be non-actionable under the PSLRA.

## Thirteenth Defense

(No Material Misrepresentation)

Plaintiffs' claims for relief are barred, in whole or in part, because the public filings, registration statements, and written and oral statements by Vaxart did not contain any actionable misrepresentations or omissions, all statements alleged to have been made had a reasonable basis in fact, and because any alleged misrepresentations or omissions were not material.

**Fourteenth Defense**

(No Scienter/Culpable Participation)

Plaintiffs' claims for relief are barred in whole or in part because Plaintiffs have failed to allege, and cannot prove, any facts showing that Defendants acted with the requisite scienter or culpably participated in the alleged misconduct.

**Fifteenth Defense**

(Good Faith)

Plaintiffs' claims for relief are barred, in whole or in part, because at all times mentioned in the SAC and with respect to all matters contained therein, Defendants acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the SAC that allegedly give rise to liability. At all relevant times, Defendants acted without intent to defraud and without recklessness or negligence, and did not directly or indirectly induce the acts constituting alleged violations of Section 10(b) and Rule 10b-5.

**Sixteenth Defense**

(Reliance on Management and Professionals)

Plaintiffs' claims for relief are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Vaxart, Defendants exercised reasonable diligence and/or reasonably relied on information and advice provided to it by Vaxart's management, independent public accountants, underwriters, lawyers, other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete. Defendants had no reasonable ground to believe and did not believe, at the time any part of a registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make any statement therein not misleading.

**Seventeenth Defense**

(Public Disclosure)

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions that were publically disclosed or were in the public domain and thus were available to Plaintiffs.

**Eighteenth Defense**

(Actual or Constructive Knowledge)

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions for which Plaintiffs and/or their agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

**Nineteenth Defense**

(No Reasonable Reliance)

Plaintiffs' claims for relief are barred, in whole or in part, because at all relevant times Plaintiffs and/or their purported agents did not reasonably rely on any material misrepresentations or omissions, or on the price of Vaxart's securities as affected by any alleged misrepresentations or omissions, in purchasing Vaxart securities.

**Twentieth Defense**

(No Causation of Violation)

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants did not directly or indirectly cause the alleged violations complained of in the SAC.

**Twenty-First Defense**

(No Loss Causation)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot show loss causation.

**Twenty-Second Defense**

(No Transaction Causation)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot show transaction causation.

**Twenty-Third Defense**

(No Causation of Damages)

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiffs.

**Twenty-Fourth Defense**

(No Economic Loss)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs suffered no economic loss.

**Twenty-Fifth Defense**

(Failure to Mitigate Damages)

Any damage, loss, or liability sustained by Plaintiffs (which Defendants deny) must be reduced, diminished, and/or barred in proportion to Plaintiffs' failure to mitigate, reduce, or otherwise avoid any alleged damages.

**Twenty-Sixth Defense**

(Duplicative Recovery)

Any damage, loss, or liability sustained by Plaintiffs (which Defendants deny) must be reduced, diminished and/or barred to the extent Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

**Twenty-Seventh Defense**

(Proportionate Reduction of Judgment)

Any judgment against Defendants must be reduced, diminished, and/or barred in proportion to the percentage of responsibility, if any, assessed by the jury as to Defendants pursuant to the PSLRA, 15 U.S.C. § 78u-4, principles of equitable allocation, recoupment, set off, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

**Twenty-Eighth Defense**

(Fraud of Others)

If the allegations in the SAC are true (which Defendants deny), then Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others, in that information relating to Vaxart and related entities was not provided to Defendants and/or was knowingly concealed from Defendants.

**Twenty-Ninth Defense**

(Pre-Judgment Interest)

Defendants deny that Plaintiffs are entitled to pre-judgment interest.

**RESERVATION OF RIGHTS**

Defendants reserve the right to add additional defenses as they become known during the course of this litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, Defendants respectfully seek judgment as follows:

A.     That Plaintiffs take nothing by virtue of the SAC;

B.     That Plaintiffs' claims against Defendants are dismissed with prejudice;

C.     That Defendants be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.     For such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a jury trial.

Dated:  June 23, 2023                                  Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By _/s/ Neal R. Marder_
Neal R. Marder

Attorneys for ARMISTICE CAPITAL, LLC, ARMISTICE CAPITAL MASTER FUND, LTD., STEVEN J. BOYD and KEITH MAHER, M.D.