Akin Gump Strauss Hauer & Feld LLP
NEAL R. MARDER (SBN 126879)
JOSHUA A. RUBIN (SBN 308421)
SINA SAFVATI (SBN 313287)
LILLIAN RAND (SBN 341581)
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Email: nmarder@akingump.com
rubinj@akingump.com
ssafvati@akingump.com
lrand@akingump.com

Attorneys for Defendants ARMISTICE CAPITAL, LLC, ARMISTICE MASTER FUND, LTD, STEVEN J. BOYD, and KEITH MAHER, M.D.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. 3:20-cv-05949-VC<br><br>District Judge: Hon. Vince Chhabria<br><br>CLASS ACTION<br><br>**DECLARATION OF JOSHUA RUBIN IN SUPPORT OF ARMISTICE DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL DOCUMENTS REFERENCED IN PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS, PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR SPOLIATION SANCTIONS, AND PLAINTIFFS MOTION FOR AN EVIDENTIARY HEARING** |

I, Joshua Rubin, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and I am counsel with the law firm Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendants Armistice Capital, LLC, Armistice Master Fund, Ltd, Steven J. Boyd, and Keith Maher, M.D. in this matter (collectively "Armistice Defendants"). I have personal knowledge of the facts set forth herein, and if called upon as a witness I could and would testify competently thereto under oath.

2. I am making this declaration pursuant to the Court's Order entered on September 11, 2024, (Dkt. 391) in support of Armistice Defendants' Renewed Motion for Motion to Seal Documents Referenced in Plaintiffs' Motion for Spoliation Sanctions, Plaintiffs' Reply in Support of its Motion for Spoliation Sanctions, and Plaintiffs' Motion for an Evidentiary Hearing ("Renewed Motion to Seal").

3. On April 29, 2024, Lead Plaintiffs Wei Huang and Langdon Elliott and Additional Plaintiff Ani Hovhannisyan (collectively, "Plaintiffs") filed a Motion for Spoliation Sanctions (" Sanctions Motion") (Dkt. 344) and a Declaration of Jeffrey P. Jacobsen in Support of the Sanctions Motion ("Jacobson Declaration") (Dkt. 344-1), in which Plaintiffs conditionally filed under seal certain exhibits that were designated as confidential by Armistice Defendants or non-parties. On April 29, 2024, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Material Referenced in Plaintiffs' Motion Should be Sealed ("April 29, 2024 Administrative Motion") (Dkt. 343). On May 6, 2024, Armistice Defendants filed a Declaration of Joshua A. Rubin in Response to Plaintiffs' April 29, 2024 Administrative Motion ("May 6, 2024 Rubin Declaration") (Dkt. 349), and requested that the Court seal all or portions of Exhibits 5, 26, and 27 of the Jacobson Declaration.

4. On June 13, 2024, Plaintiffs filed a Reply in Support of the Sanctions Motion ("Sanctions Reply") (Dkt. 370) and a Supplemental Declaration of Jeffrey P. Jacobsen in Support of the Sanctions Motion ("Jacobson Supplemental Declaration"), in which Plaintiffs conditionally filed under seal certain exhibits that were designated as confidential by Armistice Defendants or

non-parties. On June 13, 2024, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Material Referenced in Plaintiffs' Reply Should be Sealed ("June 13, 2024 Administrative Motion") (Dkt. 369). On June 20, 2024, Armistice Defendants filed a Declaration of Joshua A. Rubin in Response to Plaintiffs' June 13, 2024 Administrative Motion ("June 20, 2024 Rubin Declaration") (Dkt. 372), and requested that the Court seal all or portions of Exhibits 29, 31–36, 38-39, and 42-46 of the Jacobson Supplemental Declaration.

