Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Counsel for Proposed Class Representatives Wei Huang and Langdon Elliott*

[Additional counsel on signature page]

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
Facsimile: (212) 233-6334
wfredericks@scott-scott.com
jjacobson@scott-scott.com

*Counsel for Proposed Class Representative Ani Hovhannisyan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re VAXART, INC. SECURITIES LITIGATION

*This Document Relates to:*

*ALL ACTIONS*

Case No. 3:20-cv-05949-VC

CLASS ACTION

**PLAINTIFFS' PROPOSED VERDICT FORM**

Judge: Hon. Vince Chhabria

In accordance with this Court's December 2, 2024 Order, Plaintiffs hereby submit the following proposed verdict form in connection with their renewed motion for class certification (ECF No. 380). *See also* Civil Standing Order (October 23, 2024 version). Counsel will be prepared to answer any questions the Court may have regarding the proposed verdict form or the manageability of the class action trial at the December 5, 2024 hearing.

DATED: December 4, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Raffi Melanson (*pro hac vice*)
1 Faneuil Hall Sq 5th Floor
Cambridge, MA 02142
Telephone: (708) 628-4966
Facsimile: (708) 628-4950
raffim@hbsslaw.com

*Counsel for Proposed Class Representatives Wei Huang and Langdon Elliott*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

John T. Jasnoch (281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
Facsimile: (212) 233-6334
wfredericks@scott-scott.com
jjacobson@scott-scott.com

*Counsel for Proposed Class Representative Ani Hovhannisyan*

**THE SCHALL LAW FIRM**

Brian J. Schall (290685)
2049 Century Park East, Suite 2460,
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Additional Counsel*

## [PROPOSED VERDICT FORM]

### A. RULE 10b-5(a) and (c) CLAIMS: LIABILITY

1. Have Plaintiffs proved that any of the Defendants violated SEC Rule 10b-5(a) and/or (c)?

*(You may select YES for multiple Defendants.)*

| | | |
|---|---|---|
| Armistice Capital LLC: | Yes: ___________ | No: _________ |
| Armistice Capital Master Fund, Ltd.: | Yes: ___________ | No: _________ |
| Stephen Boyd: | Yes: ___________ | No: _________ |
| Keith Maher: | Yes: ___________ | No: _________ |

*Move on to Next Page.*

**B. SECTION 20A CLAIMS: CONTEMPORANEOUS TRADING LIABILITY**

2. Have Plaintiffs proved that Defendant Armistice Capital Master Fund, Ltd. violated Section 20A of the Exchange Act by transacting in Vaxart securities on June 26, 2020?

   Yes: ________ No: _________

   *Move on to Question 3.*

3. Have Plaintiffs proved that Defendant Armistice Capital Master Fund, Ltd. violated Section 20A of the Exchange Act by transacting in Vaxart securities on June 29, 2020?

   Yes: ________ No: _________

   *Move on to Question 4.*

4. Write in the total amount of profits gained by Defendant Armistice Capital Master Fund, Ltd. as a result of all stock transactions that are the subject of its Section 20A violations. *(The amount may not exceed the amount of profits gained described by Plaintiffs' expert in their Merits Report (ECF No. 379-2) at ¶¶ 182-86. Write in $0 if you find that Defendant Armistice Capital Master Fund, Ltd. did not violate Section 20A on any date.)*

   $___________

   *Move on to Next Page.*

**C. Section 20(a) Control Person Liability Claims for Section 10(b) and 20A Violations**

5. Have Plaintiffs proved that any of the following Defendants was a controlling person of Defendant Armistice Capital Master Fund, Ltd.?

*(You may select YES for multiple Defendants.)*

| | | |
|---|---|---|
| Armistice Capital LLC: | Yes: ________ | No: _________ |
| Stephen Boyd: | Yes: ________ | No: _________ |
| Keith Maher: | Yes: ________ | No: _________ |

*Move on to Question 6.*

6. Have Plaintiffs proved that any of the following Defendants was a controlling person of Defendant Armistice Capital LLC?

