# Exhibit G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re VAXART, INC. )
SECURITIES LITIGATION )
-------------------------- )
This Document Relates to: ) Master Case No.
ALL ACTIONS ) 3:20-cv-05949-VC
-------------------------- )

* * * C O N F I D E N T I A L * * *

March 26, 2024
9:34 a.m.

Videoconferenced deposition of BRANT BIEHN, held virtually with the witness located in St. Augustine Beach, Florida, pursuant to subpoenas, before Laurie A. Collins, a Registered Professional Reporter and Notary Public of the State of New York.

recall specifically discussing the idea of whether to issue a press release or was it an ongoing discussion with the management team?

ATTORNEY MELANSON: Objection to form.

A. I would say this would have come up at our very next management team. This was so important to us, we would have probably called a special one for the next day, potentially. I don't even know what day 5/29 was, or 5/30. But this was pretty -- if it was a week day, we probably would have called a management team meeting and jumped on and had a discussion about this.

Q. We covered this earlier, but would you describe for me again why this invitation was so important to Vaxart?

A. Sure. So we knew that OWS had sucked up all the cash. None -- we weren't having traction with talking with the government entities about our proposal that we had put in, so therefore we thought we were getting sidelined.

When the NHP study was announced, we felt that this was a way for us to leapfrog forward; and if we did well in this NHP study, then we would be part of the second wave of cash

coming from the federal government, to the tune of a billion dollars or more.

So for us this was a huge deal, a really big deal.

This study, by the way, as an aside, is worth like a million dollars, the actual study itself. So it was a big deal.

Q. When you say it's worth like a million dollars, what do you mean by that?

A. So if we had had to pay Batel to do this study for us, it would have cost a million dollars to do that. We talked earlier about the nonhuman primate study being hamsters or monkeys. The hamster study would have been great to have, but it was like $100,000 study.

Nonhuman primate study is a million-dollar study. So from an outside optics perspective, it's coolish and it also gets us into humans a lot quicker. If we were positive here, we would have been flipped over into a human study right away, or at least that's what we perceived.

Q. And if you were flipped over into a human study, assuming the nonhuman primate study results were positive, was it your understanding at this time that that could be accompanied by

federal funding from Operation Warp Speed?
A. That was our understanding of how it would happen, absolutely.
Q. You mentioned that a nonhuman primate study would otherwise cost approximately a million dollars. Did Vaxart have to go out of pocket for that $1 million in connection with the nonhuman primate study?
ATTORNEY MELANSON: Objection to form, foundation.
A. I'm not sure what you mean. For this particular study or a different study?
Q. Correct. I guess my question is just as part of the invitation to participate in the nonhuman primate study was the U.S. government paying that cost, that expense, that you estimate it could be a million dollars on behalf of Vaxart?
A. Yeah, this was the OWS grant basically to call us, Batel, whatever, to perform the study on our behalf. So it was -- we don't know, because we don't know the negotiation between them, but it was probably around a million dollars that they would have paid Batel.
Q. You mentioned that there was a -- let me scratch that.

C E R T I F I C A T E

STATE OF NEW YORK )
: ss.
COUNTY OF NEW YORK )

I, LAURIE A. COLLINS, a Registered Professional Reporter and Notary Public within and for the State of New York, do hereby certify:

That BRANT BIEHN, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the witness.

I further certify that I am not related to any of the parties to this action by blood or marriage and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 29th day of March 2024.

LAURIE A. COLLINS, RPR