Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Class Counsel*

[Additional counsel on signature page]

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
Facsimile: (212) 233-6334
wfredericks@scott-scott.com
jjacobson@scott-scott.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br>*This Document Relates to:*<br>    ALL ACTIONS | Case No. 3:20-cv-05949-VC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**<br><br>Date:  April 8, 2025<br>Time:  11:00 AM<br>Courtroom:  4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

**[REDACTED VERSION]**

## TABLE OF CONTENTS

**Page**

I. THE 2025 PRODUCTIONS JUSTIFY FURTHER DISCLOSURE ................................2

    A. The New Documents Confirm Boyd Likely Destroyed the Texts in March 2021 ............................................................................................................3

    B. After Stalling Under Pressure to Image Boyd's Phone, by March 2021 Armistice Was Running Out of Excuses .......................................................3

II. ARGUMENT ..................................................................................................................6

    A. Defendants' and Akin's USG Communications Are Not Protected ........................6

    B. Akin Time Entries, Internal Emails, and Memos Relating to Preservation, Spoliation, and Recovery and/or USG Inquiries Should Be Produced ................................................................................................6

    C. *In Camera* Review Is Necessary to Confirm Whether Defendants and Akin Over-Redacted to Conceal Information Relevant to Spoliation or Trial Issues ........................................................................................7

    D. The Crime-Fraud Exception Warrants *In Camera* Review of *All* Withheld Materials, Including Opinion Work Product ............................................9

    E. The Vaxart Portions of the Restricted List Should Be Completely Unredacted ...............................................................................................................10

III. CONCLUSION .............................................................................................................10

## TABLE OF AUTHORITIES

**<u>Page(s)</u>**

### CASES

*Gates Corp. v. CRP Indus., Inc.*,
    2018 WL 4697327 (D. Colo. Aug. 10, 2018), *objections overruled*, 2019 WL
    2183408 (May 21, 2019) ..............................................................................................9

*In re Nat'l Mortg. Equity Corp. Mortg. Pool Cert. Litig.*,
    116 F.R.D. 297 (C.D. Cal. 1987) ...............................................................................10

*U.S. v. Zolin*,
    491 U.S. 554 (1989) ......................................................................................................9

## TABLE OF DEFINED TERMS

| TERM | DEFINITION |
|---|---|
| Akin | Akin Gump Strauss Hauer & Feld LLP |
| Akin Opp. | Refers to Non-Party Akin Gump Strauss Hauer & Feld LLP's Response to Plaintiffs' Motion to Compel, filed March 21, 2025 (ECF No. 475) |
| Arm. Opp. | Refers to Armistice's Opposition to Plaintiffs' Motion to Compel the Production of Documents, filed March 21, 2025 (ECF No. 474) |
| Boyd Decl. | Refers to the Declaration of Steven J. Boyd in Support of Armistice Defendants' Opposition to Plaintiffs' Motion for Spoliation Sanctions, filed May 28, 2024 (ECF No. 366-13) |
| Boyd Dep. Tr. | Refers to the transcript of the deposition of defendant Steven Boyd, taken on July 3, 2024 (marked as Sanctions Ex. 61 in connection with the December 9, 2024 Evidentiary Hearing) |
| Ev. Hr'g | Refers to the Evidentiary Hearing held before the Court on December 9, 2024 |
| Ex. | Refers to exhibits attached to the accompanying Declaration of Reed R. Kathrein in Support of Plaintiffs' Reply in Support of Motion to Compel the Production of Documents |
| MTC | Refers to Plaintiffs' Motion to Compel the Production of Documents, filed March 7, 2025 (ECF Nos. 470 (public), 471-3 (sealed)) |
| MTC Ex. | Refers to exhibits attached to the Declaration of Reed R. Kathrein in Support of Plaintiffs' Motion to Compel the Production of Documents, filed March 7, 2025 (ECF Nos. 470 (public), 471 (sealed)) |
| Sanctions Exs. | Refers to exhibits attached to the Declaration of Jeffrey P. Jacobson in Support of Plaintiffs' Motion for Spoliation Sanctions, filed on April 29, 2024 (ECF Nos. 343 (sealed), 344 (public)) and the Supplemental Declaration of Jeffrey P. Jacobson in Support of Plaintiffs' Motion for Spoliation Sanctions, filed on June 13, 2024 (ECF Nos. 369 (sealed), 370 (public)) |
| Suppl. Shapiro Decl. | Refers to the Supplemental Declaration of Kaitlin D. Shapiro in Support of Non-Party Akin Gump Strauss Hauer & Feld LLP's Response to Plaintiffs' Motion for Spoliation Sanctions and Court's Order to Show Cause Concerning Sanctions, filed January 8, 2025 (ECF No. 444-1) |
| 2/6/2025 Hr'g Tr. | Refers to the Transcript of Proceedings related to the Case Management Conference held before the Court on February 6, 2025 (ECF No. 468) |
| 12/9/2024 Hr'g Tr. | Refers to the Transcript of Proceedings related to the Evidentiary Hearing held before the Court on December 9, 2024 (ECF No. 426) |

