**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re VAXART, INC. SECURITIES LITIGATION

Defendants.

*This Document Relates to:*

*ALL ACTIONS*

Lead Case No. 3:20-cv-05949-VC

**JOINT LETTER REGARDING ARMISTICE DEFENDANTS' AND NON-PARTY DANIEL RADDEN'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS' CROSS-MOTION TO REOPEN DISCOVERY AND TAKE A DEPOSITION OF ARMISTICE'S FORMER CHIEF COMPLIANCE OFFICER, DANIEL RADDEN, AS TO ARMISTICE'S RESTRICTED LIST**

Hon. Vince Chhabria

Defendants Steven J. Boyd, Keith Maher, M.D., Armistice Capital, LLC., Armistice Capital Master Fund Ltd. (together "Armistice Defendants"), and non-party Daniel Radden ("Mr. Radden") on the one hand, and Plaintiffs on the other, submit this joint letter under your Honor's Standing Orders regarding:

(i) Armistice Defendants and Mr. Radden's Motion for Protective Order to Preclude Deposition Testimony and Production of Documents in connection with the subpoenas served on Mr. Radden (attached as **Exhibits A** and **B**);[1] and

(ii) Plaintiffs' cross-motion to reopen discovery for the purpose of deposing Armistice's former general counsel and chief compliance officer, Daniel Radden, regarding Armistice's restricted list as to Vaxart (and, via related document requests, ensuring that all documents relevant to trading restrictions on Vaxart from June 2020, as requested by Plaintiffs' 2023 document requests, have been produced).

Counsel for the parties and non-party Mr. Radden complied with Section 9 of the Northern District's Guidelines for Professional Conduct at all times. Counsel have been unable to resolve their dispute and respectfully request Your Honor's assistance.

**Attached Exhibits:**[2]

A. Subpoena to Dan Radden to Testify at a Deposition;

B. Subpoena to Dan Radden to Produce Documents;

C. Daniel Radden and Armistice Defendants' Responses and Objections to Subpoena to Dan Radden to Testify at a Deposition; and

D. Daniel Radden and Armistice Defendants' Responses and Objections Subpoena to Dan Radden to Produce Documents.

---

[1] The parties direct this Joint Letter to Your Honor in light of the September 12, 2024 Minute Entry withdrawing the Court's referral to Judge Westmore for discovery purposes. ECF No. 383.

[2] Per the Court's standing order, the Parties do not attach any exhibits to this joint letter other than the two subpoenas and the responses thereto. The parties are prepared to provide the Court with any of the discovery documents or depositions cited in this letter upon the Court's request.

## I. ARMISTICE DEFENDANTS AND NON-PARTY DANIEL RADDEN'S POSITION

Eleven months after the close of discovery and ***one day*** before they filed their opposition to Armistice's summary judgment motion, Plaintiffs violated the Court's Case Management Order ("CMO") by unilaterally hand-serving two subpoenas on non-party Daniel Radden, Armistice's former general counsel. Plaintiffs have no justification for seeking untimely discovery from Mr. Radden. Plaintiffs claim they need testimony from Mr. Radden regarding Armistice's restricted list, which tracks securities Armistice is prohibited from trading at any particular time, including when Armistice has MNPI about that security. But Plaintiffs knew about Vaxart's inclusion on Armistice's restricted list between June 8 and June 26, 2020 for months before the discovery cutoff, and asked witnesses questions about the restricted list at their depositions. There is simply no justification for Plaintiffs' dilatory subpoenas. Armistice and Mr. Radden respectfully request the Court enter a protective order quashing the subpoenas.

### A. Background

Discovery closed on June 13, 2024. ECF No. 335. On May 13, 2025, Plaintiffs served two subpoenas on non-party Daniel Radden, former general counsel of Armistice Capital who left Armistice in November 2020, seeking testimony and documents. *See* Exhibits A, B. Plaintiffs assert that these untimely subpoenas are appropriate because they are entitled to information about Armistice's restricted list. Yet the subpoena for testimony is not limited in scope to the restricted list, and most of the document requests have nothing to do with the restricted list.

