UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Case No. 20-cv-05949-VC<br><br>**ORDER** |

The Armistice defendants should come to the July 2 hearing prepared to discuss the following aspects of the documents they produced for *in camera* review:

- The discussions among Armistice's in-house and outside counsel about the apparent timeline of Boyd's deletion. *See* Vol. I docs. 41 [Arm-Himmelburg_0037513], 65 [Armistice-TPLog00000392].

- The relationship between that timeline and the timelines with respect to Armistice's efforts to engage Contact and collect and produce text messages (*see, e.g.*, Vol. I docs. 34 [Arm-Himmelberg_0037323], 65), and with respect to Armistice's rolling productions to the U.S. government.

- Whether and to what extent Armistice has waived privilege over the facts and documents referenced in the previous two bullets (by putting those subjects at issue or otherwise).

- The apparent absence from the production of any March 2021 communications between Armistice's lawyers and the government, and of any corresponding internal communications related to communications with the government. *See,*

*e.g.*, Vol. II docs. 273–74 [Arm_VC_1691–93]; 179–82 [Arm_VC_1376–448]. For instance, were these communications produced elsewhere and thus left out of the production for *in camera* review? Or were there no such communications in the first place?

Both the Armistice defendants and the plaintiffs should come prepared to discuss the following question:

- If the Court concludes that Boyd intentionally deleted his texts but Maher did not (but that the elements of Rule 37(e)(1) are met with respect to Maher's deletion), and that the proper remedy with respect to Boyd is a permissive inference, what remedy can be awarded with respect to Maher? For instance, can the jury be told that they may consider Maher's deletion along with all the other evidence presented in the case (but not specifically told that they can use it to draw adverse inferences against him), as contemplated by the advisory committee notes to Rule 37?

Finally, the plaintiffs are ordered to file by Tuesday, July 1, a statement of the costs and fees they incurred in litigating the sanctions motion.

**IT IS SO ORDERED.**

Dated: June 30, 2025

VINCE CHHABRIA
United States District Judge