UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Case No. 20-cv-05949-VC<br><br>**ORDER REGARDING FEES AND EXPENSES INCURRED IN LITIGATION MOTION FOR SPOLIATION SANCTIONS**<br><br>Re: Dkt. Nos. 513, 517, 521, 522, 526, 527 |

  The Court granted in part the plaintiffs' Motion for Spoliation Sanctions, the remedy for which included an award of reasonable fees and costs incurred by the plaintiffs in litigating the motion. Counsel for the plaintiffs filed a statement of fees and expenses incurred in litigating the motion, estimating that the plaintiffs incurred $2,926,141.89 in litigating the motion for sanctions, a figure that was later updated to $2,794,995.16. The defendants contest this figure, arguing that plaintiffs' estimated statement reflects over-lawyering and an inefficient litigation approach.

  The defendants are right. To be sure, this was no ordinary sanctions motion, and the plaintiffs' lawyers were required to expend a good deal of time and energy pursuing the relief they obtained. But the request for nearly $3 million in fees unreasonable on its face. As the defendants explain, the plaintiffs took a piecemeal approach to the sanctions motion and billed an exorbitant amount of hours for tasks such as review and revision of the sanctions motion, preparation for the evidentiary hearing, Westlaw research, and "travel logistics." Nor was the quality of lawyering high enough to justify billing entries of $1,900 per hour (or, for that matter, $1,200 per hour).

In cases where the lawyers have overreached so badly on a fee request, it is appropriate to apply an across-the-board reduction rather than going through the billing request with a fine-toothed comb. *See Bobrick Washroom Equipment, Inc. v. American Specialties, Inc.*, 2013 WL 12129368, at *10 (C.D. Cal. Feb. 20, 2013) (applying an 80 percent across-the-board reduction). Accordingly, the plaintiffs' request for fees and costs is reduced by 60 percent, resulting in a total amount of $1,117,998 to be awarded to the plaintiffs. Payment must be made within 21 days of this order.

The defendants' administrative motion to strike the plaintiffs' reply in support of the fee request [Dkt. No. 527] is denied as moot.

In light of the plaintiffs' statement that they do not oppose filing the provisionally sealed detailed fee and expense information on the public docket [Dkt. No. 524], the motion to consider whether another party's materials should be sealed [Dkt. No. 522] is denied. The defendants are ordered to file an unredacted version of their opposition and supporting materials on the docket within 7 days.

**IT IS SO ORDERED.**

Dated: August 15, 2025

_____
VINCE CHHABRIA
United States District Judge