Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

*Class Counsel*

[Additional counsel on signature page]

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
Mandeep S. Minhas (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
wfredericks@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br>*This Document Relates to:*<br>    *ALL ACTIONS* | Case No. 3:20-cv-05949-VC<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING THE SECTION 20A CONTEMPORANEOUS TRADING PERIOD AND DISPUTED JURY INSTRUCTION NO. 14**<br><br>Date: October 17, 2025<br>Time: 12:30 p.m.<br>Courtroom: 4, 17th Floor<br><br>Judge: Hon. Vince Chhabria<br><br>Trial Date: November 3, 2025<br>Action Filed: August 24, 2020 |

**INTRODUCTION**

This brief responds to the Court's October 14, 2025 Order (ECF No. 574) directing the parties to explain how the "contemporaneous trading" issue for the Section 20A claims was addressed at class certification, and provides supplemental briefing on what Plaintiffs submit the Court should now establish as the contemporaneous trading period.

*First,* Plaintiffs respectfully submit that both of their motions for class certification (ECF Nos. 311, 380) referenced contemporaneous trading issues. For example, in discussing Class and Subclass numerosity in the initial motion, Plaintiffs noted that "[i]n total, investors traded 447.5 million shares of Vaxart common stock **_the week following_** Armistice's June 26 and 29, 2020 sales," and cited *Evanston Police Pension Fund v. McKesson Corp.,* 411 F. Supp. 3d 580, 606 (N.D. Cal. 2019) (sustaining six and nine-day contemporaneous trading period).[1] ECF No. 311 at 7. In their follow-on motion for class certification (ECF No. 380), Plaintiffs also argued – and Defendants did not dispute (*see* ECF No. 383) – that the temporal scope of any Section 20A insider trading class period "is typically decided by the Court after class certification is decided, as the Court's determination of what constitutes 'contemporaneous trading' is typically viewed as a merits question common to all putative Section 20A subclass members." ECF No. 380 at 2 (citation omitted); *see also Turocy v. El Pollo Loco Holdings, Inc.*, 2018 WL 3343493, at *17 (C.D. Cal. July 3, 2018) (at class certification, declining to "determine at this time" how many trading days were contemporaneous with alleged May 19, 2015 insider sales).

*Second,* Plaintiffs respectfully submit that, consistent with the position they took at class certification, the Court should now adopt Plaintiffs' proposed jury instruction regarding the contemporaneous trading element of Plaintiffs' Section 20A insider trading claim.[2]

The parties fundamentally disagree on (i) whether the Court or the jury should decide what it means to have traded "contemporaneously" with the Armistice Defendants, as that term is used

---

[1]  *See also* 2019 WL 4697526, at §II.E (referencing the accepted time period in *Evanston*).
[2]  Plaintiffs' proposed jury instruction reads: "For the fourth element [under §20A], the plaintiffs must prove that they purchased the securities in question contemporaneously with the defendants' insider-trading sales. Purchase and sales that occur on the same day, or within six days of the insider trades, are considered 'contemporaneous.'" ECF No. 548 at 48.

in (but undefined by) Section 20A of the Exchange Act, 15 U.S.C. §78t-1(a), and (ii) the duration of that period. Plaintiffs contend that the temporal contours of such period are a matter of law for the Court to decide and offer a proposed instruction that defines the "contemporaneous trading period" for the jury. By contrast, Defendants contend the length of the "contemporaneous trading period" is a jury question. As such, they offer no guidance and argue that providing a jury instruction adopting Plaintiffs' (or any other specifically defined) temporal period would "remove[] from the jury the question of contemporaneousness by instructing the jury on the definition it must adopt," which in turn would "effectively tell the jury that [Plaintiffs'] burden [of proving contemporaneity] has already been met." ECF No. 548 at 51. As set forth below, however, Congress left it to Courts, not juries, to set the temporal parameters of contemporaneous trading in relation to the time of the alleged insider trading.

Alternatively, Defendants argue that, even if the Court agrees that the issue is a legal one, there is "no good reason to go beyond 'same-day' trades" as part of an appropriate jury instruction. *Id.* However, case law in this Circuit recognizes that trades of "up to eight days" are contemporaneous. *See, e.g., In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1204 (D. Or. 2015). Plaintiffs' proposed instruction, of a six-trading day period, is squarely consistent with that case law.

## ARGUMENT

### I. DEFENDANTS DID NOT CHALLENGE PLAINTIFFS' CONTEMPORANEOUS TRADING AND TRADING PERIOD POSITIONS AT CLASS CERTIFICATION

Nowhere in Defendants' prior briefs did they challenge contemporaneity, even after Plaintiffs' class certification motion asserted that "the temporal scope of any Section 20A insider trading class period is typically decided by the Court after class certification is decided," ECF 380 at 2 n.6. Rightly so. Plaintiffs Elliott and Hovhannisyan traded on June 26 and 29, 2020, the ***exact*** days the Armistice Defendants liquidated their Vaxart holdings, thus easily satisfying Plaintiffs' burden of showing that investors traded contemporaneously with Defendants, even under the most narrow "same day only" contemporaneous trading period. ECF No. 311 at 9. Such a showing – or even mere allegation – was enough for Rule 23. *See Johnson v. Aljian*, 257 F.R.D. 587, 593 (C.D.

