Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson (*pro hac vice*)
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 475-1978
raffim@hbsslaw.com

*Class Counsel*

[Additional counsel on signature page]

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
Mandeep S. Minhas (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
wfredericks@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

Jimmy S. McBirney (259830)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jmcbirney@scott-scott.com

Jessica M. Casey (pro hac vice)
156 S. Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
jcasey@scott-scott.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION<br><br><br>*This Document Relates to:*<br>    *ALL ACTIONS* | Case No. 3:20-cv-05949-VC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO THE ARMISTICE DEFENDANTS' BRIEF CONCERNING SPOLIATION EVIDENCE AT TRIAL**<br><br>Judge: Hon. Vince Chhabria<br><br>Trial Date: April 14, 2026 |

## INTRODUCTION

Defendants have spent nearly three years fiercely resisting Plaintiffs' requests for discovery regarding Defendants' communications with, and productions to, the U.S. Department of Justice ("DOJ") and the U.S. Securities and Exchange Commission ("SEC"). As a result, Plaintiffs have little to no information regarding what materials those agencies possessed when making their declination decisions—including whether they knew that Defendants had destroyed evidence they were ordered to preserve. Yet Defendants now seek to present evidence to the jury that DOJ and SEC declined to bring charges, while continuing to deprive Plaintiffs of the discovery necessary to challenge the relevance or applicability of those declinations to Plaintiffs' claims here. Defendants cannot have it both ways and must now live with the consequences of their decision to refuse Plaintiffs' discovery requests. Because Plaintiffs will be severely prejudiced by evidence of DOJ and SEC declinations without the ability to place those decisions in their proper context, the Court should deny Defendants' request under Rule 403.

## I.    Defendants' Request Is Improper and Untimely

Defendants first indicated that they intended to file a brief on this issue at 1:36 pm this afternoon—an hour before the close of business for Plaintiffs' east-coast attorneys—and confirmed their intention to file unilaterally and forego a joint filing at 2:13 pm. Defendants' motion is inconsistent with the Court's request for joint briefing and the parties' practice of coordinating submissions and exchanging drafts before submitting a joint filing to the Court. As a result, Plaintiffs submit this response without the opportunity to meet and confer with Defendants. For this reason alone, the Court should deny Defendants' request.

## II.   The Probative Value of Evidence Relating to the Government's Non-Action Is Strongly Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury

As the SEC's own policy documents confirm, the non-initiation of an enforcement action adds nothing probative to this case:

> [A]dvising a person under inquiry that [the SEC's] formal investigation has been terminated … will be purely discretionary … [and] must in no way be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation of that particular matter. All that such a

communication means is that the staff has completed its investigation and that at that time no enforcement action has been recommended to the Commission. The attempted use of such a communication as a purported defense in any action that might subsequently be brought against the party, either civilly or criminally, would be clearly inappropriate and improper since such a communication, at the most, can mean that, as of its date, the staff of the Commission does not regard enforcement action as called for based upon whatever information it then has. ***Moreover, this conclusion may be based upon various reasons, some of which, such as workload considerations, are clearly irrelevant to the merits of any subsequent action***.[1]

Indeed, the SEC declination letter that Defendants now belatedly seek to add to the joint exhibit list and introduce makes clear that it "must in no way be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation." ECF No. 643-1. The same is true for any DOJ decision not to proceed with an action.

Defendants' claim that this testimony is necessary to "rebut" testimony that "the investigations remain ongoing or unresolved," ECF No. 643 at 4, is also meritless. Plaintiffs do not intend to introduce evidence or otherwise imply that the investigations remain ongoing or unresolved, as this is simply not relevant. Plaintiffs intend to introduce the DOJ and SEC subpoenas and document requests to provide crucial context for Mr. Boyd's and Mr. Maher's deletion of their text messages, including their known obligations to preserve those messages and possible motives for failing to do so at the time of the deletions. Whether the investigations have continued is irrelevant to this inquiry, as it makes no fact at issue more or less probable.

In contrast, allowing this evidence would be highly prejudicial. As Defendants previewed last year, Defendants seek to tell the jury that "neither the Department of Justice, nor the SEC has brought any criminal or civil enforcement action against Boyd, Maher or Armistice as a result of the deletion of the text chain or the underlying conduct"[2] in an effort to misleadingly suggest that Defendants have been exonerated. And, as if that were not prejudicial enough, their proposed assertion implies that the government knew that Defendants deleted their texts—an assertion that

---

[1]    SEC, Securities Act Release No. 5310, Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations, at 10 (Sept. 27, 1972) ("Wells Release"), *available at* https://www.sec.gov/divisions/enforce/wells-release.pdf (emphasis added).

[2]    *See* Armistice's Updated Proposed Spoliation Stipulation ¶ 19 (ECF No. 600-1).

no evidence in the record supports. In fact, with two exceptions—Defendants' SEC and DOJ production letters in February 2021 and April 2021—Defendants have withheld the entirety of their communications with the government. Plaintiffs thus do not know: (1) what relevant materials (besides the deleted text messages) Defendants failed to produce to the government; (2) whether Defendants told the government anything that is inconsistent with the facts established in this case; or (3) whether the government even knows that Mr. Boyd and Mr. Maher had deleted text messages they were ordered to preserve.

In short, the probative value, if any, of the government's non-action is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. That is true before, and especially considering, Defendants' decision to withhold as "not relevant" nearly all material in their possession that might be relevant to the basis for the government's non-action. Accordingly, the Court should deny Defendants request.

**III.    Defendants' Rule of Completeness Claim Opens the Door to Plaintiffs' Entitlement to all Armistice Communications with DOJ/SEC**

If the Court were to grant Defendants' request, it should also compel the immediate production of all Armistice communications with DOJ and SEC. Indeed, Defendants claim that evidence relating to the government's non-action is necessary under Federal Rule of Evidence 106 and the rule of completeness. If that is the case, then those same rules must also entitle Plaintiffs to documents that relate to the reasons and information behind the government's non-action.

**IV.    Defendants' 11th Hour Production of an SEC Declination Letter Is Untimely and Further Demonstrates Defendants' Gamesmanship and Discovery Abuse**

Defendants have produced for the first time—less than three weeks before trial—a copy of an SEC letter about their investigation. This document should have been produced almost three years ago in response to Plaintiffs' June 2023 document requests for Defendants' communications with the U.S. government and, at a bare minimum, provided to the Court in response to Plaintiffs' March 2025 motion to compel spoliation-related documents. *See* ECF No. 470. Defendants' last-minute attempt to bolster planned testimonial evidence about the governmental investigations by selectively producing a letter that they have improperly withheld for years begs the question of how many other documents Defendants continue to withhold that are relevant to the DOJ and SEC

investigations—and ostensibly far less favorable to Defendants than the single letter they belatedly provided on the eve of trial. The Court should not reward Defendants' abuse of the discovery process, and should deny their request for this reason as well.

DATED: March 26, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice)*
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson (*pro hac vice)*
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 475-1978
raffim@hbsslaw.com

*Class Counsel*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ William C. Fredericks*
William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
Mandeep S. Minhas (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
wfredericks@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

Jimmy S. McBirney (259830)
John T. Jasnoch (281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jmcbirney@scott-scott.com
jjasnoch@scott-scott.com

Jessica M. Casey (*pro hac vice*)
156 S. Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
jcasey@scott-scott.com

*Class Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: March 26, 2026

*/s/ Steve W. Berman*
Steve W. Berman