Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson (*pro hac vice*)
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 475-1978
raffim@hbsslaw.com

*Class Counsel*

[Additional counsel on signature page]

William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
Mandeep S. Minhas (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
wfredericks@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

Jimmy S. McBirney (259830)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jmcbirney@scott-scott.com

Jessica M. Casey (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
jcasey@scott-scott.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re VAXART, INC. SECURITIES LITIGATION | Case No. 3:20-cv-05949-VC<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' PROPOSED VERDICT FORM** |
| *This Document Relates to:*<br>*ALL ACTIONS* | Judge: Hon. Vince Chhabria<br><br>Trial Date: April 14, 2026 |

**A. RULE 10b-5(a) and (c) CLAIMS: SCHEME LIABILITY**

1. Did either the Attwill or OWS Press Release contain a statement or omission that was materially false or misleading in the context in which it was made?

Yes: ___________ No: _________

*If YES, move on to Question 2. If NO, end deliberations.*

**B. RULE 10b-5(a) and (c) CLAIMS: SCHEME LIABILITY**

2. Did any of the Defendants knowingly or recklessly engage in a scheme to defraud or deceitful conduct in violation of SEC Rule 10b-5(a) and/or (c)?

Yes: ___________ No: _________

*Move on to Question 3.*

**C. SECTION 20A CLAIMS: INSIDER TRADING LIABILITY**

3. Did Defendant Armistice Capital Master Fund, Ltd. knowingly or recklessly sell Vaxart securities while in possession of material, nonpublic information about Vaxart in violation of Section 20A of the Exchange Act on June 26, 2020 and/or June 29, 2020?

Yes: ___________ No: _________

*If you answered YES to Question 2 or Question 3, then move on to Question 4. If you answered NO for all defendants in response to both Questions 2 and 3, end deliberations.*

## D. CONTROL OVER THE ARMSITICE MASTER FUND

4. Did Boyd and/or Armistice Capital, LLC directly or indirectly control Armistice Capital Master Fund, Ltd.?

(*You may select YES for multiple Defendants.*)

| | | |
|---|---|---|
| Armistice Capital, LLC: | Yes: ___________ | No: _________ |
| Steven J. Boyd: | Yes: ___________ | No: _________ |

*Move on to Question 5.*

## E. DAMAGES

5. Do you adopt as your own finding Plaintiff's Expert's (Dr. Cain's) formula for calculating artificial inflation in Vaxart's stock price for each trading day in the Class Period (June 25, 2020 through July 27, 2020) ***without any modifications***?

Yes: ___________ No: _________

*If YES, move to Question 9. If NO, move on to Question 6.*

6. (*Complete only if NO to Question 5*) Write in the table below the amount of artificial inflation per share that was present in the price for Vaxart stock ***at the close of the trading day*** for each trading day shown below that was caused in any way ***by the Defendants' Rule 10b-5 or Section 20A violations***.

- *You may write in any amount of per share inflation you find was proven.*
- *If you find that Vaxart's stock price was not artificially inflated until June 26, 2020, or that none of the Defendants were responsible for any artificial inflation in Vaxart's stock price before June 26, 2020, you should write in "zero" or "$0.00" for June 25, 2020.*
- *If you find that all artificial inflation in the price of Vaxart's common stock came out of the stock price before July 25, 2020, you should write in "zero" or "0.00" for (a) the first day you find that Vaxart's stock price was no longer artificially inflated and (b) every day thereafter.*

| **Monday** | **Tuesday** | **Wednesday** | **Thursday** | **Friday** |
|---|---|---|---|---|
| | | | 25-June<br>$____ | 26-June<br>$____ |
| 29-June<br>$____ | 30-June<br>$____ | 1-July<br>$____ | 2-July<br>$____ | 3-July<br>*Market Closed* |
| 6-July<br>$____ | 7-July<br>$____ | 8-July<br>$____ | 9-July<br>$____ | 10-July<br>$____ |
| 13-July<br>$____ | 14-July<br>$____ | 15-July<br>$____ | 16-July<br>$____ | 17-July<br>$____ |
| 20-July<br>$____ | 21-July<br>$____ | 22-July<br>$____ | 23-July<br>$____ | 24-July<br>$____ |

*Move on to Question 7.*

7. (*Answer only if NO to Question 5*) Circle and fill in ***only one*** of the following options for measuring the artificial inflation present in the price of Vaxart common stock ***during the trading day*** on June 26, 2020.

