UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAXART, INC., SECURITIES LITIGATION. | Case No.  20-cv-05949-VC |
| | **JURY INSTRUCTIONS** |

Dated: April 27, 2026

_____
VINCE CHHABRIA
United States District Judge

TABLE OF CONTENTS

1.    Duty of Jury to Find Facts and Follow Law ................................................... 3

2.    Claims and Burden of Proof ............................................................................ 4

3.    Class Actions ................................................................................................... 5

4.    Status of Vaxart ............................................................................................... 6

5.    What is Evidence ............................................................................................. 7

6.    What is Not Evidence ...................................................................................... 8

7.    Direct and Circumstantial Evidence ............................................................... 9

8.    Credibility of Witnesses ................................................................................ 10

9.    Expert Opinion Testimony ............................................................................ 12

10.   Charts and Summaries ................................................................................... 13

11.   Claim 1—Scheme to Defraud—15 U.S.C. § 78j(b)—Overview ................. 14

12.   Claim 1—Scheme to Defraud—First Element—Definition of Materially False and Misleading ................................................................................................. 16

13.   Claim 1—Scheme to Defraud—Second Element—Imputing Maher's Knowledge or Recklessness to Armistice ........................................................................... 17

14.   Claim 1—Scheme to Defraud—Fourth Element—Causation ...................... 18

15.   Claim 2—Insider Trading—15 U.S.C. § 78t-1—Overview of Elements ...... 19

16.   Claim 2—Insider Trading—First Element ................................................... 20

17.   Claim 2—Insider Trading—Second Element—Knowledge or Recklessness ... 21

18.   Failure to Preserve and Produce Evidence ................................................... 22

19.   Price Inflation ............................................................................................... 23

20.   Apportionment of Liability ........................................................................... 24

21.   Duty to Deliberate ......................................................................................... 25

22.   Consideration of Evidence—Conduct of the Jury ........................................ 26

23.   Communication with Court ........................................................................... 28

24.   Use of Notes & Transcript ............................................................................ 29

25.   Return of Verdict ........................................................................................... 30

## 1.  DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence in the case. You will apply the law to the facts as you find them. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 2.  CLAIMS AND BURDEN OF PROOF

The plaintiffs assert two federal securities law claims against the defendants. In the first claim, the plaintiffs allege that the defendants engaged in a "scheme to defraud." Specifically, the plaintiffs allege that the defendants defrauded them by engaging in a scheme to manipulate the market price of Vaxart shares for the purpose of selling Armistice's shares of Vaxart at an artificially inflated price.

In the second claim, the plaintiffs allege that certain defendants committed fraud by insider trading. Specifically, they allege that those defendants sold Vaxart shares while in possession of material, nonpublic information.

The plaintiffs have the burden of proving their claims by a preponderance of the evidence. When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You must base your decision on all of the evidence, regardless of which party presented it.

3. **CLASS ACTIONS**

This case is proceeding as a class action. A class action allows the filing of one lawsuit by a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. In this case, the representatives are plaintiffs Langdon Elliott, Ani Hovhannisyan, and Wei Huang. There are separate but overlapping classes of plaintiffs for each of the two claims in this case. For the first claim (the scheme to defraud claim), the plaintiff class is comprised of all people or entities who purchased or otherwise acquired Vaxart shares between June 25, 2020, and July 24, 2020, and lost money as a result. For the second claim (the insider trading claim), the class members are people who purchased Vaxart shares on June 26, 2020 and June 29, 2020 and lost money as a result.

You should not hold the physical absence of any class member against plaintiffs. Your verdict here will be binding on all class members.

### 4. STATUS OF VAXART

Neither Vaxart nor its officers and directors are parties to this case. This fact should have no bearing or influence on your verdict.

## 5.  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits that are admitted into evidence;

(3)      any facts to which the lawyers have agreed (that is, stipulations); and

(4)      any facts that I may instruct you to accept as proved.

## 6. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Other than Kate Shapiro's testimony, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 7.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## 8.  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying (although please remember that people may have different reactions to the pressure of testifying in court);

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 9. EXPERT OPINION TESTIMONY

You have heard testimony from Dr. Kessler, Dr. Cain, Dr. Jha, and Dr. Marietta-Westberg, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**10. CHARTS AND SUMMARIES**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case but were not admitted into evidence. These charts and summaries will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Other charts and summaries were admitted into evidence. Even though they were admitted, they are only as good as the underlying supporting material. You should, therefore, only give them as much weight as you think the underlying material deserves.