5. On September 4, 2024, Plaintiffs filed a Motion for an Evidentiary Hearing Regarding Spoliation ("Evidentiary Hearing Motion") (Dkt 386) and a Declaration of Jeffrey P. Jacobsen in Support of the Evidentiary Hearing Motion ("September 4, 2024 Jacobson Declaration") (Dkt. 386-1), in which Plaintiffs conditionally filed under seal certain exhibits that were designated as confidential by Armistice Defendants. On September 4, 2024, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Material Referenced in Plaintiffs' Motion for an Evidentiary Hearing Should be Sealed ("September 4, 2024 Administrative Motion") (Dkt. 385). On September 11, 2024, Armistice Defendants filed a Declaration of Joshua A. Rubin in Response to Plaintiffs' September 4, 2024 Administrative Motion ("September 11, 2024 Rubin Declaration") (Dkt. 392), and requested that the Court seal all or portions of Plaintiffs' Evidentiary Hearing Motion and exhibits A, B, D, E, and F to the September 4, 2024 Jacobson Declaration.

6. On September 11, 2024, the Court denied the April 29, 2024 Administrative Motion (Dkt. 343) and the June 13, 2024 Administrative Motion (Dkt. 369) and requested that Armistice Defendants submit a Renewed Motion to Seal regarding all relevant exhibits, other than Exhibit 5, along with proposed redactions by September 28, 2024 (Dkt. 391).

7. In consideration of this Court's September 11, 2024 Order (Dkt. 391), Armistice Defendants file this Renewed Motion to Seal in which they propose targeted redactions rather than filing exhibits completely under seal. These targeted redactions relate to proprietary and sensitive information about Armistice Defendants' trades in securities other than Vaxart that are unrelated to this litigation, certain compliance materials prepared in close connection with counsel that are

not referenced or cited in Plaintiffs' motions, or personally identifiable information which implicates the privacy interests of the individuals involved and may expose such individuals to harm or harassment. The proposed redactions for Exhibits 42, 43, A, and B now allow the reader to know when Steven Boyd and Keith Maher called each other or Andrei Floroiu.

8. Additionally, although the Court has not ruled on the September 4, 2024 Administrative Motion (Dkt. 385), Armistice Defendants are submitting proposed targeted redactions for Exhibits A and B that are in line with the Court's September 11, 2024 Order (Dkt. 391).

9. The targeted, proposed redactions are attached to this declaration as further specified below.

**Legal Standard**

10. Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents," and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). When a party seeks to seal or redact information that is "more than tangentially related to the underlying cause of action," it must meet the "compelling reasons" standard to justify removing that information from the public domain. *Id.* at 1098-99. To satisfy this standard, a court must find "a compelling reason and articulate[] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

11. While this Court has discretion to determine what information can be sealed, courts often find that the protection of personal information satisfies the compelling reasons standard. *See, e.g., M.A. Mobile, Ltd. v. Indian Inst. of Tech. Kharagpur*, 400 F. Supp. 3d 867, 896 (N.D. Cal. 2019) ("Third-party names and email addresses are sealable."). "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)). Further, confidential documents relating to legal advice are typically filed under seal. *See Hernandez v. Creative Concepts*, 2013 WL 3864066, at *9 (D. Nev. July 24, 2013).

**Portions of the Motion Should Be Sealed**

12. I have reviewed the Motion, Jacobson Declaration, and supporting exhibits. Based on my review, there is good cause to seal the following information:

| Description of Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Exhibit 26 | Redact individuals telephone numbers. See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)*. |
| Exhibit 27 | Redact portions of document not pertaining to personal e-mail and electronic communications. See proposed redactions attached. | This document contains proprietary and sensitive Armistice compliance materials prepared in close connection with counsel. Even though this document was produced, it is still highly sensitive and relates to legal advice. *See Hernandez*, 2013 WL 3864066, at *9.<br>Notably, the portions of the compliance manual that Plaintiffs refer to and rely on in their papers are *not* being redacted. |

**Portions of the Reply Should Be Sealed**

13. I have reviewed the Reply, Jacobson Supplemental Declaration, and supporting exhibits. Based on my review, there is good cause to seal the following information:

| Description of Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Exhibit 29 to the Supplemental Jacobson Declaration | Redact individuals' email addresses.<br><br>Redact references to proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).*<br><br>Portions of this document contain proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 31 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).*<br><br>This document contains proprietary and sensitive |

| | | |
|---|---|---|
| | | Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 32 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).*<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 33 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).*<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |

| | | |
|---|---|---|
| Exhibit 34 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)*.<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 35 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)*.<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 36 to the Supplemental Jacobson Declaration | Redact individuals' email addresses and usernames. | Personal information that implicates the privacy interests of the individuals involved and which is |