*(You may select YES for multiple Defendants.)*

| | | |
|---|---|---|
| Stephen Boyd: | Yes: ________ | No: _________ |
| Keith Maher: | Yes: ________ | No: _________ |

*Move on to Next Page.*

## D. DAMAGES

7. Write in the table below the amount of artificial inflation per share that was present in the price for Vaxart common stock ***at the close of the trading day*** for each trading day shown.

- *For any of the entries below, if you find for whatever reason that Vaxart stock was artificially inflated by some, but not all of the amount of inflation described by Plaintiffs' expert in Table C of their Merits Report (ECF No. 379-2 at p. 121), then you may write in any amount of per share inflation you find was proven so long as that amount does not exceed the amount described by Plaintiffs' or Defendants' experts in their reports.*

- *If you find that Vaxart's stock price was not artificially inflated until June 26, 2020, you should write in zero for June 25, 2020.*

- *If you find that all artificial inflation in the price of Vaxart's common stock came out of the stock price before July 25, 2020, you should write in zero for the first day you find that Vaxart's stock was no longer artificially inflated and for every day thereafter.)*

| Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|
| | | | 25-June<br>$____ | 26-June<br>$____ |
| 29-June<br>$____ | 30-June<br>$____ | 1-July<br>$____ | 2-July<br>$____ | 3-July<br>*Market Closed* |
| 6-July<br>$____ | 7-July<br>$____ | 8-July<br>$____ | 9-July<br>$____ | 10-July<br>$____ |
| 13-July<br>$____ | 14-July<br>$____ | 15-July<br>$____ | 16-July<br>$____ | 17-July<br>$____ |
| 20-July<br>$____ | 21-July<br>$____ | 22-July<br>$____ | 23-July<br>$____ | 24-July<br>$____ |

*Move on to Question 8.*

8. Circle and fill in ***only one*** of the following options for measuring the artificial inflation present in the price of Vaxart common stock ***during the trading day*** on June 26, 2020.

| **Option 1** | | **Option 2** | | **Option 3** |
|---|---|---|---|---|
| Purchase Price Minus $3.25 | OR | Purchase Price Minus $____ | OR | __________ |
| *Circle option 1 if you find that the intraday formula for calculating inflation offered by Plaintiffs' expert at ¶ 153 of their report is the appropriate measure of artificial inflation during the trading day on June 26, 2020.* | | *Circle option 2 if you find that the formula in option 1 requires a different value for the but-for implied stock price in order to appropriately measure artificial inflation during the trading day on June 26, 2020. Write in that new value.* | | *Circle option 3 if you find that artificial inflation for intra-trading day transactions on June 26 should be measured by any other formula or value, such as the close-of-trading price or a value provided by Defendants. Write in that new formula or static value.* |

*Move on to Question 9.*

9. Circle and fill in ***only one*** of the following options for measuring the artificial inflation present in the price of Vaxart common stock ***during the trading day*** on June 29, 2020.

| **Option 1** | | **Option 2** | | **Option 3** |
|---|---|---|---|---|
| Purchase Price Minus $3.20 | OR | Purchase Price Minus $____ | OR | __________ |
| *Circle option 1 if you find that the intraday formula for calculating inflation offered by Plaintiffs' expert at ¶ 153 of their report is the appropriate measure of artificial inflation during the trading day on June 29, 2020.* | | *Circle option 2 if you find that the formula in option 1 requires a different value for the but-for implied stock price in order to appropriately measure artificial inflation during the trading day on June 29, 2020. Write in that new value.* | | *Circle option 3 if you find that artificial inflation for intra-trading day transactions on June 29 should be measured by any other formula or value, such as the close-of-trading price or a value provided by Defendants. Write in that new formula or static value.* |

*Move on to Next Page.*

**CERTIFICATION**

Once this form is completed, the jury foreperson must sign and date below:

Date: _________________

Signed: _________________ Jury Foreperson