Having kept their spoliation hidden for years, Armistice and Akin's latest productions raise serious questions. Why are there no communications recounting Boyd's and Maher's deletion stories? ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████ *And why did Armistice only now reveal in their opposition that they were in the process and under the pressure of a rolling production to the U.S. Government ("USG") when the Boyd-Maher spoliation occurred?*

While Armistice insists they have done exactly what the Court requested, they still (1) redacted entire sections of documents without apparent or tailored cause (*e.g.*, ████████ ██████████████████████████████) (2) refuse to log or produce internal Akin time records, emails, or memos that discuss the deletion, preservation, or recovery on the premise they are not communications with the other entities (*e.g.*, no time entries from Mr. Marder or any other Akin attorney in *this* case have been produced, or even logged); (3) decline to produce any opinion work product; and (4) refuse to log or produce *clearly* non-privileged communications between Defendants and the USG despite their latest bombshell that the USG—far from having waning interest in Armistice documents—was engaged *during this same period* in "highly sensitive investigations (concerning the very subject matter at issue in this case)," with Armistice making "ten rolling productions from August 2020 *to June 2021*." Arm. Opp. at 10.

Moreover, Plaintiffs have shown a "factual basis adequate to support a good faith belief" that the requested materials may reveal evidence to establish that the crime-fraud exception applies. MTC at 12. Armistice, and perhaps Akin, appear to have obstructed the USG (and Plaintiffs) from obtaining the Boyd-Maher texts. And they succeeded, as no record of the USG being told of this spoliation has been produced, despite the Court's Order. Because the crime-fraud exception sweeps away all claims of privilege (including as to "opinion work product"), full production of unredacted copies of *all* relevant documents at issue, regardless of privilege asserted,

is merited, including internal Akin work product. Indeed, Defendants and Akin apparently consent to *in camera* review of the logged documents (or portions thereof) still withheld. Arm. Opp. at 8; Akin Opp. at 2.[1] Beyond this, the USG communications and Akin work product (and time entries), which have not yet even been logged, should be either produced (USG communications are not privileged) or logged and reviewed *in camera* (including Akin documents from a long-enough period to include what Akin's attorneys in *this* action were told, and when).

I.   **THE 2025 PRODUCTIONS JUSTIFY FURTHER DISCLOSURE**

At the December 2024 hearing, the Court asked: "Why would [Boyd] decide to do it [delete his texts] in March of 2021?" 12/9/2024 Hr'g Tr. 179:21-22. Plaintiffs, blind to the USG investigations, could only speculate and noted that Boyd might well have actually deleted the texts "months earlier." *Id.* 179:23-180:2, 180:14-15.