Armistice produced documents and information related to the restricted list, and Vaxart's inclusion at various times on the list (including on June 8, 2020 after Boyd learned of the NHP study), in its ***initial document productions*** in this case, nearly ***19 months*** ago.[3] On June 4, 2024, prior to the close of fact discovery, Plaintiffs questioned Armistice trader Sergio Smiriglio about the restricted list at his deposition. Specifically, Mr. Smiriglio answered questions from Plaintiffs regarding the restricted list's function, maintenance, and application to Vaxart stock. (Smiriglio Trans. 57:8-58:12.) Plaintiffs also deposed Mr. Boyd and questioned him at length about the restricted list. (Boyd Trans. 212:2-214:6; 229:25-230:24.)

Plaintiffs first requested Armistice produce records showing when Armistice employees were restricted from trading Vaxart stock on July 8, 2024, a month after the close of fact discovery. After conferring with Plaintiffs, Armistice agreed to produce the restricted list, which Plaintiffs received on September 12, 2024. The list contained limited redactions, but fully documented Armistice's placement and removal of Vaxart from its list. On April 3, 2025, following Plaintiffs' requests for an unredacted version of the restricted list, Defendants agreed to "de-designate the previously-redacted portions of the restricted list in an effort to avoid a dispute requiring further

---

[3] *See, e.g.*, ARM-HIMMELBERG_0010704 (deposition transcript of Mr. Boyd from another matter in which Mr. Boyd testified about and explained the restricted list, including the fact that Vaxart was on the restricted list from June 8, 2020 to June 26, 2020 because he "believed that that [the fact that Vaxart was] part of this government program was material"); ARM-HIMMELBERG_0006564 (May 19, 2020 email from Mr. Boyd requesting to add Vaxart to the restricted list); ARM-HIMMELBERG_0005292 (Armistice's Compliance manual describing the restricted list at length, including the fact that Mr. Radden was required to be consulted as to "[a]ny determination to remove a company from the Restricted List").

court intervention" and produced the unredacted list. Plaintiffs served the subpoenas on Mr. Radden on May 13, 2025, nearly six weeks later.

**B. The Court Should Grant a Protective Order and Quash the Subpoenas.**

1. *Plaintiffs' Subpoenas Violate the Court's Case Management Order.*

Plaintiffs served the subpoenas a year after the close of discovery. Plaintiffs did not seek leave to reopen discovery or modify the Court's CMO prior to serving the subpoenas. This should end the matter. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). If Plaintiffs believed there was good cause to reopen discovery, they "should have requested leave from the Court to seek discovery beyond the discovery cut-off date" *before* serving Mr. Radden. *Rosado v. Alameida*, 2006 WL 8455351, at *2 (S.D. Cal. Dec. 18, 2006) (when party "issued a subpoena after the discovery cut-off without leave of the Court, . . . arguments about the relevancy of th[e] discovery [are] inapposite"); *Fed. Deposit Ins. Corp. v. BayOne Real Est. Inv. Corp.*, 2017 WL 1316888, at *2 (N.D. Cal. Apr. 10, 2017).

2. *Plaintiffs Have Not Shown Good Cause to Reopen Discovery.*

Apparently recognizing that they intentionally violated a Court order, Plaintiffs try to retroactively clean up their mess by *now* moving to reopen discovery in their portion of the joint letter. Putting aside the impropriety of Plaintiffs seeking affirmative relief through an opposition to Armistice's discovery motion, Plaintiffs have not shown good cause to reopen discovery.[4] A Court considering a motion to amend a CMO must "primarily consider[] the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609.