Cal. 2009) ("It does not necessarily follow that … Plaintiffs need to allege or show more than purchase(s) of a security that is actively traded in an efficient market made contemporaneous with a sale by an insider in possession of material, non-public information.").

## II.   THE COURT SHOULD ADOPT PLAINTIFFS' REQUESTED JURY INSTRUCTION PROVIDING FOR A SIX-DAY TRADING WINDOW, AND SHOULD REJECT DEFENDANTS' PROPOSED "SAME DAY" RULE

### A.   What Constitutes "Contemporaneous" Trading Is a Purely Legal Question for the Court, and *Not* a Factual Question for the Jury

Jury instructions must "fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (citation omitted). Each party is thus entitled to an instruction about their theory of the case (or a defense) if it is "supported by law and has foundation in the evidence." *Id.* at 804–05 (citation omitted).

In enacting Section 20A as part of the 1988 Insider Trading and Securities Fraud Enforcement Act (Pub. Law 100-704, Nov. 19, 1988), Congress codified an *express* cause of action against insider traders and tippers for investors who traded the same class of securities "contemporaneously" with (and on the opposite side of) the insider trades. *See also* H.R. Rep. No. 910, 100th Cong., 2d Sess. 27 (1988). Though Congress did not define the term in the Act, it also recognized that the term "contemporaneous" had *already* been developed in prior case law (which had found an *implied* cause of action for insider trading under §10b), and the legislative history of the Insider Trading Act cited *O'Connor & Assoc. v. Dean Witter Reynolds, Inc.*, 559 F. Supp. 800 (S.D.N.Y. 1983), which found a seven day period "clearly [] sufficiently contemporaneous." *See* H.R. Rep. No. 910 at 15 & n.22 ("[t]he bill does not define the term 'contemporaneous,' which has developed through case law," and citing *O'Connor*). By contrast, nothing in the legislative history remotely suggests that Congress intended to let juries, rather than the Courts, determine "contemporaneity." Indeed, allowing juries to define the "contemporaneous trading period" (as defendants propose) would invite results untethered to any judicial precedent, which makes little sense given Congress's intent to have that period developed by *case law*.

But even absent the statute's legislative history, "contemporaneous", as used in the statute, also falls squarely within (or at least much closer to) the traditional category of a "legal" matter for courts to decide rather than a factual question suited for juries (or lower courts acting as finders of fact). *See, e.g. U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge*, LLC, 138 S. Ct. 960, 965-68 (2018) (discussing distinction between questions of fact, which encompass "questions of who did what, when or where, how or why," and "unalloyed" questions of law, which encompass issues that require establishing more normative societal rules); *see also, e.g., King v. Burwell,* 576 U.S. 473, 484-85 (2015) (how one should interpret "established by the State," as used in Patient Protection and Affordable Care Act, is question of law).

Plaintiffs are unaware of any case where a court delegated to a jury the responsibility for determining the length of the "contemporaneous trading period." By contrast, available case law, the statute's legislative history, and general principles regarding the distinction between questions of fact and questions of law all weigh heavily in favor of finding that "contemporaneous" trading is a legal question, as to which the Court has the responsibility to appropriately instruct the jury.

### B.   Ninth Circuit Authority Supports Plaintiffs' Requested 6-Day Contemporaneous Trading Period

Plaintiffs' proposed definition of "contemporaneous trading period" provides for a six-day trading window (which would include the dates that Defendants traded, Friday, June 26 and Monday June 29, plus the following six trading days). The Ninth Circuit has "expressly declined to elaborate on [the] 'exact contours'" of "the period in which an insider defendant's trade can be considered 'contemporaneous' with the plaintiff's." *In re Countrywide Fin. Corp. Derivative Litig.*, 554 F. Supp. 2d 1044, 1074–75 (C.D. Cal. 2008). However, multiple district courts within the Ninth Circuit have held that trades within roughly six to nine days are "contemporaneous." *See, e.g., Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *8 (N.D. Cal. Mar. 19, 2021) (nine calendar days; six trading days); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 606 (N.D. Cal. 2019) (nine calendar days; seven trading

days)[3]; *City of Westland Police & Fire Ret. Sys. v. Sonic Sols.*, 2009 WL 942182, at *12 (N.D. Cal. Apr. 6, 2009) (although nine days "pushes" the limit, investor trades within that period were "contemporaneous with the [insider] sales"); *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164, 1196 (C.D. Cal. 2007) ("within eight days" of insider's trade); *In re Petco Animal Supplies Inc. Sec. Litig.*, 2006 WL 6829623, at *37 (S.D. Cal. Aug. 1, 2006) (trades within seven or eight days of insider sales are "on the border of an acceptable time period"); *cf. Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1001 (9th Cir. 2002) (two-month period too long). A six-day period would also be entirely consistent with the seven-day period adopted in the *O'Connor* case, 559 F. Supp. 800, that Congress referenced in the Insider Trading Act's legislative history (discussed above).