| **Option 1** | | **Option 2** | | **Option 3** |
|---|---|---|---|---|
| Purchase Price *Minus* $3.25 | or | Purchase Price *Minus* $____ | or | __________ |
| *Circle option 1 if you find that the intraday formula for calculating inflation offered by Plaintiffs' expert is the appropriate measure of artificial inflation during the trading day on June 26, 2020.* | | *Circle option 2 if you find that the formula in option 1 requires a different value for the but-for implied stock price in order to appropriately measure artificial inflation during the trading day on June 26, 2020.* ***Write in that new value.*** | | *Circle option 3 if you find that artificial inflation for intra-trading day transactions on June 26 should be measured by any other formula or value, such as the close-of-trading price or a value provided by Defendants.* ***Write in that new formula or fixed value.*** |

*Move on to Question 8.*

8. (*Answer only if NO to Question 5*) Circle and fill in ***only one*** of the following options for measuring the artificial inflation present in the price of Vaxart common stock ***during the trading day*** on June 29, 2020.

| Option 1 | | Option 2 | | Option 3 |
|---|---|---|---|---|
| Purchase Price *Minus* $3.20 | or | Purchase Price *Minus* $____ | or | __________ |
| *Circle option 1 if you find that the intraday formula for calculating inflation offered by Plaintiffs' expert is the appropriate measure of artificial inflation during the trading day on June 29, 2020.* | | *Circle option 2 if you find that the formula in option 1 requires a different value for the but-for implied stock price in order to appropriately measure artificial inflation during the trading day on June 29, 2020.* ***Write in that new value.*** | | *Circle option 3 if you find that artificial inflation for intra-trading day transactions on June 29 should be measured by any other formula or value, such as the close-of-trading price or a value provided by Defendants.* ***Write in that new formula or fixed value.*** |

*Move on to Question 9.*

## F. ALLOCATION OF RESPONSIBILITY

9. To what extent, if at all, are the following entities responsible for the damages suffered by the Class, measured as a percentage of the total fault of all entities that caused or contributed to the damages suffered by the Class as a result of the alleged fraud?

*(Insert a number between 0 and 100%. The total for the entities must add up to 100%.)*

| **Person** | **Percentage of Responsibility** |
|---|---|
| **The Armistice Defendants** (including Armistice Capital, LLC, Armistice Master Fund, LTD, Steven Boyd, and Keith Maher) | ______% |
| **Vaxart, Inc.** (including any of its managers, employees, or directors other than Boyd or Maher) | ______% |
| Total | 100% |

*If you assigned 0% responsibility for the Armistice Defendants, end deliberations. If you assigned anything greater than 0% responsibility to the Armistice Defendants, move on to the next question.*

10. If you assigned responsibility to the Armistice Defendants, answer in the chart below the following questions for each of the Armistice Defendants:

a) Did the person or entity violate the securities laws?

(*Circle YES or NO.*)

*(If "yes" to (a), proceed to answer questions (b) and (c) for that individual or entity. If "no" to (a), do not answer (b) and (c) for the individual or entity and move to the next individual or entity.)*

b) Did the person or entity commit the violation knowingly, as opposed to recklessly?

(*Circle YES or NO*)

c) Please determine the relative responsibility among the following Armistice individuals and entities only, allocating 100% among them.

(*Insert a number between 0 and 100%. The total below must equal 100%.)*

| | **(a)** | **(b)** | **(c)** |
|---|---|---|---|
| **Person** | **Violated?** | **Knowingly?** | **Percentage of Responsibility?** |
| Steven J. Boyd | YES NO | YES NO | ______% |
| Keith Maher | YES NO | YES NO | ______% |
| Armistice Capital, LLC | YES NO | YES NO | ______% |
| Armistice Master Fund, Ltd. | YES NO | YES NO | ______% |
| Total | | | 100% |

*End deliberations.*

## G. RETURN OF VERDICT

Once the form is completed, the foreperson for the jury must sign and date it below.

Dated: ______________________ Signed: _________________________________

DATED: April 19, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson (*pro hac vice*)
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 475-1978
raffim@hbsslaw.com

*Class Counsel*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ William C. Fredericks*
William C. Fredericks (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
Mandeep S. Minhas (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
wfredericks@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

Jessica M. Casey (*pro hac vice*)
156 S. Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
jcasey@scott-scott.com

Jimmy S. McBirney (259830)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jmcbirney@scott-scott.com

*Class Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: April 19, 2026

*/s/ Steve W. Berman*
Steve W. Berman