**11. CLAIM 1—SCHEME TO DEFRAUD—15 U.S.C. § 78J(B)—OVERVIEW**

The plaintiffs allege that all four defendants defrauded them by engaging in a scheme to manipulate the market price of Vaxart shares for the purpose of selling Armistice's shares of Vaxart at an artificially inflated price. When you decide whether the defendants are liable for this claim, you must determine the liability of defendants Steven J. Boyd, Armistice Capital, LLC, and Armistice Master Fund, Ltd. together. You must separately determine whether defendant Keith Maher is liable for this claim.

To succeed on this claim, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. The defendants engaged in fraudulent or deceitful conduct in connection with the purchase or sale of Vaxart shares. To engage in fraudulent or deceitful conduct in connection with the purchase or sale of shares, a defendant must, directly or indirectly, employ a scheme to defraud or, directly or indirectly, engage in an act, practice, or course of business that operated as a fraud or deceit upon any person in connection with the purchase or sale of shares. It is not enough for the defendants to help someone else commit fraud. To satisfy this element, the defendants themselves must have committed a fraudulent or deceitful act in furtherance of the scheme.

2. The defendants acted knowingly or recklessly. The term "knowingly" means that the defendants acted with an intent to deceive, manipulate, or defraud. But the defendants did not act knowingly if they acted inadvertently, carelessly, or by mistake. The term "recklessly" means to engage in highly unreasonable conduct that is so extreme that it presents a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

3. The defendants' fraudulent or deceitful conduct caused the plaintiffs to suffer damages.

If you find that the plaintiffs have proved all of these elements, your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiffs have failed to prove any one of these elements, your verdict should be for the defendants.

The term "Vaxart shares," used throughout these instructions, includes publicly traded common stock for Vaxart, as well as publicly traded options to buy or sell Vaxart common stock.

## 12. CLAIM 1—SCHEME TO DEFRAUD—FIRST ELEMENT—DEFINITION OF MATERIALLY FALSE AND MISLEADING

In determining whether the defendants engaged in fraudulent or deceitful conduct, you will need to decide whether one or both of the press releases were materially false or misleading.

A statement may be misleading, even if literally true, if the context in which the statement was made would have caused a reasonable investor to remain unaware of the actual state of affairs.

Information is material if there is a substantial likelihood that a reasonable investor would consider the fact important in deciding whether to buy or sell shares. An omission (the failure to disclose a fact) is material if a reasonable investor would have regarded the fact that was not disclosed as having significantly altered the total mix of information to be taken into account in deciding whether to buy or sell shares. A material misrepresentation gives a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists. Whether a misrepresentation is material requires consideration of its source, content, context, and manner of presentation. You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission.

### 13. CLAIM 1—SCHEME TO DEFRAUD—SECOND ELEMENT—IMPUTING MAHER'S KNOWLEDGE OR RECKLESSNESS TO ARMISTICE

A corporation, partnership, or other legal entity can only act through its employees, partners, agents, directors, and/or officers. Therefore, a corporation or other legal entity is responsible for the acts of its employees, partners, agents, directors, and officers performed within the scope of their authority.

As a result, if you find that defendant Maher acted knowingly or recklessly, and was acting within the scope of his apparent authority as an employee of Armistice Capital, LLC, then you may find that Armistice Capital, LLC also acted knowingly or recklessly.

### 14. CLAIM 1—SCHEME TO DEFRAUD—THIRD ELEMENT—CAUSATION

The plaintiffs must prove by a preponderance of the evidence that the alleged fraudulent or deceitful conduct was a substantial cause of their economic injury. To do this, the plaintiffs must prove that the fraudulent or deceitful conduct artificially inflated the price of Vaxart shares. The plaintiffs must reasonably distinguish any price reaction to the fraudulent or deceitful conduct from the market's reaction to other factors, if any, that could affect the price of Vaxart shares. The plaintiffs need not prove that the fraudulent or deceitful conduct was the sole cause of the economic injuries.

### 15. CLAIM 2—INSIDER TRADING—15 U.S.C. § 78T-1—OVERVIEW OF ELEMENTS

The plaintiffs also claim that three of the defendants, Steven J. Boyd, Armistice Capital, LLC, and Armistice Master Fund, Ltd., committed fraud by selling Vaxart shares while in possession of material, nonpublic information. This claim is referred to as the "insider trading claim."

You will make one determination of liability for all three defendants together. To succeed on their insider trading claim, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. The defendants engaged in insider trading;
2. The defendants acted knowingly or recklessly; and
3. The plaintiffs suffered damage.

### 16. CLAIM 2—INSIDER TRADING—FIRST ELEMENT

Insider trading occurs when a company insider trades (or causes another entity he controls to trade) shares of that company while in possession of material, nonpublic information about the company's shares. As a director, Boyd is considered to be an insider of Vaxart.