| | | |
|---|---|---|
| | Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)*.<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 38 to the Supplemental Jacobson Declaration | Redact individuals' email addresses and usernames.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart.<br><br>See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)*.<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 39 to the Supplemental Jacobson Declaration | Redact individuals' email addresses and usernames.<br><br>Redact proprietary and sensitive information related to Armistice trades in securities other than Vaxart. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA* |

| | | |
|---|---|---|
| | See proposed redactions attached. | *of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).<br><br>This document contains proprietary and sensitive Armistice materials not related to Vaxart, which are not referenced or quoted in Plaintiffs' Reply Brief. |
| Exhibit 42 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers. See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).<br><br>The proposed redactions are color coded and are labeled accordingly so that the reader now can identify when Steven Boyd and Keith Maher called each other or Andrei Floroiu. |
| Exhibit 43 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL |

| | | |
|---|---|---|
| | | *1206748, at *2 (N.D. Cal. Mar. 14, 2019).*<br><br>The proposed redactions are color coded and are labeled accordingly so that the reader now can identify when Steven Boyd and Keith Maher called each other or Andrei Floroiu. |
| Exhibit 44 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers, email addresses, and physical addresses. See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).* |
| Exhibit 45 to the Supplemental Jacobson Declaration | Redact individuals' telephone numbers and email addresses. See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019). |
| Exhibit 46 to the Supplemental Jacobson Declaration | Redact individuals' email addresses. See proposed redactions attached. | Personal information that implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may |

| | | |
|---|---|---|
| | | expose such individuals to harm or harassment. *See AAA of N. Cal. Nev. & Utah v. General Motors LLC, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).* |

**Motion for an Evidentiary Hearing**[1]

14. I have reviewed the Motion for an Evidentiary Hearing, September 4, 2024 Jacobson Declaration, and supporting exhibits. Based on my review, there is good cause to seal the following information:

| Description of Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Exhibit A to Jacobson Declaration | Redact sensitive, personal information.<br><br>See proposed redactions. | This document contains sensitive, personal information, namely cell phone numbers of Defendants and third parties. This information implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. See *AAA of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).<br><br>In light of the Court's September 11, 2024 Order [Doc. No. 391] concerning Exhibits 42 and 43 (which are |

[1] Armistice Defendants filed a separate declaration supporting the sealing of other documents lodged conditionally under seal in support of Plaintiffs' Evidentiary Hearing Motion. *See* Dkt. 392. The Court has not yet ruled on that sealing request.

| | | |
|---|---|---|
| | | similar to Exhibit A), Armistice Defendants included proposed redactions to Exhibit A. The proposed redactions are color coded and are labeled accordingly so that the reader now can identify when Steven Boyd and Keith Maher called each other or Andrei Floroiu. |
| Exhibit B to Jacobson Declaration | Redact sensitive, personal information.<br><br>See proposed redactions. | This document contains sensitive, personal information, namely cell phone numbers of Defendants and third parties. This information implicates the privacy interests of the individuals involved and which is unrelated to the allegations or issues in the case and may expose such individuals to harm or harassment. See *AAA of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).<br><br>In light of the Court's September 11, 2024 Order [Doc. No. 391] concerning Exhibits 42 and 43 (which are similar to Exhibit B), Armistice Defendants included proposed redactions to Exhibit B. The proposed redactions are color coded and are labeled accordingly so that the reader now can identify when Steven Boyd and Keith Maher called each other or Andrei Floroiu. |

15. Armistice Defendants request that the foregoing information be redacted on the public docket and that unredacted versions be filed under seal. This request is narrowly tailored to protect highly sensitive, confidential, and personally identifiable information of individuals that may be used to harm or harass such individuals. This Court has recognized that redactions such as the foregoing are narrowly tailored and a proper means of safeguarding such information. *See Nursing Home Pension Fund*, 2007 WL 3232267, at *2; *See AAA*, 2019 WL 1206748 at *2.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on this 18th day of September, 2024 at Los Angeles, California.

*/s/ Joshua Rubin*
Joshua Rubin