Still, the available evidence in December 2024 (*e.g.*, the AT&T phone logs) showed Boyd's ***original*** and ***revised*** deletion "stories" were ***false***. None of the dates of Boyd's video therapy matched with his story of being interrupted by a string of calls leading to his "accidental" spoliation and telling his lawyers "within hours." *E.g.*, *id.* 58:23-60:11 (after seeing AT&T records, Boyd claimed the "interrupting" calls might have come from GC Kohn not Maher, and might have occurred earlier in March—but again reaffirmed that "I don't remember the specifics, ***but I know I was doing physical therapy,*** … and during physical therapy, I accidentally deleted [the texts] ***sometime in March***."); Boyd Dep. Tr. 39:4-41:1 ("I don't recall if I called [Kohn] that night or the next morning, ***but it was definitely … within hours of it happening***.").

To deflect from the patent inconsistencies in Boyd's story, Boyd's counsel instead elicited testimony that "nothing" was happening in March 2021 that gave Boyd any motive to spoliate:

Kane:  [I]n March of 2021, what was your understanding about the general status of this litigation?

Boyd:  I knew enough to know that I should still be preserving all documents, which is obviously why I knew that I made a mistake when I deleted [my texts] with Keith [Maher]. But, again, my understanding – March of '21 there was nothing – ***there was nothing going on***. This case – I think there was [also] a case in Delaware. I think it was dismissed. I think this case was dismissed and then came back after Vaxart settled, ***and so there really was nothing going on in '21, '22.*** 12/9/2024 Hr'g Tr. 85:9-19.

---

[1]   To facilitate that review, Plaintiffs have prepared a list of 41 documents as to which they request such review. *See* Ex. 8 (Plaintiffs' Reply Challenge Log).

But *after* the hearing, Defendants revealed both a December 2020 meeting where the USG "raised the possibility of text-message discovery" and that Akin had first reached out to CDS in *January 2021*—and *not in late March after the deletion*. Suppl. Shapiro Decl., ¶4. As the Court stated, these new facts raised "potential motive" evidence, 2/6/2025 Hr'g Tr. 5:9-10, and the Court ordered Armistice/Akin to log "any communication or document" relating to preservation, spoliation, or recovery of texts, and told the parties to brief privilege issues thereafter. *Id.* 18:11-15, 28:17-24.

Armistice's February-March 2025 rolling productions—which began five days *after* Plaintiffs filed their opening motion to compel and only ended *yesterday*—have reduced the issues in dispute. But they raise new questions and provide strong new evidence that merits further disclosure on grounds of waiver (with respect to fact work-product), substantial need for the withheld documents, and/or the applicability of crime-fraud principles.

### A. The New Documents Confirm Boyd Likely Destroyed the Texts in March 2021

Like most cover stories, Boyd's included some truthful elements, including that he deleted his Boyd-Maher texts in March 2021. Here, Boyd has repeatedly testified that his best memory is that the spoliation occurred in late March 2021, likely on the 29th or 30th.[2] As the Court has indicated, there is also logic to the notion that had Boyd deliberately deleted his texts, he would most likely would have done so at a time when he had a heightened motive to do so. 2/6/2025 Hr'g 4:10-19. As shown below, that motive peaked in mid-to-late March 2021.

### B. After Stalling Under Pressure to Image Boyd's Phone, by March 2021 Armistice Was Running Out of Excuses

It is undisputed that Armistice had been told to preserve all relevant documents in July and August 2020 given the pending litigation and investigations concerning Vaxart.[3] With the benefit of Armistice's and Akin's 2025 productions, Plaintiffs now have ███████████ ███████████ ███████████

---

[2] Boyd Decl., ¶29; 12/9/2024 Hr'g Tr. 39:17-20.
[3] *See* Sanctions Exs. 24-25, 4, 5, 8 (respectively, June 30 & July 14 FINRA requests, July 27 Vaxart subpoena, July 29 litigation hold, and Aug. 25 SEC request) and ECF No. 1 (original Complaint, filed Aug. 24).