***First***, Plaintiffs were clearly not diligent in seeking information about the restricted list from Mr. Radden. As explained above, by November 2023, Plaintiffs had received from Armistice: (1) transcripts showing that Vaxart was on the restricted list from June 8, 2020 to June 26, 2020; and (2) documents showing that Mr. Radden had responsibilities relating to the restricted list. Yet Plaintiffs never subpoenaed Mr. Radden. *See Woods v. Google LLC*, 2018 WL 5941122, at *2 (N.D. Cal. Nov. 14, 2018) (granting protective order related to untimely subpoenas where party could have previously explored issues). Moreover, after Plaintiffs requested the restricted list itself in July 2024—which Armistice produced—Plaintiffs waited ***another ten months*** before subpoenaing Mr. Radden, even though Plaintiffs knew by that point of the purported deficiencies in the restricted list's "metadata," discussed below. This is the opposite of diligence. *See Netlist Inc. v. Samsung Elecs. Co.*, 2025 WL 819669, at *3 (C.D. Cal. Feb. 27, 2025).

***Second***, Plaintiffs' arguments for why they need Mr. Radden's testimony lack merit, especially given that nonparties deserve "extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). Abandoning their prior position that they had questions for Mr. Radden about previously-redacted information,[5]

---

[4] For the same reasons, Plaintiffs' premature motion *in limine* to exclude testimony about the restricted list, buried in Plaintiffs' concluding paragraph, should be denied out of hand.

[5] Plaintiffs no doubt recognize that the redacted information—unredacted ***at Plaintiffs' specific request***—simply documented Boyd and Maher's confirmations that they did not possess MNPI at

Plaintiffs argue that they want to know whether Armistice has "prior versions, metadata, or other documents that would show the 'who, what, and when' of the list's purported Vaxart-related changes." But Mr. Radden, who has not worked at Armistice since 2020, is not qualified to answer technical questions about metadata. Moreover, Plaintiffs' speculation that the Restricted List was somehow fabricated or inaccurate because it does not contain metadata reflecting when Vaxart was added and removed from the list reflects a misunderstanding of the document. As Armistice has explained to Plaintiffs, the Restricted List it maintains is a living document that reflects the adding/removing of restricted securities for *every position that Armistice holds*. Thus, it is no surprise that the metadata of the document reflects modifications as late as September 2024, when Armistice produced it. Before producing the document, however, Armistice's counsel filtered and edited the document to reflect only Armistice's placement and removal of *Vaxart*, per the Court's and Plaintiffs' prior statements that only Vaxart's placement is relevant. *See* Dkt. 468 at 22-23.

***Third***, although Plaintiffs claim that their motion to reopen discovery is limited to the subject of "Armistice's restricted list as to Vaxart," their overbroad subpoenas are not so cabined and include document requests relating to topics beyond the restricted list.

The Court should grant the protective order and deny Plaintiffs' untimely "cross-motion."

## II. PLAINTIFFS' POSITION AND CROSS-MOTION TO ALLOW DEPOSITION

In April 2025, Defendants moved for summary judgment citing Armistice's alleged "restricted list," which Defendants first produced well after the June 2024 discovery cut-off. Plaintiffs' summary judgment papers (ECF No. 490-91) show why this "list"—a hearsay document produced without any metadata establishing when Vaxart was allegedly added—is inadmissible. But Plaintiffs should still be allowed to test Defendants' dubious assertion that they have no prior versions, metadata, or other documents that would show the "who, what, and when" of the list's purported Vaxart-related changes in 2020 by deposing former Armistice chief compliance officer ("CCO") Daniel Radden—the person allegedly responsible for maintaining the list in 2020. Radden's deposition is also needed to test the post-close-of-discovery account of Defendant Boyd (whose veracity is already at issue) regarding his purported reliance on the "list" and on Radden's related MNPI determinations. Put plainly, Defendants, who have belatedly produced (and then relied on) a highly suspect document should not be allowed to thereafter assert that the discovery cut-off bars any inquiry into the document's dubious provenance and related issues. Accordingly, the Court should permit a short deposition of (and related document discovery from) Mr. Radden.

**Background.** Plaintiffs' document requests issued in June 2023 sought "[a]ll documents concerning any decisions by or on behalf of [Armistice] to buy, sell, and/or hold Vaxart Securities," as well as "[a]ll documents concerning … restrictions on Armistice's ability to trade." No purported "restricted list" was produced before the close of discovery in June 2024. Nor did Defendants disclose that any restricted list documents existed in their Rule 26 initial disclosures.