In arguing for a short period, Defendants may contend that the contemporaneous trading period is intended to serve "as a proxy for the traditional requirement of contractual privity between plaintiffs and defendants." *In re AST Research Sec. Litig.*, 887 F. Supp. 231, 233 (C.D. Cal. 1995). Accordingly, they may argue that the contemporaneous trading period should only span June 26 to June 29, the days of their Vaxart sales. However, in *Middlesex Retirement*, decided 12 years after *AST,* the district court appropriately rejected that argument. As the *Middlesex* court explained, a privity interpretation is not "the only interpretation of the purpose behind Section 20A," and "[a]n examination of relevant cases in the Second Circuit reveals a different interpretation." 527 F. Supp. 2d at 1196. Indeed, the numerous courts from both within and

---

[3]   The face of opinion itself in *Evanston* referenced only its rejection of the defendants' proposed one-day rule, while sustaining insider trading claims based on a longer "contemporaneous trading period" that was not expressly referenced in the opinion itself. It is clear from the briefs, however, that the "contemporaneous trading period" that the court accepted was plaintiffs' proposed nine calendar days/seven trading days period. *See* Plaintiffs' brief in *Evanston Police Pension Fund*, *supra*, 2019 WL 4697526, at §II.E

without the Ninth Circuit that have expressly rejected defendants' proposed "one-day rule" have all also effectively rejected a "proxy for privity" rule.

Moreover, had the Ninth Circuit intended to adopt such a narrow approach, one might have thought that it would have done so. That it has chosen thus far instead to allow district courts to approve "contemporaneous trading periods" covering longer periods suggests, if anything, that this Court should follow a more inclusive path, and apply the requested six-day contemporaneous trading period.[4]

## CONCLUSION

Accordingly, this Court should reject Defendants' invitation to impose a narrow "same-day" trading rule, and instead adopt Plaintiffs' requested jury instruction setting forth a six-day trading window.

---

[4] Finally, it should be noted that the length of the "contemporaneous trading period" appears unlikely to impact the extent of Defendants' potential liability under §20A. That is because, in Section 20A(b), Congress already capped defendants' liability to the amount of their "profit gained or loss avoided." 15 U.S.C. §78t-1(b)(1). Accordingly, the real impact of the Court's establishing a shorter or longer "contemporaneous trading period" would be whether damages recovered for the benefit of the Section 20A Subclass would be shared among a relatively larger, or relatively smaller, group of resulting Section 20A Subclass members, who are all also members of the certified Class.

| | |
|---|---|
| DATED: October 15, 2025 | Respectfully submitted, |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| */s/ Steve W. Berman* | */s/ William C. Fredericks* |
| Steve W. Berman (*pro hac vice*) | William C. Fredericks (*pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | Jeffrey P. Jacobson (*pro hac vice*) |
| Seattle, WA 98101 | Mandeep S. Minhas (*pro hac vice*) |
| Telephone: (206) 623-7292 | The Helmsley Building |
| steve@hbsslaw.com | 230 Park Avenue, 24th Floor |
| | New York, NY 10169 |
| Reed R. Kathrein (139304) | Telephone: (212) 233-6444 |
| Lucas E. Gilmore (250893) | wfredericks@scott-scott.com |
| 715 Hearst Avenue, Suite 300 | jjacobson@scott-scott.com |
| Berkeley, CA 94710 | mminhas@scott-scott.com |
| Telephone: (510) 725-3000 | |
| reed@hbsslaw.com | Jimmy S. McBirney (259830) |
| lucasg@hbsslaw.com | John T. Jasnoch (281605) |
| | 600 W. Broadway, Suite 3300 |
| Raffi Melanson (*pro hac vice*) | San Diego, CA 92101 |
| 1 Faneuil Hall Sq., 5th Floor | Telephone: (619) 233-4565 |
| Boston, MA 02109 | jmcbirney@scott-scott.com |
| Telephone: (617) 475-1978 | jjasnoch@scott-scott.com |
| raffim@hbsslaw.com | |
| | Jessica M. Casey (*pro hac vice*) |
| *Class Counsel* | 156 S. Main Street |
| | Colchester, CT 06415 |
| | Telephone: (860) 537-5537 |
| | jcasey@scott-scott.com |
| | |
| | *Class Counsel* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, William C. Fredericks, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: October 15, 2025      */s/ William C. Fredericks*
                                                    William C. Fredericks