Information is material if there is a substantial likelihood that a reasonable investor would consider the fact important in deciding whether to buy or sell shares.

In addition to deciding whether the information the defendants possessed was material, you must decide whether that information was nonpublic. "Nonpublic" information is information that isn't generally available to the public through sources such as: a company's SEC filings, press releases, trade publications, or other publicly available sources. The law considers information "nonpublic" until the information is effectively disseminated in a manner that ensures its availability to the investing public. A person is "in possession of" material, nonpublic information if they are aware of that information.

### 17. CLAIM 2—INSIDER TRADING—SECOND ELEMENT—KNOWLEDGE OR RECKLESSNESS

To have acted "knowingly" with respect to insider trading, the defendants must have been aware that the information they possessed was material and nonpublic. To have acted "recklessly" with respect to insider trading, it must have been so obvious that the information the defendants possessed was material and nonpublic that they must have been aware of it.

**18. FAILURE TO PRESERVE AND PRODUCE EVIDENCE**

You have heard evidence that defendants Boyd and Maher failed to preserve and produce evidence of their text messages. As a result, Boyd and Maher have prevented the plaintiffs from presenting, and the jury from hearing, what was communicated in those text messages and what was said in response.

You may consider the evidence of Boyd's and Maher's deletion of their text messages, along with other evidence in the case, in making your decision.

Because of the differing circumstances you have heard surrounding Boyd's deletion of his text messages, as to Boyd, you may, but are not required to, infer that:

- The deleted text messages would have been favorable to the plaintiffs and unfavorable to the defendants; and

- The deleted text messages would have supported the plaintiffs' claims regarding Boyd's knowledge and intent.

**19. PRICE INFLATION**

If you find for the plaintiffs, then you must determine the amount of price inflation per share of Vaxart stock, if any. The Court will then use your determination of price inflation to calculate the total damages suffered by the plaintiffs and the class members in connection with purchases and sales of Vaxart shares during the Class Period. Your determination must be based on evidence and not upon speculation, guesswork, or conjecture. The plaintiffs have the burden of proving price inflation by a preponderance of the evidence.

The way you measure price inflation for both claims is the same. For the scheme to defraud claim, you must determine the amount, if any, by which the prices for Vaxart shares were artificially inflated as a result of the scheme for each trading day during the Class Period. For the insider trading claim, you must determine the amount, if any, of artificial inflation only on June 26, 2020 and June 29, 2020.

In the verdict form, there will be a chart that allows you to fill in the amount of price inflation, if any, for each trading day at issue in this case.

The plaintiffs' and defendants' proposed price inflation charts are Exhibits 731 and 781.

## 20. APPORTIONING RESPONSIBILITY

If you find that the plaintiffs proved any of their claims against the defendants, then you must take two more steps.

First, you must determine what percentage of responsibility for the price inflation to assign between two different groups: (1) the defendants (including Armistice Capital LLC, Armistice Master Fund, Ltd., Steven Boyd, and Keith Maher); and (2) Vaxart, Inc. (including any of its managers, employees, or directors other than Boyd or Maher). The total percentage of responsibility between these two groups must add up to 100%.

Second, if you assigned anything greater than 0% responsibility to the defendants, then you may need to assign responsibility among the defendants. If so, you must determine what percentage of responsibility, if any, to assign to each defendant whom you have found to be liable. When assigning the percentage of responsibility for each defendant, the percentages you calculate must total 100% even if you believe that some of the defendants are 0% responsible.

In determining the percentage of responsibility, you must consider the nature of the conduct of each person or entity you determine caused or contributed to the losses, if any, incurred by the plaintiffs and the nature and extent of the causal relationship between that person's conduct and the losses, if any, incurred by the plaintiffs. If you determine that any person's or entity's actions and omissions did not meaningfully contribute to the loss incurred by the plaintiffs, then you are to assign 0% responsibility to that person or entity.

If you found for the plaintiffs on both claims against all defendants, keep in mind when you determine the percentage of responsibility that Maher is only a defendant in the first claim.

24

## 21. DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

25

### 22. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or

26

investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**23. COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## 24. USE OF NOTES & TRANSCRIPT

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Also, although you won't have a trial transcript in the jury room, if you decide during your deliberations that it's important to hear certain testimony again, you can request that testimony be read back to the jury. We would bring you all back into the courtroom and the court reporter would read it aloud. Keep in mind that I may order that a larger portion of the testimony be read, to ensure that you are reminded of the full context.

**25. RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom. Do not give the Courtroom Deputy the verdict form, and do not advise her or anyone else what your verdict is.