█████████████████████████████████████████████████████████████████████████

████████████████████████  ███████████████████████████████████████████████

██████████████████████████████████████████████

In late September 2020, ███████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████ By this time, Radden likely also told Akin about the-then absence of ***any***

of June/July 2020 Boyd-Maher texts on Maher's phone.[5]

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████

- █████████████████████████████████████████████████████████████████████
████████████████████████████

- █████████████████████████████████████████████████████████████████████
███████████████████████████████████

- █████████████████████████████████████████████████████████████████████
██████████████████████

- █████████████████████████████████████████████████████████████████████
███████████████████████████████

- █████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████████

██████████████████████████████████████████████████████████████████

---

4   *See also* 12/9/2024 Hr'g Tr. 190:25-191:9 (The Court: "If you had -- if this case had come in your door -- right? -- one of the first things you would have done is said, ***'I need your texts.'*** Right? You would have said, 'Preserve the texts ***and I need your phone so that we can pull your texts and have them in our file***.' Right?").

5   At Radden's direction in September 2020, Maher checked his Android for Vaxart material and found only a few WhatsApp messages with Floroiu. Maher Decl. (Ev. Hr'g Ex. 2), ¶¶15-17; Maher Dep. Tr. (Ev. Hr'g Ex. 63) 137:2-16; 12/9/2024 Hr'g Tr. 114:13-24.



---

<sup>6</sup> By this point, the Boyd-Maher texts did not exist on Maher's Android, which he ceased using March 7, 2021. *See* Ex. 43 (Kohn noting on April 8, 2021, that "Keith got a new phone fand gave this one to one of his kids. He wiped it before doing so, presumably because he wasn't thinking about the investigation."); Ev. Hr'g Ex. 59 at 6 (Sept. 24, 2024 J. Rubin Ltr. stating "Dr. Maher activated the 2021 iPhone on or around March 7, 2021.").

## II.     ARGUMENT

### A.     Defendants' and Akin's USG Communications Are Not Protected

Armistice's refusal on relevance grounds to produce Akin's communications with the USG that do not explicitly reference texts and Kohn's communications with Akin about the USG that do not explicitly reference texts, is flawed. Arm. Opp. at 9-10. *First*, production of all communications that only explicitly reference *texts*, does not mean they have produced all USG-related documents relevant to spoliation (including Boyd's motive). Motive takes many shapes. The intensity of the USG's discovery efforts generally (as reflected by Akin's efforts to get Armistice to retain CDS to image Boyd's phone throughout the first quarter of 2021) shows pressure and motive. Indeed, USG-related documents are relevant to the extent to which Boyd and Maher were motivated by the USG's pressure.

*Second*, the "confidential and highly sensitive" nature of the USG investigations gives Armistice no basis to withhold potentially relevant information. Arm. Opp. at 10. "Confidential" material is already subject to a protective order here. And Defendants have already testified about the investigations in open court.

*Finally*, Armistice argues that Plaintiffs never asked for "Armistice's counsel's written communications with the government." *Id.* But Plaintiffs' RFPs asked for "[a]ll documents produced (including … all responses to discovery requests … ) … as part of any investigation by … the SEC, [DOJ], and any [U.S.A.O.]) concerning Vaxart." ECF No. 370-14 at Nos. 7-8. Under FRCP 34 (*see also* Committee Notes on Rules—2006 Amendment), such documents include communications, and Plaintiffs' RFPs noted that they included "all other persons acting [on] Armistice['s] … behalf, including … in-house and external attorneys." ECF No. 370-14 ¶22.

### B.     Akin Time Entries, Internal Emails, and Memos Relating to Preservation, Spoliation, and Recovery and/or USG Inquiries Should Be Produced

Armistice/Akin's refusal to log or produce internal documents regarding preservation, spoliation, and recovery of texts leaves Plaintiffs and this Court in the blind. For example, it appears Armistice/Akin take a narrow view that unless a document reflects on its face a factual "communication" between the client and CDS and Akin, no logging was necessary. Internal Akin documents fall outside this definition. ███████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████