It was not until Boyd's deposition in July 2024 that Plaintiffs first learned that (i) Armistice's general counsel and CCO (Radden) allegedly maintained a restricted list;

---

the time Vaxart was removed from the restricted list, which was reflected in other documents already produced by Armistice at the outset of discovery. (ARM-HIMMELBERG_0026205).

(ii) Radden had allegedly added Vaxart to the list in June 2020; and (iii) copies of a restricted list were "periodically sent out to relevant employees." Boyd Tr. 211:23-214:6. Plaintiffs promptly advised Defendants that they had not seen such a list, or any other documents confirming that Vaxart had been added to such a list in June 2020, *id.* 214:7-10, and again demanded their production. Plaintiffs also held the deposition open pending resolution of the issue. *Id.* 303:9-14.

Defendants then delayed until the September 12 sanctions hearing before producing a single, one-page redacted document (ECF No. 492-104) that purported to show all restricted list entries for Vaxart. But the "list" had ***no*** metadata and was unaccompanied by any other materials actually evidencing if, when, or why Vaxart was allegedly added to the "list," or that reflected Armistice's alleged finding in early June 2020 that Vaxart's selection to participate in the NHP study was the "material non-public information" that caused Vaxart to be added to the alleged list.

On October 31, 2024, Defendants finally produced ***some*** metadata for the "restricted list" they had produced, which purported to show that the "list" had been created in March 2012 and was modified in September 2024. But no metadata was produced showing ***when*** or ***how*** (or by whom) the alleged "restricted list" had allegedly been modified to add or remove Vaxart during this 12-year span. Plaintiffs thus made further, repeated demands that Defendants produce all documents concerning the alleged list, including an unredacted copy thereof, while also expressly reserving all rights to depose a competent Armistice employee about the "list." At the February 2025 sanctions hearing, the Court directed Defendants to produce an unredacted version of the "list" or otherwise justify their redactions, and noted there were further discovery disputes relating to the document that it might need to resolve later. Hr'g Tr. 22:11-24:3 (ECF No. 468).

Seven weeks later, when Defendants moved for summary judgment on April 3, Defendants *finally* produced an unredacted version of the "list." ECF No. 492-105. With the unredacted list in hand—albeit one that still lacked relevant metadata—Plaintiffs advised Defendants that they intended to depose Radden to get better answers regarding the alleged adding of Vaxart to the "list." Plaintiffs also served formal demands on Radden (and pressed Defendants again) in a final effort to ensure that ***any and all*** relevant documents (including any Radden may have, or that Defendants may still have) as to when or why Vaxart was allegedly added to or removed from the alleged "list," together with full metadata, be produced. Defendants refused.

**Argument.** Under Fed. R. Civ. P. 16(b)(4), a court may re-open discovery for "good cause." Factors to consider include whether trial is imminent, prejudice to any non-movants, the movant's prior diligence in obtaining discovery, the foreseeability of the need for the discovery in light of the time allowed for discovery, and the likelihood that the discovery will lead to relevant evidence. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, good cause exists to allow a limited deposition and document discovery of Radden concerning Vaxart's placement on the list and his communications related thereto. *Mikell v. Baxter Healthcare Corp.*, 2014 WL 12588640, at *11 (C.D. Cal. Sept. 16, 2014) (reopening discovery related to documents first identified during depositions conducted shortly before discovery cutoff).

First, Plaintiffs acted diligently. Boyd's story about dealing with Radden to add Vaxart to the "list" in June 2020 was not revealed until his post-discovery deposition. Defendants then delayed producing any list until September 2024, and an unredacted list until April 2025. Meanwhile, the purported list—modified years after the Class Period—still has ***no*** metadata or

prior versions that evidences the "who, what, or when" of any Vaxart-related changes to the list ***in 2020***, though Word and Excel by default retain modification data, and Armistice purportedly circulated the list monthly via email. Other mysteries include why many fields in the list are incomplete or not filled in, and why the list purports to restrict trading for multiple month-long periods where Defendants did not continuously possess MNPI. Plaintiffs could not have been expected to inquire into such issues before getting the purported list in full. *See, e.g.*, *Harris v. U.S.*, 933 F. Supp. 972, 976 (D. Idaho 1995) ("it is impossible to take an effective deposition without all the related documents").[6]