Perhaps the July 2020 through May 2021 period was far too short to capture *anything* about what was told (or recounted) to the *four* Akin attorneys in this action about spoliation—even though it was one these attorneys (Shapiro) that filed statements in this Court about ESI "preservation," and who presumably prepared Armistice's Kohn and Boyd to give their respective 30(b)(6) and declaration testimony. Searching (electronically) just these four attorney's time records and communications—from a period that extends forward to November 30, 2023—for documents about what they were told (directly or indirectly) concerning the relevant topics will impose ***no*** undue burden, but will at last ensure disclosure of this highly relevant material.[7]

Defendants have also oddly refused to produce any time entries reflecting communications if a referenced underlying communication has been at least partly produced. Thus, if the same time entry reflected USG pressure, it would not have been produced. What are Defendants hiding?

So too, Armistice/Akin refuse to produce Akin time entries (and internal emails or memos) reflecting USG communications (or with Armistice concerning them) unless they expressly reference "text-related" issues. For largely the same reasons discussed in §II.A above, their position only helps conceal relevant truth and context, and such further time entries, emails, and memos (through June 2021 or whenever those discussions ended) should be logged and produced.

     **C.**    *In Camera* **Review Is Necessary to Confirm Whether Defendants and Akin Over-Redacted to Conceal Information Relevant to Spoliation or Trial Issues**

Defendants' and Akin's productions partially redacted or entirely withheld numerous documents. ***The redactions do not specify any reason or basis.*** Thus, Plaintiffs respectfully request *in camera* review of a sample of 24 redacted and 17 withheld documents, all of which are

---

[7] Had Plaintiffs initially sought such discrete material from after May 2021, Plaintiffs would have doubtless been accused of fishing. But it is now clear that a broader time frame is needed to give insight into what Akin in this case was told. *See also* 2/11/25 Hr'g Tr. 19:13-22 (Court notes that "reasonable time parameters" might be until "the middle of '21," but that the Court "[did]n't know exactly" what would prove to be reasonable here for all requests).

listed in Ex. 8, and which Plaintiffs reasonably believe were inappropriately redacted or withheld. The documents, which comprise seven categories, are listed below.

*Time Entries.* █████████

█████████

█████████

█████████

*Akin-Armistice Emails Re: Phone Data Preservation.* ████

█████████

█████████

█████████

█████████

█████████

██

*Internal Akin Email Notes of Calls with Armistice Re: Phone Data Preservation.* █

█████████

█████████

█████████

█████████

█████████

█████████

████

*Akin Notes of Calls With USG Re: Text Collection.* ████

█████████

█████████

█████████

█████████

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Internal Akin Email Notes Re: CDS.* ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Akin-Armistice Emails Re: Proposed Statements of Work.* ▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇

*Akin-Armistice Emails & Notes Re: Post-Spoliation Recovery Efforts.* ▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

### D. The Crime-Fraud Exception Warrants *In Camera* Review of *All* Withheld Materials, Including Opinion Work Product

Armistice/Akin do not contest the two core principles that warrant *in camera* review here: (1) that spoliation of evidence is a valid predicate for applying the crime-fraud exception; and (2) if the exception applies, it sweeps away both attorney-client and opinion work product protection. *Gates Corp. v. CRP Indus., Inc.*, 2018 WL 4697327, at *22 (D. Colo. Aug. 10, 2018), *objections overruled*, 2019 WL 2183408 (May 21, 2019). Nor do they dispute that courts may review documents *in camera* to determine if the exception applies. *U.S. v. Zolin*, 491 U.S. 554, 572 (1989). Indeed, neither appear to object to the Court conducting *in camera* review. Arm. Opp. at 8; Akin Opp. at 2.

Plaintiffs, however, write to make clear that, despite Armistice's statement that its "limited waiver" and recent productions have "largely" mooted Plaintiffs' Motion (Arm. Opp. at 1), live disputes still remain both as to documents that have been produced only in redacted form and as to those that have not been logged or produced at all. *In camera* review thus remains necessary.