Second, Defendants' relevancy objections to the discovery sought are not credible. Armistice's own use of the list in seeking summary judgment shows relevance, and they should not be allowed to block Plaintiffs' efforts to narrowly reopen discovery as to a document first produced after the discovery cutoff. The information sought from Radden about the list, its maintenance, and alleged modifications in 2020 will likely refute Defendants' defenses and speak to their testimony's credibility. Absent reliable foundational or corroborating information from Radden, the produced list itself, on its face, is inherently unreliable, contains hearsay, and must be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1). And if it is Armistice's position that its own compliance systems (of all systems) cannot produce reliable metadata documenting the "who, what, ***and*** when" of each Vaxart-related modification to its purported "restricted list" document, then Plaintiffs—especially given Defendants' apparent intention to cite to the alleged "list" at trial—are clearly entitled to test Defendants' position by deposing Radden as its custodian.

Allowing Radden to be deposed for two hours on these subjects, remotely if needed, will not cause undue prejudice (as Defendants controlled the information about the list and Radden's related communications for years) and will not delay trial in this case. *See, e.g.*, *San Francisco Baykeeper v. City of Sunnyvale*, 2025 WL 823266, at *4 (N.D. Cal. Feb. 3, 2025) (finding four months before trial to be sufficient). Rather, this discovery will only make trial more efficient by informing upcoming motions in limine and streamlining trial testimony of defense witnesses.

Accordingly, the Court should deny Defendants' motion and compel the requested deposition (and related document discovery) from Radden. Alternatively, the Court should bar Defendants from using or referring to the restricted list at trial. *See* Fed. R. Civ. P. 37(c)(1).

---

[6] Defendants contend that Plaintiffs should have pieced together that Defendants were unjustifiably withholding a document central to their defense. But Defendants' 8,500-document production included only three (unrelated) documents that reference a "restricted list." The first, a May 2020 email chain, references a list in an embedded, unproduced email without any explanation. The second, Armistice's 2019 compliance manual, was produced just before a 30(b)(6) deposition in connection with spoliation (not merits) to describe Armistice' text message policy. And the third, a deposition transcript from what Defendants assert is an unrelated case, does not describe in any detail either the list or the actions Armistice (including Radden) took. In sum, even pieced together with hindsight, those documents do not reveal how Defendants intended to rely on it or describe Radden's alleged role as to making Vaxart entries. Indeed, even Armistice's head trader, whom Plaintiffs deposed, could not describe the list or Radden's role. Smiriglio Tr. 59:16-60:17.

Respectfully submitted,

Dated: June 10, 2025

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Neal R. Marder*
Neal R. Marder

Neal R. Marder
Joshua A. Rubin
Lillian Rand
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
Email: nmarder@akingump.com
rubinj@akingump.com
lrand@akingump.com

Attorneys for STEVEN J. BOYD, KEITH MAHER, M.D, ARMISTICE CAPITAL, LLC, AND ARMISTICE CAPITAL MASTER FUND, LTD., AND NON-PARTY DANIEL RADDEN

Dated: June 10, 2025

HAGEN BERMAN SOBOL SHAPIRO LLP

By: */s/ Reed R. Kathrein*
Reed R. Kathrein

Reed. R. Kathrein
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com

Raffi Melanson (admitted *pro hac vice*)
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
Email: raffim@hbsslaw.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
William C. Fredericks
Jeffrey P. Jacobson
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-233-6444
Email: wfredericks@scott-scott.com
jjacobson@scott-scott.com

*Class Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Neal R. Marder, am the ECF User whose identification and password are being used to file this Joint Letter Regarding Armistice Defendants' and Daniel Radden's Motion for Protective Order and Plaintiffs' Cross-Motion to Reopen Discovery. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all signatories have concurred in this filing.

/s/ *Neal R. Marder*
Neal R. Marder