In particular, although Plaintiffs have not sought to compel Armistice to disclose "opinion work product" based on the traditional weighing of interests and compelling needs test, Plaintiffs have appropriately maintained their position that material that falls within the crime-fraud exception is simply not subject to *any* protections (and in essence renders the material not privileged at all). *See, e.g.*, *In re Nat'l Mortg. Equity Corp. Mortg. Pool Cert. Litig.*, 116 F.R.D. 297, 301 (C.D. Cal. 1987) (Tashima, J.) ("The crime-fraud exception may be used to abrogate work-product protection as well as the attorney-client privilege."). In short, Armistice continues to assert privilege as to all "opinion work product," and Plaintiffs continue to assert the applicability of the crime-fraud exception. Armistice's suggestion that its limited waiver of attorney-client privilege (and of protections attached to "fact" work product) "resolves the issue" of discovery under the crime-fraud exception (Arm. Opp. at 8) is thus simply incorrect, and the Court should review *in camera* full copies of at least those 41 documents (listed in Ex. 8) that have been redacted, or not logged or produced at all, to determine if the crime-fraud exception applies.

### E. The Vaxart Portions of the Restricted List Should Be Completely Unredacted

Plaintiffs reiterate their request for an unredacted copy of Armistice's Restricted List that covers Vaxart. Ex. 44. Defendants rely on the List as a partial explanation for their June 2020 actions and repeatedly cite their communications with GC Radden about Vaxart's placement on the List, waiving any privilege protection. *See* Ex. 45 (listing 11 instances of the Armistice Defendants citing to conversations with Radden about Vaxart's alleged placement on the List).

## III. CONCLUSION

The Court should enter Plaintiffs' revised [proposed] Order filed herewith, requiring Defendants and Akin to (a) provide the Court with unredacted copies of all documents identified in Plaintiffs' Reply Challenge Log (Ex. 8); and (b) log or produce to Plaintiffs: (i) all documents (including but not limited to time entries, emails, and memos) reflecting or concerning communications between the USG and Armistice (or its attorneys) regarding discovery, spoliation, and recovery; (ii) preservation, spoliation, and recovery-related time entries, emails, and memos for the five Akin attorneys of record who appeared in *this* action through November 30, 2023; and (iii) an unredacted copy of Armistice's purported "Restricted List" that covers Vaxart.

| | |
|---|---|
| DATED: March 28, 2025 | Respectfully submitted, |

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| */s/ Reed R. Kathrein* | */s/ William C. Fredericks* |
| Reed R. Kathrein (139304) | William C. Fredericks (*pro hac vice*) |
| Lucas E. Gilmore (250893) | Jeffrey P. Jacobson (*pro hac vice*) |
| 715 Hearst Avenue, Suite 300 | The Helmsley Building |
| Berkeley, CA 94710 | 230 Park Avenue, 24th Floor |
| Telephone: (510) 725-3000 | New York, NY 10169 |
| Facsimile: (510) 725-3001 | Telephone: (212) 233-6444 |
| reed@hbsslaw.com | Facsimile: (212) 233-6334 |
| lucasg@hbsslaw.com | wfredericks@scott-scott.com |
| | jjacobson@scott-scott.com |
| Steve W. Berman (*pro hac vice*) | |
| 1301 Second Avenue, Suite 2000 | John T. Jasnoch (281605) |
| Seattle, WA 98101 | 600 W. Broadway, Suite 3300 |
| Telephone: (206) 623-7292 | San Diego, CA 92101 |
| Facsimile: (206) 623-0594 | Telephone: (619) 233-4565 |
| steve@hbsslaw.com | Facsimile: (619) 233-0508 |
| | jjasnoch@scott-scott.com |
| Raffi Melanson (*pro hac vice*) | |
| 1 Faneuil Hall Sq 5th Floor | *Class Counsel* |
| Cambridge, MA 02142 | |
| Telephone: (708) 628-4966 | |
| Facsimile: (708) 628-4950 | |
| raffim@hbsslaw.com | |
| | |
| *Class Counsel* | |

**THE SCHALL LAW FIRM**

Brian J. Schall (290685)
2049 Century Park East, Suite 2460,
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Additional Counsel*